**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:  ROSE RENTAL PROPERTIES, LLC                    NO. 25-03091-JAW

**CERTIFICATE OF SERVICE**

     I hereby certify that on December 4, 2025, a copy of the Motion to Prohibit Use of Cash Collateral (Dkt #9) and Notice of Hearing and Deadlines (Dkt #10) were served by first class mail, postage prepaid, or ECF registration, to all creditors and parties in interest on the attached mailing matrix.


                    /s/ Jeff Rawlings
                    Jeff D. Rawlings

Jeff D. Rawlings
Rawlings & MacInnis, P.A.
P.O. Box 1789
Madison, MS 39130-1789
601-898-1180
jeff@rawlingsmacinnis.net
MSB # 4642

Form hn002jaw (Rev. 07/21)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

**Rose Rental Properties, LLC**

**CASE NO. 25−03091−JAW**

**DEBTOR.**

**CHAPTER 11**

### NOTICE OF HEARING AND DEADLINES

    The Citizens National Bank has filed a Motion to Prohibit Use of Cash Collateral (the "Motion") (Dkt. #9) with the Court in the above−styled case.

    __Your rights may be affected__. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you might wish to consult one.)**

    The Court will hold an evidentiary hearing (the "Hearing") on December 22, 2025, at 10:00 AM in the Thad Cochran United States Courthouse, Bankruptcy Courtroom 4C, 501 East Court Street, Jackson, Mississippi, to consider and act upon the Motion.

    If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the Motion, you or your attorney must file a written response explaining your position so that the Court receives it on or before December 18, 2025 (Response Due Date). Please note that a corporation, partnership, trust, or other business entity, other than a sole proprietorship, may appear and act in Bankruptcy Court only through a licensed attorney. Attorneys and Registered Users of the Electronic Case Filing (ECF) system should file any response using ECF. Others should file any response at U.S. Bankruptcy Court, Thad Cochran U.S. Courthouse, 501 East Court Street, Suite 2.300, Jackson, MS 39201. If you file a response, you or your attorney are required to attend the Hearing. The Hearing will be electronically recorded by the Court.

    If you or your attorney do not take these steps, the Court may decide that you do not oppose the Motion. If no response is filed, the Court may consider the Motion and enter an order granting relief before the Hearing date.

    Dated: 12/4/25

Danny L. Miller, Clerk of Court
U.S. Bankruptcy Court
Thad Cochran U.S. Courthouse
501 E. Court Street
Suite 2.300
Jackson, MS 39201
601−608−4600

Courtroom Deputy
601−608−4642 (use to advise of settlement)
601−608−4693

Parties Noticed:

Rose Rental Properties, LLC, Debtor−In−Possession

Thomas Carl Rollins, Jr., Counsel for the Debtor−In−Possession

Jeff Rawlings, Esq., Counsel for the Movant

Office of the United States Trustee

All Parties Filing a Notice of Appearance

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE: ROSE RENTAL PROPERTIES, LLC                    NO. 25-03091-JAW

**MOTION TO PROHIBIT USE OF CASH COLLATERAL**

The Citizens National Bank of Meridian ("Bank") brings this motion for an Order pursuant to

11 U.S.C. §363(c)(2) prohibiting the Debtor's use of cash collateral upon which the Bank holds a lien,

and for other relief including the provision of adequate protection of the Bank's interests pursuant to

11 U.S.C. §363(e).

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M). Venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      For good and valuable consideration, Rose Rental Properties, LLC is indebted to the

Bank under Commercial Promissory Note no. ****6502, a copy of which is attached as Exhibit "A".

Note 6502 matured on August 21, 2025 and is now due and payable in full. Rose Rental Properties,

LLC has failed to pay the balance due despite demand and remains in default.

3.      For good and valuable consideration, Rose Rental Properties, LLC and Jerrick W.

Rose are indebted to the Bank under Commercial Promissory Note no. ****7063, a copy of which is

attached as Exhibit "B". Rose Rental Properties, LLC and Jerrick W. Rose have defaulted on the

obligations due on Note 7063 and the unpaid balance has therefore been accelerated and is now due

and payable in full. Rose Rental Properties, LLC and Jerrick W. Rose have failed to pay the balance

due despite demand and remains in default.

4.      As of December 1, 2025, the combined balance due to the Bank on both loans totaled

$1,746,474.19 plus interest and fees.

5.      As collateral for the indebtedness due, the Debtor pledged or caused to be pledged to

the Bank twenty (20) rental properties located in Hinds, Rankin and Madison counties. A list of the

properties is attached as Exhibit "C". The Bank holds duly recorded Deeds of Trust on each of these

properties, filed in the appropriate county land records. A representative Deed of Trust for the

1

property located at 749 Clearmont Drive, Pearl, Mississippi is attached hereto as Exhibit "D" and incorporated herein by reference.

6.        Each Deed of Trust contains an Assignment of Leases and Rents provision. The Bank's security interest extends to all present and future leases, subleases, or licenses of the properties, including any guaranties, extensions, amendments, or renewals thereof, and all rents, income, royalties, and profits derived from the use of the properties or any portion of them, whether due or to become due. The Assignment of Leases and Rents is an integral part of each Security Instrument and provides additional security for the payment of the indebtedness.

7.        The Debtor's rental income from the twenty (20) encumbered properties, and the proceeds thereof, constitute cash collateral within the meaning of Section 363(a) of the Bankruptcy Code. The Bank's security interest extends to all proceeds, products, offspring, rents, or profits of its collateral. The Bank has not consented and does not consent to the use, sale, or lease of any cash collateral in which it holds a security interest. This refusal of consent applies to any and all cash collateral, including but not limited to rental income, proceeds from rental operations, security deposits, cash on hand, revenue from operations, and any other forms of cash collateral subject to the Bank's security interests.

8.        Pursuant to 11 U.S.C. § 363(c)(2), the Debtor is prohibited from using any of the Bank's cash collateral without order of the Court.

9.        On information and belief, all or substantially all of the Bank's collateral is generating rental income and the Debtor is collecting and using the proceeds. The Debtor's unauthorized use of cash collateral will result in immediate and irreparable harm to the Bank's interest in the collateral.

10.        The Debtor filed its Chapter 11 petition on December 4, 2025, despite the Bank's secured position in the rental properties and the rental income generated thereby. The Debtor has provided no adequate protection to the Bank for its use of cash collateral.

11.        The Bank is entitled to adequate protection of its interests in the cash collateral, including replacement liens, periodic payments, or other appropriate relief to protect against diminution in the value of its collateral.

WHEREFORE, PREMISES CONSIDERED, the Citizens National Bank of Meridian requests the following relief:

(a) The Debtor be directed to immediately account to the Bank for the collection and use of cash collateral since the petition date and furnish all relevant documentation relating thereto;

(b) The Debtor be directed to immediately turn over to the Bank all cash collateral collected, and continuing;

(c) The Debtor be immediately required to segregate and account for all cash collateral in its possession, custody, or control;

(d) The Debtor be directed to immediately cease any use of the cash collateral unless/until authorized by a written Order of this Court;

(e) The Bank be granted adequate protection of its interests in the cash collateral, including though not restricted to replacement liens and payments; and

(f) Such other relief as is necessary under the circumstances including the award of all fees and expenses incurred by the Bank.

DATED: December 4, 2025

**THE CITIZENS NATIONAL
BANK OF MERIDIAN**

By: /s/ Jeff Rawlings_____
Its Attorney

**CERTIFICATE OF SERVICE**

I served a copy of the foregoing motion on December 4, 2025 via the ECF notification service upon Thomas Carl Rollins, Jr. and the Office of the U.S. Trustee.

