IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Rose Rental Properties, LLC, Debtor          Case No. 25-03091-JAW
                                                      CHAPTER 11

**DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL, FOR ENTRY OF INTERIM AND FINAL ORDERS, AND FOR EXPEDITED HEARING**

Rose Rental Properties, LLC (the "Debtor"), as debtor-in-possession, files this Motion seeking authority to use cash collateral pursuant to 11 U.S.C. §§ 105, 361, 362, and 363, and in support states:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(M).

2. The Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V on December 4, 2025. The Debtor continues to operate its business and manage its assets as debtor-in-possession pursuant to 11 U.S.C. §§ 1184 and 1107.

3. The Debtor is a Mississippi limited liability company engaged in the ownership and operation of approximately twenty short-term rental (STR) and long-term rental (LTR) properties located in Hinds, Rankin, and Madison Counties. These properties generate the rental income necessary to pay operating expenses, maintain insurance, preserve the physical condition of the properties, and fund the Debtor's reorganization efforts.

4. Citizens National Bank of Meridian ("Citizens") asserts liens on certain real properties owned by the Debtor and claims an assignment of rents and leases as additional collateral. Community Bank may also assert a similar interest in rents under its loan documents. Because these lenders may hold perfected security interests in rents, the rental proceeds may constitute cash collateral as defined in 11 U.S.C. § 363(a).

5. The Debtor had no cash on hand as of the petition date. All properties are currently insured. The Debtor believes its real estate portfolio has an estimated value of approximately $4,000,000 and that total secured debt approximates $2,000,000, leaving a substantial equity cushion that protects the interests of secured creditors.

6. The Debtor's income and expense analysis is set forth in Exhibit A, which contains detailed historical income, property-level operating expenses, projected lease-ups for vacant units, and a six-month cash flow budget. The budget reflects total projected net operating income of approximately $10,500 per month initially, increasing to more than $14,000 per month by Month 6 as vacant units are leased. The STR properties generate approximately $7,950 in net operating cash flow per month, and the LTR properties generate approximately $2,638 per month. Once the vacant units are occupied, an additional $3,826 in monthly net income is projected. These figures demonstrate that the Debtor's business is viable and that continued operation preserves and enhances the value of creditors' collateral.

7. The Debtor requires immediate access to rental income to pay insurance, utilities, cleaning and turnover services for STR properties, maintenance expenses, management fees, and other ordinary operating costs. Without authority to use cash collateral, the Debtor will be unable to maintain its properties, preserve occupancy, or generate revenue. This would result in deterioration of the properties, loss of income, and a corresponding decline in the value of the secured creditors' collateral.

8. Authorizing the Debtor to use cash collateral will preserve and maximize the value of the collateral, maintain insurance and occupancy, and allow the Debtor to implement a

feasible Subchapter V plan. Failure to grant such authority would cause immediate and irreparable harm.

9. As adequate protection for the use of cash collateral, the Debtor proposes to grant replacement liens on all post-petition rents and revenues to the same validity, priority, and extent as existed prepetition. The Debtor will also maintain all required insurance, preserve the physical condition of the real properties, provide monthly financial reports to secured creditors and the Subchapter V Trustee, and comply with the budget contained in Exhibit A, subject to a permitted ten percent variance.

10. The combination of a substantial equity cushion, replacement liens, property preservation, and periodic reporting provides adequate protection to all secured creditors consistent with 11 U.S.C. §§ 361 and 363(e).

11. The Debtor requests entry of an interim order authorizing the immediate use of cash collateral in accordance with the attached budget until a final hearing may be held. The Debtor further requests that the Court set a final hearing to consider continued use of cash collateral on a final basis.

12. Because the Debtor must immediately pay insurance, utilities, STR cleaning expenses, and other operating costs necessary to preserve the properties and maintain income, an expedited hearing is required to avoid immediate and irreparable harm. The Debtor therefore requests that the Court schedule a hearing at the earliest available setting pursuant to applicable local rules.

WHEREFORE, the Debtor respectfully requests that the Court enter the proposed Interim Order submitted herewith, set this matter for a final hearing, and grant such other relief as may be appropriate.

Respectfully submitted,

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A. Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
PO Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.com

## CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Motion For Interim And Final Orders Authorizing Use of Cash Collateral was forwarded on December 5, 2025 to:

By First Class Mail:

Community Bank
PO Box 59
Forest, MS 39074

Citizens National Bank
512 22nd Ave
Meridian, MS 39301

By Electronic CM/ECF Notice:

U.S. Trustee

Jeff D. Rawlings on behalf of Creditor The Citizens National Bank of Meridian
Notices@rawlingsmacinnis.net, Judy@rawlingsmacinnis.net

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)