IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Rose Rental Properties, LLC, Debtor         Case No. 25-03091-JAW
                                                     CHAPTER 11

**DEBTOR'S RESPONSE AND OBJECTION TO CITIZENS NATIONAL BANK'S MOTION TO PROHIBIT USE OF CASH COLLATERAL**

Rose Rental Properties, LLC (the "Debtor") submits this Response and Objection to the Motion to Prohibit Use of Cash Collateral (Dk # 9) filed by Citizens National Bank of Meridian ("Citizens"). While the Debtor does not dispute that Citizens asserts liens on certain properties and an assignment of rents, the relief sought by Citizens is neither supported by the law nor appropriate under the circumstances of this Subchapter V case. In support, the Debtor states:

1. Citizens asserts that it holds liens on various rental properties owned by the Debtor and that its Deeds of Trust contain assignments of rents. The Debtor does not dispute that Citizens asserts a security interest in the rental income generated from certain properties.

2. Citizens argues that all rental income constitutes cash collateral under 11 U.S.C. § 363(a) and that the Debtor may not use such funds without the bank's consent or a court order. Citizens states that it does not consent to such use. The Debtor acknowledges the lack of consent but notes that this is precisely why the Debtor has filed a separate Motion for Authority to Use Cash Collateral seeking interim and final approval.

3. The bank's motion contends that allowing the Debtor to use rents will cause irreparable harm and that the Debtor has failed to provide adequate protection. These assertions ignore the actual financial condition of the Debtor's real estate portfolio.

4. The Debtor owns a stabilized and diversified rental portfolio estimated to be worth approximately $4,000,000. The secured debt owed to Citizens is approximately $1,746,474.19, and total secured debt owed to all lenders is around $2,000,000. This

results in a significant equity cushion that provides substantial inherent adequate protection to Citizens and any other secured creditor asserting an interest in rents.

5. The Debtor's rental operations are viable and income producing. Exhibit A to the Debtor's Cash Collateral Motion shows that the Debtor's short-term rentals generate approximately $7,950 in monthly net operating income and that long-term rentals generate approximately $2,638 in additional monthly net income. As vacant units are leased, monthly net operating income is projected to increase above $14,000. These projections demonstrate ongoing feasibility and an improving financial condition.

6. Despite Citizens' suggestion that the Debtor's use of cash collateral would endanger its interests, the opposite is true. The Debtor must use rental income to maintain insurance, pay utilities, perform necessary repairs, manage properties, and preserve occupancy. These expenses directly protect and enhance the value of the bank's collateral. Preventing the Debtor from using rents would lead to deterioration of the properties, reduced income, and an overall decline in collateral value.

7. Citizens seeks extraordinary relief, including complete prohibition on use of any cash collateral, turnover of all rents, and segregation of funds. Granting this relief would force the Debtor to cease operations immediately, leaving properties uninsured, unmaintained, and without utilities or management. No secured creditor is entitled to relief that would destroy the going concern value of the collateral.

8. The Debtor has not used cash collateral improperly. The Debtor promptly filed its Motion for Authority to Use Cash Collateral seeking interim relief, proposing replacement liens, ongoing insurance, continued maintenance, strict adherence to the detailed operating

budget, and monthly reporting to creditors and the Subchapter V Trustee. These measures satisfy and exceed the adequate protection required under 11 U.S.C. § 363(e).

9. Citizens does not allege any lack of insurance or decline in property condition. Nor does the bank dispute that tenants are paying rents or that the Debtor is actively maintaining the properties. In the absence of such allegations, there is no basis to deny use of cash collateral or to order turnover of funds.

10. The issues raised by Citizens will be addressed at the hearing on the Debtor's Motion for Authority to Use Cash Collateral, where the Court may consider the proposed adequate protection package and the operating budget. The relief requested in Citizens' motion is inconsistent with the Debtor's statutory rights as a debtor-in-possession and is not necessary to protect the bank.

11. For these reasons, the Motion to Prohibit Use of Cash Collateral should be denied, and the Debtor's Motion for Authority to Use Cash Collateral should be allowed to proceed on an interim and final basis.

WHEREFORE, the Debtor respectfully requests that the Court deny Citizens National Bank's Motion to Prohibit Use of Cash Collateral and grant such further relief as may be just.

Respectfully submitted,

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A. Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
PO Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.com

CERTIFICATE OF SERVICE

      I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Response was forwarded on December 5, 2025 to:

By Electronic CM/ECF Notice:

    U.S. Trustee

    Jeff D. Rawlings on behalf of Creditor The Citizens National Bank of Meridian
    Notices@rawlingsmacinnis.net, Judy@rawlingsmacinnis.net

                                       /s/ Thomas C. Rollins, Jr.
                                       Thomas C. Rollins, Jr. (MSBN 103469)