**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

|                                 |   |                           |
|---------------------------------|---|---------------------------|
|                                 | ) |                           |
| **IN RE:**                      | ) |                           |
|                                 | ) |                           |
| **ROSE RENTAL PROPERTIES, LLC** | ) | **Case No. 25-03091**     |
|                                 | ) |                           |
| **Debtor**                      | ) | **Chapter 11**            |
|                                 | ) |                           |
|                                 | ) |                           |

**RESPONSE AND OBJECTION BY COMMUNITY BANK TO MOTION OF
DEBTOR FOR INTERIM AND FINAL ORDER AUTHORIZING THE USE OF
CASH COLLATERAL PURSUANT TO SECTION 363(C) [DKT. #13]**

Community Bank ("Community Bank"), a secured creditor and party in interest
in the above-referenced Chapter 11 Subchapter V bankruptcy case filed by Debtor Rose
Rental Properties, LLC (the "Debtor"), submits this response and objection to the *Motion
for Authority to Use Cash Collateral, for Entry of Interim and Final Orders, and for Expedited
Hearing* (Dkt. #13, the "Motion") filed December 5, 2025, and states as follows:

**BACKGROUND**

1.      The Debtor sought out and borrowed from Community Trust forty (40)
loans secured by perfected liens upon and security interests in real property collateral
(twenty (20) separate properties each containing a structure) and all proceeds therefrom
including rents, leases and other revenues, as further described in the deeds of trust and
security agreements executed and delivered by the Debtor to and for the benefit of
Community Bank.

2.      The Debtor also sought out and borrowed from Community Trust an
additional three (3) loans secured by perfected liens upon and security interests in real
property collateral (one (1) containing a structure) first-priority, as further described in

the deeds of trust and security agreements executed and delivered by the Debtor to and for the benefit of Community Bank in connection with the loans.

3.      Each of the deeds of trust contains a provision titled "Security Agreement" which also conveys to and for the benefit of Community Bank a security interest in and lien upon all rents, leases, and revenues from use, sale, or rental of any of the real property collateral.

4.      All loan documents for each of the outstanding loans borrowed by the Debtor and owed to Community Bank also include cross-collateralization provisions providing that any default under any terms or conditions of any of the loans constitutes an event of default under all other outstanding loans owed by the Debtor to Community Bank.

5.      One or more events of default occurred with respect to the loans prior to the date of filing of the petition, including but not limited to failure(s) to timely remit required payments due and owed pursuant to and consistent with the terms and conditions of the loan documents.

6.      The Debtor also defaulted under the loan documents' terms by, *inter alia*, failing to timely pay and satisfy the real property tax obligations owed concerning certain of the real property collateral.

7.      All loans remain unpaid and outstanding to Community Bank.

8.      Additional interest continues to accrue and become due and owed to Community Bank as set out in the loan documents, and Community Bank has incurred and continues to incur fees, costs, and expenses (including but not limited to attorneys'

PD.56607518.1

fees and costs) as a result of and in connection with the uncured defaults by the Debtor under the terms of the loan documents.

## PROCEDURAL HISTORY

9. The Debtor, Rose Rental Properties, LLC filed a voluntary petition [Dkt. #1] for relief under Chapter 11 Subchapter V of the Bankruptcy Code ("the Code") on December 4, 2025 (the "Petition Date").

10. On December 5, 2025, the Debtor filed the *Motion for Authority to Use Cash Collateral, for Entry of Interim and Final Orders and for Expedited Hearing* (the "Cash Collateral Motion" or the "Debtor's Motion"). [Dkt. No. 13].

11. The Court will hold a preliminary hearing / status conference on December 11, 2025 on the Cash Collateral Motion (the "Preliminary Hearing").

## LEGAL ARGUMENT

Under 11 U.S.C. § 363(c)(2), a debtor-in-possession "may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section."  Upon "request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court . . . "*shall prohibit* <u>or</u> *condition* such use, sale, or lease as is necessary to provide adequate protection to such interest."  The Debtor bears the burden of proving that Community Bank is adequately protected.  *In re Harbour East Dev., Ltd.*, 2011 Bankr. LEXIS 4775, *9 (S.D. Fla. 2011) (emphasis added).

3

12.     Community Bank's rights and interests concerning the Cash Collateral are not adequately protected.

13.     Community Bank's rights and interests concerning the Real Property Collateral are not adequately protected.

14.     Community Bank objects to the use of its Cash Collateral for all expenses which are not <u>ordinary</u>, <u>necessary</u> *and* reasonable operating expenses requisite for ongoing maintenance and preservation of the Real Property Collateral and operations generating revenue therefrom.

