_____



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: December 19, 2025**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE: ROSE RENTAL PROPERTIES, LLC, DEBTOR          CASE NO. 25-03091-KMS

**INTERIM ORDER AUTHORIZING USE OF CASH**
**COLLATERAL AND GRANTING ADEQUATE PROTECTION**

This matter having come on before this Court on the Debtor's Motion for Authority to Use Cash Collateral, for Entry of Interim and Final Orders, and for Expedited Hearing (Dkt 13) and the Motion to Prohibit Use of Cash Collateral filed by The Citizens National Bank of Meridian (Dkt 9) and the Objection of The Citizens National Bank of Meridian to Debtor's Motion for Authority to Use Cash Collateral (Dkt 28), and the Response and Objection by Community Bank to Motion of Debtor for Interim and Final Order Authorizing the Use of Cash Collateral (Dkt 33), and the UST's Limited Response to Debtor's Motion for Authority to Use Cash Collateral, for Entry of Interim and Final Orders, and for Expedited Hearing (Dkt 34), and the Debtor's Response and Objection to Citizens National Bank's Motion to Prohibit Use of Cash Collateral (Dkt 15), and the Court having considered the motions, the responses, the limited response of the United States Trustee, and having found that the parties are agreeable to the entry of this Interim Order pending a final hearing on the use of cash collateral, and the Court finding that this Interim Order is consistent with Rule 4001(b)(2) and (3) of the Federal Rules of Bankruptcy Procedure to allow sufficient notice to creditors who may not have been noticed of this proceeding.

IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The Debtor is alleged to be indebted to The Citizens National Bank of Meridian ("Citizens") as follows:

(a) Commercial Promissory Note no. ****6502. As of December 1, 2025, the alleged balance due is $1,746,474.19 plus interest, costs and attorney fees.

(b) Commercial Line of Credit Agreement and Note no. ****7063. As of December 1, 2025, the alleged balance is included in the total amount stated above plus interest, costs and attorney fees.

3. The Debtor is alleged to be indebted to Community Bank:

A. Pursuant to and with respect to each of the following loans (collectively herein, "CB Loans Group 1"), for the full balance of outstanding principal, accrued interest and costs and expenses plus all other amounts owed and becoming owed in accordance with and pursuant to the terms of the loan documents, deeds of trust and related agreements executed by and between the Debtor and Community Bank, which amount as of the petition date were at least $233,150 plus interest accrued and accruing at the note rates, all fees, charges and expenses and attorneys' fees, costs and expenses, as provided by the terms of the CB Loans Group 1 loan documents:

1) 23309222
2) 24462087
3) 23309255
4) 24462111
5) 23309305
6) 24462095
7) 23309271
8) 24462061
9) 23313695
10) 24462012
11) 24462020
12) 23313679
13) 23309339
14) 24462004
15) 24461998
16) 23309354
17) 23309057
18) 24462053
19) 23309230
20) 24462046

21) 23309248

22) 24462038

23) 23313661

24) 24461949

25) 24461915

26) 23309289

27) 23309370

28) 24461931

29) 23309388

30) 24461923

31) 23309214

32) 24461873

33) 23309404

34) 24461956

35) 24461899

36) 23309263

37) 23309347

38) 24461980

39) 24461972

40) 23313687

B. Pursuant to and with respect to each of the following loans (collectively herein, "CB Loans Group 2"), for the full balance of outstanding principal, accrued interest and costs and expenses plus all other amounts owed and becoming owed in accordance with and pursuant to the terms of the loan documents, deeds of trust and related agreements executed by and between the Debtor and Community Bank, which amount as of the petition date were at least $169,925 plus interest accrued and accruing at the note rates, all fees, charges and expenses and attorneys' fees, costs and expenses, as provided by the terms of the CB Loans Group 2 loan documents:

