IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | ROSE RENTAL PROPERTIES, LLC | CHAPTER 11 |
| | Debtor | CASE NO. 25-03091-JAW |

## MOTION TO REQUIRE ESCROWED SUBCHAPTER V TRUSTEE PAYMENTS

COMES NOW Craig M. Geno, the Subchapter V Trustee in the above styled and numbered case (the "Trustee"), and files this his *Motion to Require Escrowed Subchapter V Trustee Payments* (the "Motion"), and in support thereof, would respectfully show unto this Honorable Court as follows, to-wit:

1. The Trustee has been appointed as the Subchapter V Trustee in this Chapter 11 case.

2. There is no statutory requirement for the debtor-in-possession in a Subchapter V case to pay, or even escrow, fees and expenses of the trustee (or any trustee for that matter) while the case is pending and before entry of an order on confirmation of a plan.

3. In many instances, Subchapter V cases end up being dismissed, or converted to a case under Chapter 7, with no funds being paid to the Subchapter V trustee.

4. In addition, a number of Subchapter V cases are filed that simply are not going to be able to submit a feasible Chapter 11 plan, and the earlier the parties in the case know that, the better off everyone will be.

5. Bearing all of these considerations in mind, the Trustee moves the Court for an order requiring the Debtor to begin, immediately, depositing the sum of $1,000 per month with the Trustee, to be held in escrow, pending an application for compensation and notice and a hearing in connection with such application. The escrowed funds will be used to defray the Trustee's compensation, if any. Payments should cease when the payments total $5,000, but may be resumed

upon further order of the Court. In addition, these escrow payments should be shown and reported in the Debtor's monthly operating reports.

6. In the event the Debtor cannot afford to escrow $1,000 per month, or in the event the Debtor (or its equity security holders) are unwilling or unable to come up with $1,000 per month to fund an escrow, then the parties should know that sooner rather than later and take such action as necessary.

7. Other courts around the country have granted similar motions in Subchapter V cases (although at least one court has declined to do so) and some courts either have pending local rules or standing orders requiring such retainers to be paid, subject to the fee application, notice and a hearing process.

8. Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully prays that upon a hearing hereof, this Honorable Court will enter its order granting the Motion. The Trustee prays for general relief.

THIS, the 6TH day of January, 2026.

Respectfully submitted,

CRAIG M. GENO, SUBCHAPTER V TRUSTEE

By His Attorneys,

LAW OFFICES OF GENO AND STEISKAL, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Subchapter V Cases\Rose Rental Properties, LLC\Pleadings\Mot to Require Escrowed SubV Trustee Payments 10-16-25.wpd

**CERTIFICATE OF SERVICE**

    I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Abigail M. Marbury, Esq.
Assistant United States Trustee
abigail.m.marbury@usdoj.gov

THIS, the 6th day of January, 2026.

_____
Craig M. Geno

-3-