

**SO ORDERED,**

**Judge Katharine M. Samson**
United States Bankruptcy Judge
Date Signed: February 3, 2026

The Order of the Court is set forth below. The docket reflects the date entered.

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | ROSE RENTAL PROPERTIES, LLC | CHAPTER 11 |
| | Debtor | CASE NO. 25-03091-JAW |

## ORDER

THIS CAUSE having come on for consideration of the *Motion to Require Escrowed Subchapter V Trustee Payments* (the "Motion") **[DK #76]** filed herein by Craig M. Geno, Subchapter V Trustee (the "Trustee"), and the Court having considered the Motion, and being fully advised in the premises, does hereby find as follows, to-wit:

1. Notice and a hearing were adequate and appropriate under the circumstances.

2. The Trustee has been appointed as the Subchapter V Trustee in this Chapter 11 case.

3. There is no statutory requirement for the debtor-in-possession in a Subchapter V case to pay, or even escrow, fees and expenses of the trustee (or any trustee for that matter) while the case is pending and before entry of an order on confirmation of a plan.

4. In many instances, Subchapter V cases end up being dismissed, or converted to a case under Chapter 7, with no funds being paid to the Subchapter V trustee.

5. In addition, a number of Subchapter V cases are filed that simply are not going to be able to submit a feasible Chapter 11 plan, and the earlier the parties in the case know that, the better off everyone will be.

-2-

6. Bearing all of these considerations in mind, the Court orders the Debtor to begin, immediately, depositing the sum of $1,000 per month with the Trustee, to be held in escrow, pending an application for compensation and notice and a hearing in connection with such application. The escrowed funds will be used to defray the Trustee's compensation, if any. Payments should cease when the payments total $5,000, but may be resumed upon further order of the Court. In addition, these escrow payments should be shown and reported in the Debtor's monthly operating reports.

7. In the event the Debtor cannot afford to escrow $1,000 per month, or in the event the Debtor (or its equity security holders) are unwilling or unable to come up with $1,000 per month to fund an escrow, then the parties should know that sooner rather than later and take such action as necessary.

8. Other courts around the country have granted similar motions in Subchapter V cases (although at least one court has declined to do so) and some courts either have pending local rules or standing orders requiring such retainers to be paid, subject to the fee application, notice and a hearing process.

9. Accordingly, the Court hereby grants the Motion.

# # END OF ORDER # #

SUBMITTED BY:

Craig M. Geno, Esq.; MSB No. 4793
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
(601) 427-0048 - Telephone
(601) 427-0050 - Facsimile
cmgeno@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Subchapter V Cases\Rose Rental Properties, LLC\Pleadings\Order - Mot to Require Escrowed SubV Trustee Payments 10-16-25.wpd