IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: ROSE RENTAL PROPERTIES, LLC            NO. 25-03091-JAW

**RESPONSE OF CITIZENS NATIONAL BANK OF MERIDIAN TO DEBTOR'S MOTION TO APPROVE THE SALE OF CERTAIN REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS**

Citizens National Bank of Meridian ("Bank") responds to the Debtor's Motion to Approve the Sale of Certain Real Property [Dkt. 109] ("Motion") and in support hereof states as follows:

1. While the Bank does not oppose the concept of a sale, the Motion should not be approved without the conditions set forth herein.

2. The Bank requests that the earnest money be forfeited to the Bank as the first lienholder in the event the Buyer fails to close for any reason other than the Seller's default.

3. The contract attached as Exhibit "B" to the Motion reflects a VA loan contingency. The Bank requests that, to the extent the sale is contingent upon financing, the Order require proof of pre-approval or pre-qualification within seven (7) days of the Order; and a firm loan commitment within thirty (30) days of the Order.

4. The Bank requests that it be provided with copies of all proposed closing documents, including but not limited to the settlement statement (HUD-1 or Closing Disclosure), deed, title commitment, and loan payoff statement, at least forty-eight (48) hours prior to closing for review and approval. Closing should not proceed until the Bank has approved the settlement statement.

5. The Motion states generally that the Bank's loan "should be paid from the proceeds after all closing costs and provisions have been paid," but contains no mechanism to

ensure that such payment will actually be made at closing. The Bank requests that the Order specifically direct that the net sale proceeds, after payment of prorated ad valorem taxes and only those closing costs expressly approved by the Bank, be paid directly to Citizens National Bank at closing as the first lienholder, rather than being held by Debtor or Debtor's counsel. The Order should require payment by wire transfer or cashier's check payable to the Bank at the time of closing.

6. The Motion references payment of commissions totaling 5% of the gross sales price but fails to specify what other costs are contemplated or their estimated amounts. The Bank requests that the Order specify that the Bank's lien shall not be subordinated to any costs or expenses other than prorated ad valorem taxes actually paid at closing and the real estate commissions expressly approved in the Motion, and that any additional costs must be commercially reasonable and approved by the Bank prior to closing.

7. The Bank requests that the Order include provisions lifting the automatic stay pursuant to 11 U.S.C. § 362(d) as to the sale proceeds allocated to the Bank's lien to allow the Bank to immediately accept and apply such proceeds to the indebtedness owed to it without further delay or need for additional Court authorization. This relief is appropriate to ensure efficient administration of the case and to prevent any unnecessary holding period or disputes regarding the proceeds.

8. The Bank further requests that the Order expressly provide that the Property is sold free and clear of all liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f), with all such liens and interests to attach to the sale proceeds in the same priority as they attached to the Property, and that the Bank shall be paid from the proceeds as a condition of closing.

WHEREFORE, PREMISES CONSIDERED, Citizens National Bank of Meridian requests that this Court include in its Order the specific protections requested by the Bank above and such other relief as is necessary under the circumstances.

DATED: February 18, 2026

                                        **THE CITIZENS NATIONAL**
                                        **BANK OF MERIDIAN**

                                        By: /s/ Jeff Rawlings
                                        Its Attorney

**CERTIFICATE OF SERVICE**

I served a copy of the foregoing on February 18, 2026 via the ECF notification service upon Thomas Carl Rollins, Jr., Craig M. Geno and the Office of the U.S. Trustee.

                                        /s/ Jeff Rawlings
                                        Jeff Rawlings

Jeff Rawlings
Rawlings & MacInnis, P.A.
P.O. Box 1789
Madison, MS 39130-1789
601-898-1180
jeff@rawlingsmacinnis.net
MSB # 4642