/s/ Jeff Rawlings_____
Jeff Rawlings

Jeff Rawlings
Rawlings & MacInnis, P.A.
P.O. Box 1789
Madison, MS 39130-1789
601-898-1180
jeff@rawlingsmacinnis.net
MSB # 4642

3

**COMMERCIAL PROMISSORY NOTE**
Officer: David Marshall Jackson



### Exhibit A

Madison Banking Center 114 Grandview Boulevard Madison, MS 39110
Phone number: (601) 607-7171

| LOAN NUMBER | NOTE DATE | PRINCIPAL AMOUNT | MATURITY DATE | PROCESSOR | OFFICER |
|---|---|---|---|---|---|
| 6502 | August 21, 2020 | $1,276,538.97 | August 21, 2025 | Tracey King | David Marshall Jackson |

LOAN PURPOSE: Refinance 1-4 family rental homes

**BORROWER INFORMATION**
ROSE RENTAL PROPERTIES LLC
1920 BELLEWOOD RD
JACKSON, MS 39211

**NOTE.** This Commercial Promissory Note will be referred to in this document as the "Note."

**LENDER.** "Lender" means The Citizens National Bank of Meridian whose address is Madison Banking Center, 114 Grandview Boulevard, Madison, Mississippi 39110, its successors and assigns.

**BORROWER.** "Borrower" means each person or legal entity who signs this Note.

**PROMISE TO PAY.** For value received, receipt of which is hereby acknowledged, on or before the Maturity Date, the Borrower promises to pay the principal amount of One Million Two Hundred Seventy-six Thousand Five Hundred Thirty-eight and 97/100 Dollars ($1,276,538.97) and all interest on the outstanding principal balance and any other charges, including service charges, to the order of Lender at its office at the address noted above or at such other place as Lender may designate in writing. The Borrower will make all payments in lawful money of the United States of America.

**PAYMENT SCHEDULE.** This Note will be paid according to the following schedule: 59 consecutive payments of principal and interest in the amount of $9,382.22 beginning on September 21, 2020 and continuing on the same day of each month thereafter. One final balloon payment of $940,164.88 shall be due on the Maturity Date. All payments received by the Lender from the Borrower for application to this Note may be applied to the Borrower's obligations under this Note in such order as determined by the Lender.

**INTEREST RATE AND SCHEDULED PAYMENT CHANGES.** Interest will begin to accrue on August 21, 2020. The interest rate on this Note will be fixed at 3.850% per annum.

Nothing contained herein shall be construed as to require the Borrower to pay interest at a greater rate than the maximum allowed by law. If, however, from any circumstances, Borrower pays interest at a greater rate than the maximum allowed by law, the obligation to be fulfilled will be reduced to an amount computed at the highest rate of interest permissible under applicable law and if, for any reason whatsoever, Lender ever receives interest in an amount which would be deemed unlawful under applicable law, such interest shall be automatically applied to amounts owed, in Lender's sole discretion, or as otherwise allowed by applicable law. Interest on this Note is calculated on an **Actual/360** day basis. This calculation method results in a higher effective interest rate than the numeric interest rate stated in this Note. The unpaid balance of this loan after the Maturity Date, whether by acceleration or otherwise, shall be subject to a post-maturity rate of interest equal to 5% above contract rate.

**LATE PAYMENT CHARGE.** If any required payment is more than 15 days late, then at Lender's option, Lender will assess a late payment charge of 4.000% of the amount of the regularly scheduled payment then past due, subject to a maximum charge of $50.00 and a minimum charge of $5.00.

**PREPAYMENT PENALTY.** This Note is subject to a prepayment penalty. Payment of all unpaid principal, accrued and unpaid interest and all other fees then outstanding prior to the Maturity Date will result in a penalty that shall be equal to: For loans with a term of greater than Five (5) years, Borrower will pay a 5% penalty of the outstanding principal balance if the loan is paid off within the first year from the contract date; Borrower will pay a 4% penalty of the outstanding principal balance if the loan is paid off within the second year from the contract date; Borrower will pay a 3% penalty of the outstanding principal balance if the loan is paid off within the third year from the contract date; Borrower will pay a 2% penalty of the outstanding principal balance if the loan is paid off within the fourth year from the contract date; Borrower will pay a 1% penalty of the outstanding principal balance if the loan is paid off within the fifth year from the contract date. For loans with a term of Five (5) years or less, Borrower will pay a 3% penalty of the outstanding principal balance if the loan is paid off within the first year from the contract date; Borrower will pay a 2% penalty of the outstanding principal balance if the loan is paid off within the second year from the contract date; Borrower will pay a 1% penalty of the outstanding principal balance if the loan is paid off within the third year from the contract date.

**SECURITY TO NOTE.** Security (the "Collateral") of this Note is granted pursuant to the following security document(s):

- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 118-A Fairfax Circle, Brandon MS 39047.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 4257 Old Brandon Rd, Pearl MS 39208.

© 2004-2020 Compliance Systems, Inc. bc30625e-383aaf4e - 2019.302.1.5
Commercial Promissory Note - DL4006       Page 1 of 4       www.compliancesystems.com

CSi

- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 749 Clearmont Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 2069 Murray Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 521 Tammy Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 47-A Northtown Circle, Jackson MS 39211.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 105 Northtown Drive, Jackson MS 39211.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 128 N Brighton St, Jackson MS 39211.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 689 West Drive, Ridgeland MS 39157.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 928 Garvin St, Jackson MS 39206.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 2361-B River Oaks Blvd, Jackson MS 39211.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 118-B Fairfax Circle, Brandon MS 39047.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 832 Sussex Place, Ridgeland MS 39157.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 111-A Fairfax Circle, Brandon MS 39047.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 100 Vine Lane, Brandon MS 39047.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 632 Ralde Circle, Ridgeland MS 39157.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 801 Planters Point, Canton MS 39046.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 144 Reynolds Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 251 Maxine Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 282 Marilyn Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 118-A Fairfax Circle, Brandon MS 39047.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 4257 Old Brandon Rd, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 749 Clearmont Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 2069 Murray Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 521 Tammy Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 47-A Northtown Circle, Jackson MS 39211.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 105 Northtown Drive, Jackson MS 39211.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 128 N Brighton St, Jackson MS 39211.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 689 West Drive, Ridgeland MS 39157.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 928 Garvin St, Jackson MS 39206.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 2361-B River Oaks Blvd, Jackson MS 39211.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 118-B Fairfax Circle, Brandon MS 39047.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 832 Sussex Place, Ridgeland MS 39157.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 111-A Fairfax Circle, Brandon MS 39047.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 100 Vine Lane, Brandon MS 39047.

CSi

- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 632 Ralde Circle, Ridgeland MS 39157.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 801 Planters Point, Canton MS 39046.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 144 Reynolds Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 251 Maxine Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 282 Marilyn Drive, Pearl MS 39208.

**GUARANTY.** In support of this transaction, a Guaranty dated August 21, 2020 has been executed by JERRICK W ROSE.

**RIGHT OF SET-OFF.** To the extent permitted by law, Borrower agrees that Lender has the right to set-off any amount due and payable under this Note, whether matured or unmatured, against any amount owing by Lender to Borrower including any or all of Borrower's accounts with Lender. This shall include all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. Such right of set-off may be exercised by Lender against Borrower or against any assignee for the benefit of creditors, receiver, or execution, judgment or attachment creditor of Borrower, or against anyone else claiming through or against Borrower or such assignee for the benefit of creditors, receiver, or execution, judgment or attachment creditor, notwithstanding the fact that such right of set-off has not been exercised by Lender prior to the making, filing or issuance or service upon Lender of, or of notice of, assignment for the benefit of creditors, appointment or application for the appointment of a receiver, or issuance of execution, subpoena or order or warrant. Lender will not be liable for the dishonor of any check when the dishonor occurs because Lender set-off a debt against Borrower's account. Borrower agrees to hold Lender harmless from any claim arising as a result of Lender exercising Lender's right to set-off.

**DISHONORED ITEM FEE.** If Borrower makes a payment on the loan with a check or preauthorized charge which is later dishonored, a fee in the amount of $37.00 will be charged.