15.     Community Bank further objects to all usage of its Cash Collateral for any capital expenditures, to the extent requested by the Debtor's Motion if any, as such usage has not been demonstrated by the Debtor to constitute proper uses as required by applicable law and Community Bank has not consented to such usage.

16.     Community Bank additionally objects to any usage of its Cash Collateral by the Debtor for purposes of professional or legal fees, costs, and expenses including but not limited to any and all which are sought to be paid by the Debtor in its Motion – in connection with this bankruptcy case and otherwise.

17.     Community Bank objects to any and all usages of its Cash Collateral by the Debtor to pay its professional fees, including but not limited to fees, costs, and expenses for the Debtor's retaining of and services reportedly being provided to the Debtor by attorneys, consultants, or otherwise.  Community Bank does not consent to any such usage and any order by this Court permitting the same would constitute an improper surcharge of Community Bank's Cash Collateral.

PD.56607518.1

18.     Secured creditors are <u>not</u> required to pay for the Debtor's restructuring by use of their cash collateral. *See, e.g. In re 680 Fifth Ave. Assocs.*, 154 B.R. 38 (Bankr. S.D.N.Y 1993) ("[A]dministrative expenses are to be paid from the debtor's unencumbered assets.").

19.     Administrative expenses such as legal fees ordinarily must be satisfied out of the bankruptcy estate, not charged against the secured creditor. *In re P.C., Ltd.*, 929 F.2d 203, 205 (5th Cir. 1991); *see also In re Delta Towers*, 924 F.2d 74, 76 (5th Cir. 1991) (affirming bankruptcy court's judgment that utility company could not recover utility expenses from a secured creditor as an administrative expense because the expense only indirectly benefitted the secured creditor).

20.     The Debtor owes unpaid, delinquent *ad valorem* tax obligations for multiple years on the Real Property Collateral.

21.     The Debtor's proposed budget for usage of Community Bank's Cash Collateral does not sufficiently provide for adequate protection of Community Bank's liens and interests concerning the Real Property Collateral, which are put directly at risk by the Debtor's failure to pay and satisfy the annual *ad valorem* tax obligations – both past due and owed and becoming due and owed for the present period.

22.     Community Bank objects to all Cash Collateral usage by the Debtor pursuant to any budget which fails to require escrow by or on behalf of the Debtor of amounts calculated and demonstrably reasonable for purposes of satisfaction of the already past due and owed tax obligations plus an additional amount to satisfy tax obligations for the current tax year.

PD.56607518.1

23.     On the grounds set forth here and above, in addition to those to be presented during the Preliminary Hearing and those to be presented by Origin during the final hearing on the Motion and any subsequent objection filed by Community Bank, Community Bank respectfully objects to the Debtor's request to continue use of Community Bank's Cash Collateral.  Community Bank therefore asks this Court to enter an order denying the Debtor's Motion.

24.     In the alternative, should this Court determine to permit the continued usage of Community Bank's Cash Collateral by the Debtor, Community Bank respectfully requests that this Court condition such usage upon monthly minimum payments of minimum adequate protection payments to Community Bank, weekly reporting by the Debtor reflecting all ongoing expenditures and income from operations as set forth and discussed further here and above, continued proof of current and effective insurance, and immediate funding into escrow for purposes of full payment and satisfaction of the (a) past due and owed *ad valorem* tax obligations and (b) *ad valorem* tax obligations owed for the current tax year.

25.     Community Bank does not waive and specifically reserves all rights, claims, arguments, and additional grounds in support of this response for all purposes, including but not limited to those concerning its rights to seek other and/or further adequate protection and other relief.  Community Bank further reserves all additional and other arguments in support of this response which may be presented by supplemental response / objection and/or at any status conference(s) and/or hearing(s) held by the Court on the Motion. Community Bank further requests general relief.

PD.56607518.1

Respectfully submitted, 10th day of December, 2025.

**COMMUNITY BANK**

BY:   */s/ Sarah Beth Wilson*
      Sarah Beth Wilson, MB #103650
      PHELPS DUNBAR LLP
      1905 Community Bank Way, Suite 200
      Flowood, MS 39232
      Telephone: 601-352-2300
      Telecopier: 601-360-9777
      Email: sarah.beth.wilson@phelps.com
      *Attorney for Community Bank*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this date I caused the above and foregoing to be filed electronically with the Clerk of the Court using the CM / ECF system which sent notification of such filing to all counsel of record in the above-referenced action but not limited to:

Thomas C. Rollins, Jr.
*Attorney for Debtor*

*Office of the U.S Trustee*

Craig M. Geno
*Subchapter V Trustee*

Dated: December 10, 2025.

                              */s/ Sarah Beth Wilson*
                              Of Counsel

PD.56607518.1