1) 24461964

2) 24364135

3) 23309206

4. As collateral for the indebtedness due, the Debtor is alleged to have pledged or caused to be pledged to and for the benefit of Citizens and Community Bank the following twenty (20) rental properties located in Hinds, Rankin and Madison Counties, Mississippi:

105 Northtown Drive, Jackson, MS 39211

128 N Brighton St, Jackson, MS 39211

2361-B River Oaks Blvd, Jackson, MS 39211

47-A Northtown Circle, Jackson, MS 39211

928 Garvin St, Jackson, MS 39206

632 Ralde Circle, Ridgeland, MS 39157

689 West Drive, Ridgeland, MS 39157

801 Planters Point, Canton, MS 39046

832 Sussex Place, Ridgeland, MS 39157

100 Vine Lane, Brandon, MS 39047

111-A Fairfax Circle, Brandon, MS 39047

118-A Fairfax Circle, Brandon, MS 39047

118-B Fairfax Circle, Brandon, MS 39047

144 Reynolds Street, Pearl, MS 39208

2069 Murray Drive, Pearl, MS 39208

251 Maxine Drive, Pearl, MS 39208

282 Marilyn Drive, Pearl, MS 39208

4257 Old Brandon Rd, Pearl, MS 39208

521 Tammy Drive, Pearl, MS 39208

749 Clearmont Drive, Pearl, MS 39208

5. Citizens asserts to hold a perfected, first-priority lien upon and security interest in all above-referenced real properties and all present and future leases, subleases, or licenses of the properties, including any guaranties, extensions, amendments, or renewals thereof, and all rents, income, royalties, and profits derived from the use of the properties or any portion of them, whether due or to become due, pursuant to duly recorded Deeds of Trust and Assignments of Leases and Rents.

6. Community Bank asserts to hold a properly perfected lien upon and security interest in all above-referenced real properties and all present and future leases, subleases, or licenses of the properties, including any guaranties, extensions, amendments, or renewals thereof, and all rents, income, royalties, and profits derived from the use of the properties or any portion of them, whether due or to become due, as security for the repayment and satisfaction of all indebtedness owed and to become owed to Community Bank by the Debtor pursuant to the terms of the promissory notes, deeds of trust, and other

agreements executed by and between the Debtor and Community Bank in connection with each of the loans in CB Loan Group 1.

7. Community Bank asserts to hold a first-priority lien upon and security interest in the real property located at and commonly known as 1046 Whitworth Street, Jackson, Mississippi, in Hinds County, and all present and future leases, subleases, or licenses of the real property, including any guaranties, extensions, amendments, or renewals thereof, and all rents, income, royalties, and profits derived from the use of the property or any portion of it, whether due or to become due, as security for the repayment and satisfaction of all indebtedness owed and to become owed to Community Bank by the Debtor pursuant to the terms of the promissory notes, deeds of trust, and other agreements executed by and between the Debtor and Community Bank in connection with each of the loans in CB Loan Group 2.

8. The real properties identified above together with 1046 Whitworth Street, Jackson, Mississippi, may sometimes be referred to collectively herein as the "Collateral".

9. The Debtor's rental income from the encumbered properties, and the proceeds thereof, constitute cash collateral within the meaning of Section 363(a) of the Bankruptcy Code. Citizens' and Community Bank's security interests extend to all proceeds, products, offspring, rents, or profits of the Collateral.

10. The Debtor owns a rental property portfolio consisting of approximately twenty-one (21) short-term rental (STR) and long-term rental (LTR) properties. The Debtor alleges it had no cash on hand as of the petition date.

11. In order to provide Citizens and Community Bank with adequate protection, Citizens and Community Bank are each hereby granted continuing post-petition replacement liens on all post-petition rents and revenues, including all rental proceeds, lease payments, and other income derived from the use, operation, or lease of any of their respective Collateral, to the same validity, priority, and extent as existed prepetition. All collateral pledged to Citizens and Community Bank shall continue to secure all pre-petition indebtedness of the Debtor to Citizens and Community Bank as well as any post-petition indebtedness due including interest, costs, expenses and attorney fees.