**RELATED DOCUMENTS.** The words "Related Documents" mean all promissory notes, security agreements, mortgages, deeds of trust, deeds to secure debt, business loan agreements, construction loan agreements, resolutions, guaranties, environmental agreements, subordination agreements, assignments, and any other documents or agreements executed in connection with the indebtedness evidenced hereby this Note whether now or hereafter existing, including any modifications, extensions, substitutions or renewals of any of the foregoing. The Related Documents are hereby made a part of this Note by reference thereto, with the same force and effect as if fully set forth herein.

**DEFAULT.** Upon the occurrence of any one of the following events (each, an "Event of Default" or "default" or "event of default"), Lender's obligations, if any, to make any advances will, at Lender's option, immediately terminate and Lender, at its option, may declare all indebtedness of Borrower to Lender under this Note immediately due and payable without further notice of any kind notwithstanding anything to the contrary in this Note or any other agreement: (a) Borrower's failure to make any payment on time or in the amount due; (b) any default by Borrower under the terms of this Note or any other Related Documents executed in connection with this Note; (c) any default by Borrower under the terms of any Related Documents in favor of Lender; (d) the death, dissolution, or termination of existence of Borrower or any guarantor; (e) Borrower is not paying Borrower's debts as such debts become due; (f) the commencement of any proceeding under bankruptcy or insolvency laws by or against Borrower or any guarantor or the appointment of a receiver; (g) any default under the terms of any other indebtedness of Borrower to any other creditor; (h) any writ of attachment, garnishment, execution, tax lien or similar instrument is issued against any collateral securing the loan, if any, or any of Borrower's property or any judgment is entered against Borrower or any guarantor; (i) any part of Borrower's business is sold to or merged with any other business, individual, or entity; (j) any representation or warranty made by Borrower to Lender in any of the Related Documents or any financial statement delivered to Lender proves to have been false in any material respect as of the time when made or given; (k) if any guarantor, or any other party to any Related Documents in favor of Lender entered into or delivered in connection with this Note terminates, attempts to terminate or defaults under any such Related Documents; (l) Lender has deemed itself insecure or there has been a material adverse change of condition of the financial prospects of Borrower or any collateral securing the obligations owing to Lender by Borrower. Upon the occurrence of an event of default, Lender may pursue any remedy available under any Related Document, at law or in equity; (m) Any change in ownership of twenty-five percent or more of the common stock of Borrower.

**GENERAL WAIVERS.** To the extent permitted by law, the Borrower severally waives any required notice of presentment, demand, acceleration, intent to accelerate, protest and any other notice and defense due to extensions of time or other indulgence by Lender or to any substitution or release of collateral. No failure or delay on the part of Lender, and no course of dealing between Borrower and Lender, shall operate as a waiver of such power or right, nor shall any single or partial exercise of any power or right preclude other or further exercise thereof or the exercise of any other power or right. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them.

**JOINT AND SEVERAL LIABILITY.** If permitted by law, each Borrower executing this Note is jointly and severally bound.

**SEVERABILITY.** If a court of competent jurisdiction determines any term or provision of this Note is invalid or prohibited by applicable law, that term or provision will be ineffective to the extent required. Any term or provision that has been determined to be invalid or prohibited will be severed from the rest of this Note without invalidating the remainder of either the affected provision or this Note.

**SURVIVAL.** The rights and privileges of the Lender hereunder shall inure to the benefits of its successors and assigns, and this Note shall be binding on all heirs, executors, administrators, assigns, and successors of Borrower.

**ASSIGNABILITY.** Lender may assign, pledge or otherwise transfer this Note or any of its rights and powers under this Note without notice, with all or any of the obligations owing to Lender by Borrower, and in such event the assignee shall have the same rights as if originally named herein in place of Lender. Borrower may not assign this Note or any benefit accruing to it hereunder without the express written consent of the Lender.

**DUTY TO NOTIFY.** Borrower agrees to notify Lender if there is any change in the beneficial ownership information provided to Lender. Additionally, Borrower agrees to provide Lender with updated beneficial ownership information in the event there is any change in the beneficial ownership information provided to Lender.

**ORAL AGREEMENTS DISCLAIMER.** This Note represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

**GOVERNING LAW.** This Note is governed by the laws of the state of Mississippi except to the extent that federal law controls.

**HEADING AND GENDER.** The headings preceding text in this Note are for general convenience in identifying subject matter, but have no limiting impact on the text which follows any particular heading. All words used in this Note shall be construed to be of such gender or number as the circumstances require.

**ATTORNEYS' FEES AND OTHER COSTS.** Borrower agrees to pay all of Lender's costs and expenses in connection with the enforcement of this Note including, without limitation, reasonable attorneys' fees, to the extent permitted by law.

**By signing this Note, Borrower acknowledges reading, understanding, and agreeing to all its provisions and receipt hereof.**

ROSE RENTAL PROPERTIES LLC

By: JERRICK W ROSE                    Date 8-21-2020
Its: Member

CSi

**COMMERCIAL LINE OF CREDIT**
**AGREEMENT AND NOTE**
**Open End**
**Officer: Melody Rosenbaum**


**Citizens**
**National Bank**
*The Power of Local™*

**Exhibit B**

Madison Banking Center 114 Grandview Boulevard
Phone number: (601) 607-7171

| LOAN NUMBER | AGREEMENT DATE | LINE OF CREDIT LIMIT | MATURITY DATE | OFFICER | PREPARED |
|---|---|---|---|---|---|
| 7063 | March 22, 2023 | $597,000.00 | March 22, 2026 | HRE | Melody Rosenbaum |
| **LOAN PURPOSE:** Revolving Line of Credit - Working Capital Purposes | | | | | |

**BORROWER INFORMATION**

ROSE RENTAL PROPERTIES LLC
1920 BELLWOOD RD
JACKSON, MS 39211

JERRICK W ROSE
1920 BELLEWOOD RD
JACKSON, MS 39211

**LINE OF CREDIT AGREEMENT AND NOTE.** This Commercial Line of Credit Agreement and Note will be referred to in this document as the "Agreement."

**LENDER.** "Lender" means The Citizens National Bank of Meridian whose address is Madison Banking Center, 114 Grandview Boulevard, Madison, Mississippi 39110, its successors and assigns.

**BORROWER.** "Borrower" means each person or legal entity who signs this Agreement.

**PROMISE TO PAY.** For value received, receipt of which is hereby acknowledged, on or before March 22, 2026 (the "Maturity Date"), the Borrower promises to pay the principal amount of Five Hundred Ninety-seven Thousand and 00/100 Dollars ($597,000.00) (the "Line of Credit Limit") or such lesser amount as shall have been advanced by Lender, from time to time, to or on behalf of Borrower under the terms of this Agreement, and all interest on the outstanding principal balance and any other charges, including service charges, to the order of Lender at its office at the address noted above or at such other place as Lender may designate in writing. The Borrower will make all payments in lawful money of the United States of America.

**PAYMENT SCHEDULE.** This Agreement will be paid according to the following required payment schedule: Beginning on April 22, 2023, monthly payments of accrued and unpaid interest. The unpaid principal balance of this Agreement, together with all accrued interest and charges owing in connection therewith, shall be due and payable on the Maturity Date.

**APPLICATION OF PAYMENTS.** All payments received by the Lender from the Borrower for application to this Agreement may be applied to the Borrower's obligations under this Agreement in such order as determined by the Lender.

**INTEREST.**

> **Interest Rate and Scheduled Payment Changes.** Interest will begin to accrue on March 22, 2023 . The interest rate on this Agreement will be fixed at 7.750 % per annum.

> **Compliance with Law.** Nothing contained herein shall be construed as to require the Borrower to pay interest at a greater rate than the maximum allowed by law. If, however, from any circumstances, Borrower pays interest at a greater rate than the maximum allowed by law, the obligation to be fulfilled will be reduced to an amount computed at the highest rate of interest permissible under applicable law and if, for any reason whatsoever, Lender ever receives interest in an amount which would be deemed unlawful under applicable law, such interest shall be automatically applied to amounts owed, in Lender's sole discretion, or as otherwise allowed by applicable law.