12. The relief granted herein shall not affect the pre-petition lien priority of Citizens, Community Bank, or any other creditor.

13. The Debtor is authorized to use Citizens' and Community Bank's cash collateral strictly for the following itemized operating expenses as set forth in the six-month operating budget attached as Exhibit A to the Debtor's Motion for Authority to Use Cash Collateral (Dkt 13-1), subject to a permitted variance of up to ten percent (10%), until the final cash collateral hearing:

SHORT-TERM RENTAL (STR) PROPERTIES - Allowed Monthly Operating Expenses:

(a) 2025 Property Taxes (escrow of monthly pro-rata amounts ranging from $123.78 to $237.54 per property)

(b) Insurance (monthly amounts ranging from $33.54 to $254.00 per property)

(c) Homeowners Association Fees (for applicable properties: $20.83 per month)

  (d) Cleaning Services ($145.45 per property per month)

  (e) Utilities ($300.00 to $350.00 per property per month)

  (f) Internet Service ($55.58 per property per month)

  (g) Landscaping Services ($45.45 per property per month)

  (h) Maintenance and Repairs ($68.18 per property per month)

  (i) Property Management Fees ($154.55 per property per month)

  (j) Administrative and Platform Fees ($9.09 per property per month)

  (k) Land Lease Payment (100 Vine Lane property: $25.00 per month)

  (l) Flood Insurance (105 Northtown property: included in insurance amount)

  <u>LONG-TERM RENTAL (LTR) PROPERTIES - Allowed Monthly Operating Expenses:</u>

  (a) 2025 Property Taxes (escrow of monthly pro-rata amounts ranging from $164.51 to $180.68 per property)

  (b) Insurance (monthly amounts ranging from $61.83 to $306.58 per property)

  (c) Maintenance and Repairs ($68.18 per property per month)

  (d) Property Management Fees ($154.55 per property per month)

  <u>VACANT PROPERTIES (Lease-Up Stage) - Allowed Monthly Operating Expenses:</u>

  (a) Property Taxes (escrow of monthly pro-rata amounts ranging from $135.71 to $175.41 per property)

  (b) Insurance (monthly amounts ranging from $51.16 to $185.75 per property)

  (c) Maintenance and Repairs ($68.18 per property per month)

  (d) Property Management Fees ($154.55 per property per month)

  The Court makes no determination in this Interim Order regarding the timing, method, or source of payment or escrow of ad valorem property taxes, whether pre-petition or post-petition. All issues relating to property taxes are expressly reserved for the final cash collateral hearing and final order, and nothing herein shall be construed as resolving, waiving, or adjudicating any party's position with respect to such issues.

  All expenditures must be ordinary and necessary operating expenses required to maintain, preserve, and operate the rental properties. No expenditures for non-operating expenses, capital improvements, legal or professional fees, debt service, or payments to insiders or affiliates shall be made from cash collateral without prior written approval of Citizens and Community Bank or further order of this Court.

  14.  The Debtor shall provide Citizens and Community Bank with a monthly detailed written report for the preceding month commencing on **<u>January 1, 2026</u>** showing:

  (a) All rental income received during the prior month, itemized by property;

  (b) All operating expenses paid during the prior month, itemized by category;

  (c) Current occupancy status of all properties;

  (d) Any variances from the approved budget, with explanations;

(e) Current lease-up status of vacant properties;

(f) Cash balance and bank statements.

15. The Debtor shall be required to maintain comprehensive insurance on all properties, including but not limited to, fire, physical damage, liability and loss coverage with Citizens and Community Bank named as loss payees. Should the Debtor fail to provide Citizens and Community Bank with proof of such insurance in the form of current declarations pages showing adequate coverage amounts and Citizens and Community Bank as loss payees by **December 20, 2025**, the automatic stay of 11 U.S.C. § 362 shall immediately terminate as to the Collateral without further order of this Court. In the event the automatic stay terminates pursuant to this paragraph, the party asserting termination shall file a notice on the docket identifying the properties as to which the stay has terminated. If such insurance thereafter lapses or is canceled for any reason and is not reinstated within ten (10) days after notice of such lapse or cancellation is sent to the Debtor and the Debtor's attorney, the automatic stay of 11 U.S.C. § 362 shall immediately terminate as to the Collateral without further order of this Court.