> **Accrual Method.** Interest on this Agreement is calculated on an **Actual/360** day basis. This calculation method results in a higher effective interest rate than the numeric interest rate stated in this Agreement.

> **Default Rate.** The unpaid balance of this loan after the Maturity Date, whether by acceleration or otherwise, shall be subject to a post-maturity rate of interest equal to 5% above contract rate.

**LATE PAYMENT CHARGE.** If any required payment is more than 15 days late, then at Lender's option, Lender will assess a late payment charge of 4.000% of the amount of the regularly scheduled payment then past due, subject to a maximum charge of $50.00 and a minimum charge of $5.00.

**LINE OF CREDIT TERMS.**

> **General.** The advances under this Agreement are discretionary. The Borrower acknowledges and agrees that although the Borrower may from time to time request an advance under this Agreement up to a maximum amount equal to the Line of Credit Limit, the Lender in no way is obligated to make such advance, Lender may at any time, with or without cause, refuse to extend credit, and all advances will be made by Lender in its sole and absolute discretion and subject to the terms and conditions of this Agreement.

> **Advances.**

>> *Requests.* Advances under this Agreement may be requested orally or in writing by the Borrower or by an authorized person on behalf of the Borrower.

© 2004-2021 Compliance Systems, LLC 855bdcca-4730cb5c - 2021.142.0.4

www.compliancesystems.com

**CSi**

**Limits on Advances.** The total of any pending advances requested and the unpaid principal amount, at any given time, cannot exceed the Line of Credit Limit.

**Account.** All advances made will be charged to a loan account in Borrower's name on Lender's books, and the Lender shall debit such account the amount of each advance made to, and credit to such account the amount of each repayment made by Borrower.

**Suspension and Termination.** Subject to Lender's right to make any advances under this Agreement in its sole and absolute discretion, advances under this Agreement will be available until the earliest of any date or event described below occurs: (a) the Maturity Date, (b) the date the Line of Credit is canceled by Borrower, or (c) the date the Line of Credit is canceled by the Lender due to an occurrence of an Event of Default.

**SECURITY TO NOTE.** Security for this Agreement is granted pursuant to the following security document(s):

- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 118-A Fairfax Circle, Brandon MS 39047.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 4257 Old Brandon Rd, Pearl MS 39208.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 749 Clearmont Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 2069 Murray Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 521 Tammy Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 47-A Northtown Circle, Jackson MS 39211.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 105 Northtown Drive, Jackson MS 39211.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 128 N Brighton Dr, Jackson MS 39211.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 689 West Drive, Ridgeland MS 39157.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 928 Garvin Street, Jackson MS 39206.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 2361-B River Oaks Blvd, Jackson MS 39211.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 118-B Fairfax Circle, Brandon MS 39047.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 832A Sussex Place, Ridgeland MS 39157.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 111-A Fairfax Circle, Brandon MS 39047.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 100 Vine Lane, Brandon MS 39047.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 632 Ralde Circle, Brandon MS 39157.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 801 Planters Point, Canton MS 39046.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 144 Reynolds Street, Pearl MS 39208.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 251 Maxine Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 282 Marilyn Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 118-A Fairfax Circle, Brandon MS 39047.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 4257 Old Brandon Rd, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 749 Clearmont Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 2069 Murray Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 521 Tammy Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 47-A Northtown Circle, Jackson MS 39211.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 105 Northtown Drive, Jackson MS 39211.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 128 N Brighton Dr, Jackson MS 39211.

CSi

- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 689 West Drive, Ridgeland MS 39157.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 928 Garvin Street, Jackson MS 39206.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 2361-B River Oaks Blvd, Jackson MS 39211.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 118-B Fairfax Circle, Brandon MS 39047.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 832A Sussex Place, Ridgeland MS 39157.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 111-A Fairfax Circle, Brandon MS 39047.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 100 Vine Lane, Brandon MS 39047.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 632 Ralde Circle, Brandon MS 39157.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 801 Planters Point, Canton MS 39046.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 144 Reynolds Street, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 251 Maxine Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 282 Marilyn Drive, Pearl MS 39208.
- Security Agreement dated March 22, 2023 evidencing security interest in All Furniture, Fixtures and Equipment; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds).

**RIGHT OF SET-OFF.** To the extent permitted by law, Borrower agrees that Lender has the right to set-off any amount due and payable under this Agreement, whether matured or unmatured, against any amount owing by Lender to Borrower including any or all of Borrower's accounts with Lender. This shall include all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. Such right of set-off may be exercised by Lender against Borrower or against any assignee for the benefit of creditors, receiver, or execution, judgment or attachment creditor of Borrower, or against anyone else claiming through or against Borrower or such assignee for the benefit of creditors, receiver, or execution, judgment or attachment creditor, notwithstanding the fact that such right of set-off has not been exercised by Lender prior to the making, filing or issuance or service upon Lender of, or of notice of, assignment for the benefit of creditors, appointment or application for the appointment of a receiver, or issuance of execution, subpoena or order or warrant. Lender will not be liable for the dishonor of any check when the dishonor occurs because Lender set-off a debt against Borrower's account. Borrower agrees to hold Lender harmless from any claim arising as a result of Lender exercising Lender's right to set-off.

**DISHONORED ITEM FEE.** If Borrower makes a payment on the loan with a check or preauthorized charge which is later dishonored, a fee in the amount of $37.00 will be charged.

**RELATED DOCUMENTS.** The words "Related Documents" mean all promissory notes, security agreements, mortgages, deeds of trust, deeds to secure debt, business loan agreements, construction loan agreements, resolutions, guaranties, environmental agreements, subordination agreements, assignments, and any other documents or agreements executed in connection with the indebtedness evidenced hereby this Agreement whether now or hereafter existing, including any modifications, extensions, substitutions or renewals of any of the foregoing. The Related Documents are hereby made a part of this Agreement by reference thereto, with the same force and effect as if fully set forth herein.

**DEFAULT.** Upon the occurrence of any one of the following events (each, an "Event of Default" or "default" or "event of default"), Lender's obligations, if any, to make any advances will, at Lender's option, immediately terminate and Lender, at its option, may declare all indebtedness of Borrower to Lender under this Note immediately due and payable without further notice of any kind notwithstanding anything to the contrary in this Note or any other agreement: (a) Borrower's failure to make any payment on time or in the amount due; (b) any default by Borrower under the terms of this Note or any other Related Documents executed in connection with this Note; (c) any default by Borrower under the terms of any Related Documents in favor of Lender; (d) the death, dissolution, or termination of existence of Borrower or any guarantor; (e) Borrower is not paying Borrower's debts as such debts become due; (f) the commencement of any proceeding under bankruptcy or insolvency laws by or against Borrower or any guarantor or the appointment of a receiver; (g) any default under the terms of any other indebtedness of Borrower to any other creditor; (h) any writ of attachment, garnishment, execution, tax lien or similar instrument is issued against any collateral securing the loan, if any, or any of Borrower's property or any judgment is entered against Borrower or any guarantor; (i) any part of Borrower's business is sold to or merged with any other business, individual, or entity; (j) any representation or warranty made by Borrower to Lender in any of the Related Documents or any financial statement delivered to Lender proves to have been false in any material respect as of the time when made or given; (k) if any guarantor, or any other party to any Related Documents in favor of Lender entered into or delivered in connection with this Note terminates, attempts to terminate or defaults under any such Related Documents; (l) Lender has deemed itself insecure or there has been a material adverse change of condition of the financial prospects of Borrower or any collateral securing the obligations owing to Lender by Borrower. Upon the occurrence of an event of default, Lender may pursue any remedy available under any Related Document, at law or in equity; (m) Any change in ownership of twenty-five percent or more of the common stock of Borrower.