16. The Debtor shall maintain all properties in good repair and condition, including:

(a) Performing all necessary maintenance and repairs consistent with the budget;

(b) Maintaining utilities, security, and habitability for all occupied units;

(c) Complying with all applicable building codes, housing regulations, and health and safety requirements;

(d) Preserving the physical condition of all properties; and

(e) Providing Citizens and Community Bank with written notice within forty-eight (48) hours of any damage to any property exceeding $5,000 or any event that could give rise to an insurance claim.

17. Citizens and Community Bank shall each have the right to inspect and evaluate, through their respective personnel, appraisers, consultants and other representatives, any of the Collateral at any reasonable time upon at least twenty-four (24) hours' notice to the Debtor. The Debtor shall provide reasonable access to all properties and shall cooperate fully with such inspections.

18. The Debtor shall not sell, transfer, or encumber any of the Collateral properties without prior written consent of Citizens and Community Bank or further Order of this Court, except for the use of rental income in accordance with the approved budget.

19. The Debtor shall continue to actively market and lease up the six (6) vacant properties identified in the budget (Maxine, Reynolds, Tammy, 689 West, Garvin, and River Oaks properties) and shall provide Citizens and Community Bank with weekly updates on leasing activities, including copies of any executed leases within five (5) days of execution.

20. This Interim Order shall remain in effect until the earlier of: (a) entry of a Final Order on the use of cash collateral; (b) conversion or dismissal of this case; (c) otherwise ordered by the Court. This Order is entered on an interim basis pursuant to Federal Rule of Bankruptcy Procedure 4001(b)(2) and (3) to allow sufficient notice to creditors and other parties in interest who may not have been noticed of this proceeding.

21. A final hearing on the use of cash collateral shall be held on January 21, 2026, at 9:30 a.m. in Courtroom 4D, Jackson, Mississippi.

22. If the Debtor materially breaches any provision of this Order, including but not limited to:

(a) Failure to comply with the approved budget (beyond the permitted 10% variance);

(b) Failure to maintain required insurance;

(c) Failure to provide required monthly reports;

(d) Failure to maintain the properties in good condition; or

(e) Use of cash collateral for purposes not authorized by this Order;

then Citizens or Community Bank may, upon three (3) days' written notice to the Debtor, the Debtor's attorney, the Subchapter V Trustee, and the U.S. Trustee, seek immediate termination of the Debtor's authority to use cash collateral and termination of the automatic stay as to the Collateral.

23. Nothing in this Order shall constitute a finding or determination by this Court as to:

(a) The validity, priority, or extent of Citizens' or Community Bank's liens or security interests;

(b) The value of the Collateral;

(c) The existence or amount of any equity cushion;

(d) The feasibility of the Debtor's reorganization; or

(e) Any other matters except as expressly set forth herein.

24. All such matters are reserved for determination at the final hearing or in the context of plan confirmation.

25. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**##END OF ORDER##**

Approved:

/s/ Jeff Rawlings
Attorney for The Citizens National Bank of Meridian

/s/ Sarah Beth Wilson
Attorney for Community Bank

/s/ Thomas C. Rollins, Jr.
Attorney for Debtor

/s/ Craig M. Geno
Subchapter V Trustee

/s/ Abigail M. Marbury
Assistant United States Trustee

Submitted by:

Jeff Rawlings
Rawlings & MacInnis, P.A.
P.O. Box 1789
Madison, MS 39130-1789
601-898-1180
jeff@rawlingsmacinnis.net
MSB # 4642