**GENERAL WAIVERS.** To the extent permitted by law, the Borrower severally waives any required notice of presentment, demand, acceleration, intent to accelerate, protest and any other notice and defense due to extensions of time or other indulgence by Lender or to any

© 2004-2021 Compliance Systems, LLC 853bfcce-a720a83c - 2021.162.0.4
Commercial Line of Credit Agreement and Note - DL4006          Page 3 of 4          www.compliancesystems.com

CSi

substitution or release of collateral. No failure or delay on the part of Lender, and no course of dealing between Borrower and Lender, shall operate as a waiver of such power or right, nor shall any single or partial exercise of any power or right preclude other or further exercise thereof or the exercise of any other power or right. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them.

**JOINT AND SEVERAL LIABILITY.** The liability of all parties obligated in any manner under this Agreement shall be joint and several, to the extent of their respective obligations.

**SEVERABILITY.** If a court of competent jurisdiction determines any term or provision of this Agreement is invalid or prohibited by applicable law, that term or provision will be ineffective to the extent required. Any term or provision that has been determined to be invalid or prohibited will be severed from the rest of this Agreement without invalidating the remainder of either the affected provision or this Agreement.

**SURVIVAL.** The rights and privileges of the Lender hereunder shall inure to the benefits of its successors and assigns, and this Agreement shall be binding on all heirs, executors, administrators, assigns, and successors of Borrower.

**ASSIGNABILITY.** Lender may assign, pledge or otherwise transfer this Agreement or any of its rights and powers under this Agreement without notice, with all or any of the obligations owing to Lender by Borrower, and in such event the assignee shall have the same rights as if originally named herein in place of Lender. Borrower may not assign this Agreement or any benefit accruing to it hereunder without the express written consent of the Lender.

**DUTY TO NOTIFY.** Borrower agrees to notify Lender if there is any change in the beneficial ownership information provided to Lender. Additionally, Borrower agrees to provide Lender with updated beneficial ownership information in the event there is any change in the beneficial ownership information provided to Lender.

**ORAL AGREEMENTS DISCLAIMER.** This Agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

**GOVERNING LAW.** This Agreement is governed by the laws of the state of Mississippi except to the extent that federal law controls.

**HEADING AND GENDER.** The headings preceding text in this Agreement are for general convenience in identifying subject matter, but have no limiting impact on the text which follows any particular heading. All words used in this Agreement shall be construed to be of such gender or number as the circumstances require.

**ATTORNEY'S FEES, COSTS, AND EXPENSES.** Borrower agrees to pay all of Lender's costs, fees, and expenses arising out of or related to the enforcement of this Agreement or the relationship between the parties. Included in the fees that Lender may recover from Borrower are the reasonable attorney's fees that Lender incurs, including all fees incurred in the course of representing Lender before, during, or after any lawsuit, arbitration, or other proceeding and those incurred in appeals, whether the issues arise out of contract, tort, bankruptcy, or any other area of law. Included in the costs and expenses which Lender may recover are all court, alternative dispute resolution or other collection costs, and all expenses incidental to perfecting Lender's security interests and liens, preserving the collateral (including payment of taxes and insurance), records searches, and expenses related to audits, inspection, and copying. All costs and expenses Lender is entitled to recover shall accrue interest at the highest rate set forth hereunder or in any of the Related Documents.

By signing this Agreement, Borrower acknowledges reading, understanding, and agreeing to all its provisions and receipt hereof.

3·22·23
_____          _____
JERRICK W ROSE                     Date
Individually

ROSE RENTAL PROPERTIES LLC

3·22·23
_____          _____
By: JERRICK W ROSE                 Date
Its: Member

# Exhibit C

| |
|---|
| 105 NORTHTOWN DRIVE, JACKSON, MS 39211 |
| 128 N BRIGHTON ST, JACKSON, MS 39211 |
| 2361-B RIVER OAKS BLVD, JACKSON, MS 39211 |
| 47-A NORTHTOWN CIRCLE, JACKSON, MS 39211 |
| 928 GARVIN ST, JACKSON, MS 39206 |
| 632 RALDE CIRCLE, RIDGELAND, MS 39157<br>Lot 80 Lakeland Est Part 3 |
| 689 WEST DRIVE, RIDGELAND, MS 39157<br>Lot 2 Wheatley Est Subd |
| 801 PLANTERS POINT, CANTON, MS 39046<br>Lot 1 Planters Point |
| 832 SUSSEX PLACE, RIDGELAND, MS 39157 W1/2<br>Lot 207 Village Square S/D PT |
| 100 VINE LANE, BRANDON, MS 39047 |
| 111-A FAIRFAX CIRCLE, BRANDON, MS 39047 |
| 118-A FAIRFAX CIRCLE, BRANDON, MS 39047 |
| 118-B FAIRFAX CIRCLE, BRANDON, MS 39047 |
| 144 REYNOLDS STREET, PEARL, MS 39208 |
| 2069 MURRAY DRIVE, PEARL, MS 39208 |
| 251 MAXINE DRIVE, PEARL, MS 39208 |
| 282 MARILYN DRIVE, PEARL, MS 39208 |
| 4257 OLD BRANDON RD, PEARL, MS 39208 |
| 521 TAMMY DRIVE, PEARL, MS 39208 |
| 749 CLEARMONT DRIVE, PEARL, MS 39208 |



Book:3020   Page:96821-96828
DEED of TRUST
RCD: 08/28/2020 @10:27:07 AM
Rankin County, MS
Larry Swales   Chancery Clerk



# Exhibit D

| | |
|---|---|
| THIS INSTRUMENT PREPARED BY: | AFTER RECORDING RETURN TO: |
| The Citizens National Bank of Meridian | The Citizens National Bank of Meridian |
| 4900 Poplar Springs Drive, Suite 11 | 4900 Poplar Springs Drive, Suite 11 |
| Meridian, MS 39305 | Meridian, MS 39305 |
| (601)693-1331 | |

(Space Above This Line For Recording Data)

LOAN NUMBER:

## COMMERCIAL REAL ESTATE DEED OF TRUST

This COMMERCIAL REAL ESTATE DEED OF TRUST, ("Security Instrument") is made on August 21, 2020 by the grantor(s) ROSE RENTAL PROPERTIES LLC, a Mississippi Limited Liability Company, whose address and phone number is 1920 BELLEWOOD RD, JACKSON, Mississippi 39211, (601)540-4197 ("Grantor"). The trustee is Don O. Rogers, whose address and phone number is 512 22nd Avenue, Meridian, MS 39301, (601)693-2411 ("Trustee"). The beneficiary is The Citizens National Bank of Meridian whose address and phone number is Madison Banking Center, 114 Grandview Boulevard, Madison, Mississippi 39110, (601)693-1331 ("Lender"), which is organized and existing under the laws of the State of Mississippi. Grantor owes Lender the principal sum of One Million Two Hundred Seventy-six Thousand Five Hundred Thirty-eight and 97/100 Dollars (U.S. $1,276,538.97), which is evidenced by the promissory note dated August 21, 2020. Grantor in consideration of this loan and any future loans extended by Lender up to a maximum principal amount of One Million Two Hundred Seventy-six Thousand Five Hundred Thirty-eight and 97/100 Dollars (U.S. $1,276,538.97) ("Maximum Principal Indebtedness"), and for other valuable consideration, the receipt of which is acknowledged, irrevocably grants, conveys, warrants, bargains, sells, transfers, pledges and assigns to Trustee, in trust, with power of sale, the following described property located in the County of Rankin, State of Mississippi:

Address: 749 Clearmont Drive, Pearl, Mississippi 39208
Legal Description: See Attached Exhibit "A"
**INDEXING INSTRUCTIONS: Lot 40, Beechwood Hills Subdivision, Part 3, as recorded in Plat Cabinet B at Slot 85, Rankin County, MS**

Together with all easements, appurtenances abutting streets and alleys, improvements, buildings, fixtures, tenements, hereditaments, equipment, rents, income, profits and royalties, personal goods of whatever description and all other rights and privileges including all minerals, oil, gas, water (whether groundwater, subterranean or otherwise), water rights (whether riparian, appropriate or otherwise, and whether or not appurtenant to the above-described real property), wells, well permits, ditches, ditch rights, reservoirs, reservoir rights, reservoir sites, storage rights, dams and water stock that may now, or at any time in the future, be located on and/or used in connection with the above-described real property, payment awards, amounts received from eminent domain, amounts received from any and all insurance payments, and timber which may now or later be located, situated, or affixed on and used in connection therewith (hereinafter called the "Property"). Together with all of Grantor's

© 2004-2020 Compliance Systems, Inc. 4217e3ac-cb46e19a - 2019.302.1.5
Commercial Real Estate Security Instrument - DL4007                 Page 1 of 7                 www.compliancesystems.com

CSi

right, title, and interest now owned or later acquired in the oil, gas, and mineral leases (collectively, "Leases") and all minerals, mineral interests and estates in and under the real property described above (collectively, "Lands"), including without limitation, as extracted collateral, all leasehold interests, operating rights, royalties, overriding royalties, net profits, interests, and production payment from the Lands, and all of Grantor's other oil, gas and mineral estates with which any of the interests and estates of Grantor in the Lands are now or may later be unitized (collectively, "Hydrocarbon Interests");

All tenements, hereditaments, appurtenances, and properties in any way appertaining, belonging, affixed, or incidental to the Leases, in which Grantor now owns or hereafter acquires an interest, including, without limitation, any and all property, real or personal, in which Grantor now owns or hereafter acquires an interest which is situated upon and used or useful in connection with all or any part of the Lands and including all pipelines, gathering lines, trunk lines, lateral lines, pipeline easements and rights-of-way, compressors, dehydration units, separators, heater treaters, valves, flow lines, gauge meters, alarms, supplies, machinery, derricks, buildings, tanks, casings, Christmas trees, tubing, rods, liquid extractors, engines, boilers, tools, appliances, cables, wires, and all accessions, additions, substitutions, and replacements to or for, and all accessories and attachments to any of the foregoing (collectively, "Personal Property");

All of Grantor's interest in, to and under all contracts (including without limitation contracts for the sale, purchase, exchange or processing of gas, oil and other hydrocarbons), operating agreements, rights-of-way, easements, surface leases, permits, franchises, licenses, pooling or unitization agreements, pooling designations and pooling orders, now or later affecting any of the interests covered by this Security Instrument, or which are useful and appropriate in drilling or producing, treating, handling, storing, transporting or marketing oil, gas or other minerals from any of the Hydrocarbon Interests or other properties unitized with Hydrocarbon Interests; and

The proceeds and products of the foregoing, and all accounts resulting from the sale of gas, oil and other hydrocarbons at the wellhead, together with any and all amendments, renewals, extensions or ratifications of any of the same, or of any related instrument.

**RELATED DOCUMENTS.** The words "Related Documents" mean all promissory notes, security agreements, prior mortgages, prior deeds of trust, prior deeds to secure debt, business loan agreements, construction loan agreements, resolutions, guaranties, environmental agreements, subordination agreements, assignments of leases and rents and any other documents or agreements executed in connection with this Indebtedness and Security Instrument, whether now or hereafter existing, including any modifications, extensions, substitutions or renewals of any of the foregoing. The Related Documents are hereby made a part of this Security Instrument by reference thereto, with the same force and effect as if fully set forth herein.

**INDEBTEDNESS.** This Security Instrument secures the principal amount shown above as may be evidenced by a promissory note or notes of even, prior or subsequent date hereto, including future advances and every other indebtedness of any and every kind now or hereafter owing from ROSE RENTAL PROPERTIES LLC to The Citizens National Bank of Meridian, howsoever created or arising, whether primary, secondary or contingent, together with any interest or charges provided in or arising out of such indebtedness, as well as the agreements and covenants of this Security Instrument and all Related Documents (hereinafter all referred to as the "Indebtedness").

**MATURITY DATE.** The Indebtedness, if not paid earlier, shall be due on August 21, 2035.

**FUTURE ADVANCES.** To the extent permitted by law, this Security Instrument will secure future advances as if such advances were made on the date of this Security Instrument regardless of the fact that from time to time there may be no balance due under the note and regardless of whether Lender is obligated to make such future advances.

**CROSS COLLATERALIZATION.** It is the expressed intent of Grantor to use this Security Instrument to cross collateralize all of its Indebtedness and obligations to Lender, howsoever arising and whensoever incurred, except any obligation existing or arising against the principal dwelling of any Grantor.

**WARRANTIES.** Grantor, for itself, its heirs, personal representatives, successors, and assigns, represents, warrants, covenants and agrees with Lender, its successors and assigns, as follows:

CSi

**Performance of Obligations.** Grantor promises to perform all terms, conditions, and covenants of this Security Instrument and Related Documents in accordance with the terms contained therein.

**Defense and Title to Property.** At the time of execution and delivery of this instrument, Grantor is lawfully seised of the estate hereby conveyed and has the exclusive right to mortgage, grant, convey and assign the Property. Grantor covenants that the Property is unencumbered and free of all liens, except for encumbrances of record acceptable to Lender. Further, Grantor covenants that Grantor will warrant and defend generally the title to the Property against any and all claims and demands whatsoever, subject to the easements, restrictions, or other encumbrances of record acceptable to Lender, as may be listed in the schedule of exceptions to coverage in any abstract of title or title insurance policy insuring Lender's interest in the Property.

**Condition of Property.** Grantor promises at all times to preserve and to maintain the Property and every part thereof in good repair, working order, and condition and will from time to time, make all needful and proper repairs so that the value of the Property shall not in any way be impaired.

**Removal of any Part of the Property.** Grantor promises not to remove any part of the Property from its present location, except for replacement, maintenance and relocation in the ordinary course of business.

**Alterations to the Property.** Grantor promises to abstain from the commission of any waste on or in connection with the Property. Further, Grantor shall make no material alterations, additions, or improvements of any type whatsoever to the Property, regardless of whether such alterations, additions, or improvements would increase the value of the Property, nor permit anyone to do so except for tenant improvements and completion of items pursuant to approved plans and specifications, without Lender's prior written consent, which consent may be withheld by Lender in its sole discretion. Grantor will comply with all laws and regulations of all public authorities having jurisdiction over the Property including, without limitation, those relating to the use, occupancy and maintenance thereof and shall upon request promptly submit to Lender evidence of such compliance.

**Due on Sale - Lender's Consent.** Grantor shall not sell, further encumber or otherwise dispose of, except as herein provided, any or all of its interest in any part of or all of the Property without first obtaining the written consent of Lender. If any encumbrance, lien, transfer or sale or agreement for these is created, Lender may declare immediately due and payable, the entire balance of the Indebtedness.

**Insurance.** Grantor promises to keep the Property insured against such risks and in such form as may within the sole discretion of Lender be acceptable, causing Lender to be named as loss payee or if requested by Lender, as mortgagee. The insurance company shall be chosen by Grantor subject to Lender's approval, which shall not be unreasonably withheld. All insurance policies must provide that Lender will get a minimum of 10 days notice prior to cancellation. At Lender's discretion, Grantor may be required to produce receipts of paid premiums and renewal policies. If Grantor fails to obtain the required coverage, Lender may do so at Grantor's expense. Grantor hereby directs each and every insurer of the Property to make payment of loss to Lender with the proceeds to be applied, only at Lender's option, to the repair and replacement of the damage or loss or to be applied to the Indebtedness with the surplus, if any, to be paid by Lender to Grantor.

**Payment of Taxes and Other Applicable Charges.** Grantor promises to pay and to discharge liens, encumbrances, taxes, assessments, lease payments and any other charges relating to the Property when levied or assessed against Grantor or the Property.

**Environmental Laws and Hazardous or Toxic Materials.** Grantor and every tenant have been, are presently and shall continue to be in strict compliance with any applicable local, state and federal environmental laws and regulations. Further, neither Grantor nor any tenant shall manufacture, store, handle, discharge or dispose of hazardous or toxic materials as may be defined by any state or federal law on the Property, except to the extent the existence of such materials has been presently disclosed in writing to Lender. Grantor will immediately notify Lender in writing of any assertion or claim made by any party as to the possible violation of applicable state and federal environmental laws including the location of any hazardous or toxic materials on or about the Property. Grantor indemnifies and holds Lender harmless from, without limitation, any liability or expense of whatsoever nature incurred directly or indirectly out of or in

© 2004-2020 Compliance Systems, Inc. 4217c3ac-cb46e19a - 2019.302.1.5
Commercial Real Estate Security Instrument - DL4007                    Page 3 of 7                    www.compliancesystems.com

CSi

connection with: (a) any environmental laws affecting all or any part of the Property or Grantor; (b) the past, present or future existence of any hazardous materials in, on, under, about, or emanating from or passing through the Property or any part thereof or any property adjacent thereto; (c) any past, present or future hazardous activity at or in connection with the Property or any part thereof; and (d) the noncompliance by Grantor or Grantor's failure to comply fully and timely with environmental laws.

**Financial Information.** Grantor agrees to supply Lender such financial and other information concerning its affairs and the status of any of its assets as Lender, from time to time, may reasonably request. Grantor further agrees to permit Lender to verify accounts as well as to inspect, copy and to examine the books, records, and files of Grantor.

**Lender's Right to Enter.** Lender or Lender's agents shall have the right and access to inspect the Property at all reasonable times in order to attend to Lender's interests and ensure compliance with the terms of this Security Instrument. If the Property, or any part thereof, shall require inspection, repair or maintenance which Grantor has failed to provide, Lender, after reasonable notice, may enter upon the Property to effect such obligation; and the cost thereof shall be added to the Indebtedness and paid on Lender's demand by Grantor.

**ASSIGNMENT OF LEASES AND RENTS.** As additional security for the payment of the Indebtedness and the performance of the covenants contained herein, Grantor hereby assigns and transfers over to Lender any present or future leases, subleases, or licenses of the Property, including any guaranties, extensions, amendments, or renewals thereof, and all rents, income, royalties, and profits derived from the use of the Property or any portion of it, whether due or to become due (collectively the "Rents"). So long as Grantor is not in default, Grantor may receive, collect and enjoy all Rents accruing from the Property, but not more than one month in advance of the due date. Lender may also require Grantor, tenant and any other user of the Property to make payments of Rents directly to Lender. However, by receiving any such payments, Lender is not, and shall not be considered, an agent for any party or entity. Any amounts collected may, at Lender's sole discretion, be applied to protect Lender's interest in the Property, including but not limited to the payment of taxes and insurance premiums and to the Indebtedness. At Lender's sole discretion, all leases, subleases and licenses must first be approved by Lender.

**CONDEMNATION.** Grantor shall give Lender notice of any action taken or threatened to be taken by private or public entities to appropriate the Property or any part thereof, through condemnation, eminent domain or any other action. Further, Lender shall be permitted to participate or intervene in any of the above described proceedings in any manner it shall at its sole discretion determine. Lender is hereby given full power, right and authority to receive and receipt for any and all damages awarded as a result of the full or partial taking or appropriation and in its sole discretion, to apply said awards to the Indebtedness, whether or not then due or otherwise in accordance with applicable law. Unless Lender otherwise agrees in writing, any application of proceeds to the Indebtedness shall not extend or postpone the due date of the payments due under the Indebtedness or change the amount of such payments.

**GRANTOR'S ASSURANCES.** At any time, upon a request of Lender, Grantor will execute and deliver to Lender, and if appropriate, cause to be recorded, such further mortgages, assignments, assignments of leases and rents, security agreements, pledges, financing statements, or such other document as Lender may require, in Lender's sole discretion, to effectuate, complete and to perfect as well as to continue to preserve the Indebtedness, or the lien or security interest created by this Security Instrument.

**ATTORNEY-IN-FACT.** Grantor appoints Lender as attorney-in-fact on behalf of Grantor. If Grantor fails to fulfill any of Grantor's obligations under this Security Instrument or any Related Documents, including those obligations mentioned in the preceding paragraph, Lender as attorney-in-fact may fulfill the obligations without notice to Grantor. This power of attorney shall not be affected by the disability of the Grantor.

**EVENTS OF DEFAULT.** The following events shall constitute default under this Security Instrument (each an "Event of Default"):

    (a)   Failure to make required payments when due under Indebtedness;
    (b)   Failure to perform or keep any of the covenants of this Security Instrument or a default under any of the Related Documents;

**CSi**

(c) The making of any oral or written statement or assertion to Lender that is false or misleading in any material respect by Grantor or any person obligated on the Indebtedness;

(d) The death, dissolution, insolvency, bankruptcy or receivership proceeding of Grantor or of any person or entity obligated on the Indebtedness;

(e) Any assignment by Grantor for the benefit of Grantor's creditors;

(f) A material adverse change occurs in the financial condition, ownership, or management of Grantor or any person obligated on the Indebtedness; or

(g) Lender deems itself insecure for any reason whatsoever.

**REMEDIES ON DEFAULT.** Upon the occurrence of an Event of Default, Lender may, without demand or notice, pay any or all taxes, assessments, premiums, and liens required to be paid by Grantor, effect any insurance provided for herein, make such repairs, cause the abstracts of title or title insurance policy and tax histories of the Property to be certified by date, or procure new abstracts of title or title insurance and tax histories in case none were furnished to it, and procure title reports covering the property, including surveys. The amounts paid for any such purposes will be added to the Indebtedness and will bear interest at the rate of interest otherwise accruing on the Indebtedness until paid. In the event of foreclosure, the abstracts of title or title insurance shall become the property of Lender. All abstracts of title, title insurance, tax histories, surveys, and other documents pertaining to the Indebtedness will remain in Lenders possession until the Indebtedness is paid in full.

IN THE EVENT OF THE SALE OF THIS PROPERTY UNDER THE PROCEDURE FOR FORECLOSURE OF A SECURITY INSTRUMENT BY ADVERTISEMENT, AS PROVIDED BY APPLICABLE LAW, OR IN THE EVENT LENDER EXERCISES ITS RIGHTS UNDER THE ASSIGNMENT OF LEASES AND RENTS, THE GRANTOR HEREBY WAIVES ANY RIGHTS TO ANY NOTICE OTHER THAN THAT PROVIDED FOR SPECIFICALLY STATUTE, OR TO ANY JUDICIAL HEARING PRIOR TO SUCH SALE OR OTHER EXERCISE OF RIGHTS.

With respect to all or any part of the Real Property, the Trustee shall, at the request of the Lender, sell the Real Property after giving notice of the time, place and terms of sale as mandated by section 89-1-55 of the Mississippi Code of 1972, as amended and any successor provisions, and execute a date to the purchaser of the Real Property. Out of the proceeds arising from the sale, the costs and expenses of executing this Deed of Trust, including a reasonable Trustees fee and the attorneys fees prescribed in the Note or in this Deed of Trust, shall first be paid; next the amount of the Indebtedness then remaining shall be paid; and, lastly, any balance remaining shall be paid to Grantor or to agents or assigns of Grantors representatives.

Upon the occurrence of an Event of Default, Lender may, without notice unless required by law, and its option, declare the entire Indebtedness due and payable, as it may elect, regardless of the date or dates of maturity thereof and, if permitted by state law, is authorized and empowered to cause the Property to be sold at public auction, and to execute and deliver to the purchaser or purchasers at such sale any deeds of conveyance good and sufficient at law, pursuant to the statute in such case made and provided, and out of the proceeds of the sale to retain the sums then due hereunder and all costs and charges of the sale, including attorneys fees rendering any surplus to the party or parties entitled to it. The recitals in the Trustees deed shall be prima facie evidence of the truth of the statements made in it. If Lender chooses to invoke the power of sale, Lender or Trustee will provide notice of sale pursuant to applicable law. Any such sale or a sale made pursuant to a judgment or a decree for the foreclosure hereof may, at the option of Lender, be made en masse. The commencement of proceedings to foreclose this Security Instrument in any manner authorized by law shall be deemed as exercise of the above option.

Upon the occurrence of an Event of Default, Lender shall immediately be entitled to make application for and obtain the appointment of a receiver for the Property and of the earnings, income, issue and profits of it, with the powers as the court making the appointment confers. Grantor hereby irrevocably consents to such appointment and waives notice of any application therefor

**NO WAIVER.** No delay or failure of Lender to exercise any right, remedy, power or privilege hereunder shall affect that right, remedy, power or privilege nor shall any single or partial exercise thereof preclude the exercise of any right, remedy, power or privilege. No Lender delay or failure to demand strict adherence to the terms of this Security Instrument shall be deemed to constitute a course of conduct inconsistent with Lender's right at any

CSi

time, before or after an event of default, to demand strict adherence to the terms of this Security Instrument and the Related Documents.

**SUBSTITUTE TRUSTEE.** Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

**JOINT AND SEVERAL LIABILITY.** If this Security Instrument should be signed by more than one person, all persons executing this Security Instrument agree that they shall be jointly and severally bound, where permitted by law.

**SURVIVAL.** Lender's rights in this Security Instrument will continue in its successors and assigns. This Security Instrument is binding on all heirs, executors, administrators, assigns, and successors of Grantor.

**NOTICES AND WAIVER OF NOTICE.** Unless otherwise required by applicable law, any notice or demand given by Lender to any party is considered effective: (i) when it is deposited in the United States Mail with the appropriate postage; (ii) when it is sent via electronic mail; (iii) when it is sent via facsimile; (iv) when it is deposited with a nationally recognized overnight courier service; (v) on the day of personal delivery; or (vi) any other commercially reasonable means. Any such notice shall be addressed to the party given at the beginning of this Security Instrument unless an alternative address has been provided to Lender in writing. To the extent permitted by law, Grantor waives notice of Lender's acceptance of this Security Instrument, defenses based on suretyship, any defense arising from any election by Lender under the United States Bankruptcy Code, Uniform Commercial Code, as enacted in the state where Lender is located or other applicable law or in equity, demand, notice of acceleration, notice of nonpayment, presentment, protest, notice of dishonor and any other notice.

**TO THE EXTENT PERMITTED BY LAW, GRANTOR WAIVES ANY RIGHT TO NOTICE, OTHER THAN THE NOTICE PROVIDED ABOVE, AND WAIVES ANY RIGHT TO ANY HEARING, JUDICIAL OR OTHERWISE, PRIOR TO LENDER EXERCISING ITS RIGHTS UNDER THIS SECURITY INSTRUMENT.**

**WAIVER OF APPRAISEMENT RIGHTS.** Grantor waives all appraisement rights relating to the Property to the extent permitted by law.

**LENDER'S EXPENSES.** Grantor agrees to pay all expenses incurred by Lender in connection with enforcement of its rights under the Indebtedness, this Security Instrument or in the event Lender is made party to any litigation because of the existence of the Indebtedness or this Security Instrument, as well as court costs, collection charges and reasonable attorneys' fees and disbursements.

**ASSIGNABILITY.** Lender may assign or otherwise transfer this Security Instrument or any of Lender's rights under this Security Instrument without notice to Grantor. Grantor may not assign this Security Instrument or any part of the Security Instrument without the express written consent of Lender.

**GOVERNING LAW.** This Security Instrument will be governed by the laws of the State of Mississippi including all proceedings arising from this Security Instrument.

**SEVERABILITY.** If a court of competent jurisdiction determines any term or provision of this Security Instrument is invalid or prohibited by applicable law, that term or provision will be ineffective to the extent required. Any term or provision that has been determined to be invalid or prohibited will be severed from the rest of the Security Instrument without invalidating the remainder of either the affected provision or this Security Instrument.

**UNIFORM COMMERCIAL CODE (U.C.C.)** Grantor grants to Lender a security interest in all goods that Grantor owns now or in the future and that are or will become fixtures related to the Property. Grantor authorizes Lender to file any financing statements required under the Uniform Commercial Code.

CSi

**ORAL AGREEMENTS DISCLAIMER.** This Security Instrument represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

**By signing this Security Instrument, each Grantor acknowledges that all provisions have been read and understood.**

ROSE RENTAL PROPERTIES LLC

By: JERRICK W ROSE                    8-21-2020
Its: Member                          Date

---

## BUSINESS ACKNOWLEDGMENT

STATE OF    MISSISSIPPI        )
                              )
COUNTY OF  Rankin             )

Personally appeared before me, the undersigned authority in and for the said county and state, on this 21st Day of August 2020 , within my jurisdiction, the within named JERRICK W ROSE, who acknowledged to me that (he)(she) is the Member of ROSE RENTAL PROPERTIES LLC, a Mississippi Limited Liability Company, and that in said representative capacity, (he)(she) executed the above and foregoing instrument, after first having been duly authorized so to do.

My commission expires:

(Affix official seal)

Samantha Schmidt

Identification Number

---

**EXHIBIT "A"**

Lot 40, Beechwood Hills, Part 3, a subdivision according to the map or plat thereof
on file and of record in the Office of the Chancery Clerk of Rankin County at
Brandon, Mississippi, recorded in Plat Cabinet B at Slot 85, reference to which is
hereby made in aid of and as a part of this description.



Label Matrix for local noticing
0538-3
Case 25-03091-JAW
Southern District of Mississippi
Jackson-3 Divisional Office
Thu Dec  4 15:40:55 CST 2025

Rose Rental Properties, LLC
1920 Bellewood Rd
Jackson, MS 39211-5705

U.S. Bankruptcy Court
Thad Cochran U.S. Courthouse
501 E. Court Street
Suite 2.300
Jackson, MS 39201-5036

American Express
P.O. Box 981537
El Paso, TX 79998-1537

(p)CITIZENS NATIONAL BANK
P O BOX 911
MERIDIAN MS 39302-0911

Community Bank
PO Box 59
Forest, MS 39074-0059

Hinds Co Tax Collector
P.O. Box 1727
Jackson, MS 39215-1727

Internal Revenue Servi
Centralized Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Servi
c/o US Attorney
501 East Court St
Ste 4.430
Jackson, MS 39201-5025

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Jeff D. Rawlings, Esq.
Rawlings & MacInnis, P.A>
Counsel for The Citizens National Bank
P.O. Box 1789
Madison, MS 39130-1789

King & Spencer
for Community Bank
1855 Crane Ridge Dr
Ste D
Jackson, MS 39216-4944

MS Dept of Revenue
Bankruptcy Section
PO Box 22808
Jackson, MS 39225-2808

(p)MISSISSIPPI STATE TAX COMMISSION
P O BOX 22808
JACKSON MS 39225-2808

Rawlings & MacInnis
for Citizens National
P.O. Box 1789
Madison, MS 39130-1789

U.S. Attorney S.D. Mississippi
c/o Internal Revenue Service
501 E. Court Street, Ste. 4.430
Jackson, MS 39201-5025

U.S. Attorney S.D. Mississippi
c/o U.S. Securities and Exchange Commiss
501 E. Court Street, Ste. 4.430
Jackson, MS 39201-5025

U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, Suite 900
Atlanta, GA 30326-1382

US Attorney General
US Dept of Justice
950 Pennsylvania AveNW
Washington, DC 20530-0001

United States Trustee
501 East Court Street
Suite 6-430
Jackson, MS 39201-5022

Thomas Carl Rollins Jr
The Rollins Law Firm, PLLC
PO BOX 13767
Jackson, MS 39236-3767

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Citizens National Bank
512 22nd Ave
Meridian, MS 39301

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

MS State Tax Commission
Bankruptcy Section
P.O. Box 23338
Jackson, MS 39225

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)The Citizens National Bank of Meridian

End of Label Matrix
Mailable recipients    20
Bypassed recipients     1
Total                  21