First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

US Bankruptcy Court
Southern District of Mississippi
RECEIVED

FEB 23 2026

Danny L. Miller, Clerk of Court
By: ______, Deputy Clerk

UNITED STATES
POSTAL SERVICE®

Form hn002kms (Rev. 12/25)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:
Rose Rental Properties, LLC

DEBTOR.

CASE NO. 25–03091–KMS
CHAPTER 11

## NOTICE OF HEARING AND DEADLINES

The Citizens National Bank of Meridian has filed a Motion For Relief From The Automatic Stay (the "Motion") (Dkt. #111) with the Court in the above–styled case.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you might wish to consult one.)**

The Court will hold a hearing on March 18, 2026, at 09:00 AM in the Thad Cochran United States Courthouse, Bankruptcy Courtroom 4D, 501 East Court Street, Jackson, Mississippi, to consider and act upon the Motion.

If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the Motion, you or your attorney must file a written response explaining your position so that the Court receives it on or before March 11, 2026. Please note that a corporation, partnership, trust, or other business entity, other than a sole proprietorship, may appear and act in Bankruptcy Court only through a licensed attorney. Attorneys and Registered Users of the Electronic Case Filing (ECF) system should file any response using ECF. Others should file any response at U.S. Bankruptcy Court, Dan M. Russell, Jr. U.S. Courthouse, 2012 15th Street, Suite 244, Gulfport, MS 39501. If you file a response, you or your attorney are required to attend the hearing. The hearing will be electronically recorded by the Court.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the Motion. If no response is filed, the Court may consider the Motion and enter an order granting relief before the hearing date.

Dated: 2/19/26

Danny L. Miller, Clerk of Court
U.S. Bankruptcy Court
Thad Cochran U.S. Courthouse
501 E. Court Street
Suite 2.300
Jackson, MS 39201
601–608–4600

Courtroom Deputy
228–563–1797 (use to advise of settlement)
228–563–1841

Parties Noticed:

Rose Rental Properties, LLC, Debtor

Thomas Carl Rollins, Jr, Esq.

The Citizens National Bank of Meridian, Creditor

Jeff Rawlings, Esq.

Craig M. Geno, Trustee

United States Trustee

Abigail M. Marbury, Esq.

US Bankruptcy Court
Southern District of Mississippi
RECEIVED
FEB 23 2026
Danny L. Miller, Clerk of Court
By: Deputy Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: ROSE RENTAL PROPERTIES, LLC** **NO. 25-03091-JAW**

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

The Citizens National Bank of Meridian ("Citizens") moves for relief from the automatic stay under 11 U.S.C. § 362(d)(1) and (d)(2), and for cause would show as follows:

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. Rose Rental Properties, LLC ("Debtor") is indebted to Citizens under Commercial Promissory Note ****6502 (Exhibit A), which matured August 21, 2025.

3. The Debtor and Jerrick W. Rose ("Dr. Rose") are indebted to Citizens under Commercial Promissory Note ****7063 (Exhibit B).

4. As of December 1, 2025, the combined payoff to Citizens totaled $1,746,474.19 plus accruing interest and fees accruing thereafter.

5. Citizens holds duly recorded Deeds of Trust and Assignments of Leases and Rents on twenty (20) rental properties in Hinds, Rankin, and Madison counties (see list attached as Exhibit C). The rental income constitutes cash collateral under § 363(a).

7. Under § 362(d)(1), the Court shall grant relief from stay "for cause, including the lack of adequate protection." Under § 362(d)(2), the Court shall grant relief if "the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization."

8. This Debtor cannot reorganize. The numbers make reorganization mathematically impossible.

9. The Debtor's stated gross revenue is approximately $22,000/month. Operating expenses are $15,000-$18,000/month, leaving net income of only $4,000-$7,000/month. (Statement of Financial Affairs, Dkt. 86).

10. Debt service on Citizens' debt alone requires approximately $12,500/month. Community Bank of Mississippi holds additional liens totaling $403,075, requiring another $3,000/month in debt service. Total monthly debt service required to both secured creditors is $15,500/month.

11. Debtor is short $8,500-$11,500 per month. This shortfall is permanent and insurmountable.

12. Dr. Rose admitted this under oath. When asked if he agreed that debt payments would exceed $15,000/month while Debtor nets only $4,000-$7,000/month, Dr. Rose answered "Yes" to both questions. (Tr. at 37:916-918, 912-914).

13. When asked "how do you plan to repay the two banks with a negative monthly amortization?", Dr. Rose admitted: "I will agree that selling some property is gonna be the way out to take care of the full balance." (Tr. at 38:928-929).

14. Dr. Rose's sworn admission that liquidation is "the way out" conclusively establishes this is a liquidation case, not a reorganization. More than two months after filing, the Debtor has filed no plan or disclosure statement.

15. The Debtor's business model has failed. Dr. Rose attempted to transition from long-term to short-term rentals, requiring $12,000-$18,000 in renovations per property. The transition was never completed.

16. Dr. Rose testified: "I found myself right in the middle place where I had personally invested a lot in the business... I got to that place where it would have been helpful if I

could have continued to invest to finish the transitioning... timing just put me personally in a situation where I couldn't do that, and the business was like in that middle place where it hadn't yet completely been transitioned where it could cover the debt." (Tr. at 6:129-132).

17. Dr. Rose testified that he hasn't taken any salary from Debtor since 2016, instead continuously injecting personal capital to cover operating losses. (Tr. at 27:687-690). He admitted his personal savings are now exhausted and he can no longer fund operations.

18. Even post-petition, Dr. Rose had to "personally invest" funds to lease vacant properties. (Tr. at 38:925-926). Operations cannot continue without his capital infusions, which are no longer available.

19. The status of multiple properties exacerbates the cash crisis:

(a) Three long-term rentals vacant: 749 Claremont; 521 Tammy Drive; 144 Reynolds Street (Tr. at 22:541-559)

(b) Four short-term rentals "low performing": 47A North Town Circle; 111A Fairfax Circle; 118A-B Fairfax Circle (Tr. at 14:319-337)

(c) One tenant evicted owing $4,000-$6,000 uncollected (Tr. at 14-15:347-354)

20. Even full occupancy at market rates cannot close the $8,500-$11,500 monthly shortfall.

21. Also, approximately $100,000 in rental income has disappeared and cannot be accounted for.

22. At $4,000-$7,000/month net income over eleven pre-petition months, Debtor should have generated $44,000-$77,000. Yet Debtor filed this proceeding with negative $364 cash. (Tr. at 31:781-782).

23. When confronted that "there should have been a net of approximately $4,000 to $7,000 a month. Over 12 months, that would have been almost $100,000 and it's nowhere to be found," Dr. Rose had no explanation. (Tr. at 32:784-786).

24. Apparently this missing $100,000 in Citizens' cash collateral was diverted to unknown purposes rather than paying debt service.

25. Debtor's financial records are completely unreliable. On December 19, 2025, Debtor filed a Balance Sheet (Dkt. 53) riddled with errors:

(a) Unexplained $271,000 assets that Dr. Rose could not identify (Tr. at 32-33:793-812)

(b) Fictitious $261,000 "business gold card" liability that Dr. Rose admitted "doesn't exist" (Tr. at 33:822-828)

(c) Mortgage debt shown as $1,117,000 when actual debt exceeds $2,100,000—off by nearly $1 million (Tr. at 35:845-847)

26. Dr. Rose admitted under oath: "I won't say that I thoroughly checked the balance sheet. Again, I'm not an accountant... I should have but I didn't." (Tr. at 35:863-865). He blamed QuickBooks "mapping" errors despite being the only person inputting data. (Tr. at 35:851-854).

27. The Court cannot evaluate adequate protection or reorganization when the Debtor's financial information is admittedly unreliable.

28. The properties are declining in value due to deferred maintenance, incomplete renovations, and multiple vacancies. Dr. Rose testified that the properties require substantial repairs the Debtor cannot afford. (Tr. at 6, 16:125, 387-388; 38:925-926).

29. The Debtor filed this Chapter 11 proceeding solely to delay foreclosure. Dr. Rose admitted liquidation is necessary. The only purpose of this filing is delay.

30. The Debtor continues with post-petition defaults: no January or February 2026 payments to Citizens (now eight months delinquent) and 2024 tax returns still not filed with Court 30+ days after the U.S. Trustee's instruction to do so. (Tr. at 12-13:296-297; 3:46-50).

31. Schedule A/B values the properties at $3,102,000. Total secured debt exceeds $2,200,000 (including accrued interest). The alleged paper equity is $900,000.

32. However, liquidation costs eliminate this equity:

Broker commissions (6%): $186,120

Closing costs, title, surveys: $50,000-$75,000

Evictions and preparation: $25,000-$50,000

Deferred maintenance/repairs: $100,000+

Carrying costs during sale: $75,000-$100,000

Total: $436,120-$511,120, leaving only $400,000-$500,000 in paper equity, or $20,000-$25,000 per property. Given the upside down economics of the Debtor, this cushion will evaporate shortly.

33. The scheduled values are inflated. Dr. Rose admitted they're based on 2½-3 year old appraisals from 2023. (Tr. at 11:255-261). He hired a realtor to get current comps because he doesn't know what properties will "realistically sell for." (Tr. at 11-12:264-265).

34. The properties are not necessary to reorganization because the Debtor cannot reorganize. Dr. Rose admitted liquidation is necessary. After two months, Debtor has no plan, no refinancing, and no outside capital. (Tr. at 38:923-930).

35. This Court should alternatively convert this case to Chapter 7.

36. Dr. Rose admitted liquidation is necessary. Conversion would serve all creditors' interests by: (a) conducting orderly liquidation; (b) investigating the missing $100,000; (c)

maintaining proper records; (d) ensuring proper property maintenance; and (e) making distributions according to priority rather than allowing continued losses while Debtor delays.

37. Cause exists under § 1112(b)(4) because there are continuing estate losses with no likelihood of rehabilitation and the inability to effectuate a plan.

WHEREFORE, PREMISES CONSIDERED, the Citizens National Bank of Meridian requests that this Court grant relief from the automatic stay to allow it to exercise all rights under the Deeds of Trust, Notes, and Mississippi law, including foreclosure under Miss. Code §§ 89-1-55 and 89-1-59, alternatively, convert this case to a Chapter 7 and grant such other relief as is necessary under the circumstances.

DATED: February 18, 2026

**THE CITIZENS NATIONAL BANK OF MERIDIAN**

By: /s/ Jeff Rawlings
Its Attorney

**CERTIFICATE OF SERVICE**

I served a copy of the foregoing on February 18, 2026 by mail to Rose Rental Properties, LLC, 1920 Bellewood Road, Jackson, MS 39211 and via the ECF notification service upon Thomas Carl Rollins, Jr., Craig M. Geno and the Office of the U.S. Trustee.

/s/ Jeff Rawlings
Jeff Rawlings

Jeff Rawlings
Rawlings & MacInnis, P.A.
P.O. Box 1789
Madison, MS 39130-1789
601-898-1180
jeff@rawlingsmacinnis.net
MSB # 4642

**COMMERCIAL PROMISSORY NOTE**
Officer: David Marshall Jackson

Citizens National Bank
*The Power of Local*

## Exhibit A

Madison Banking Center 114 Grandview Boulevard Madison, MS 39110
Phone number: (601) 607-7771

| LOAN NUMBER | NOTE DATE | PRINCIPAL AMOUNT | MATURITY DATE | PROCESSOR | OFFICER |
|---|---|---|---|---|---|
| [redacted]5502 | August 21, 2020 | $1,276,538.97 | August 21, 2025 | Tracey King | David Marshall Jackson |
| LOAN PURPOSE: Refinance 1-4 family rental homes | | | | | |

**BORROWER INFORMATION**
ROSE RENTAL PROPERTIES LLC
1920 BELLEWOOD RD
JACKSON, MS 39211

**NOTE.** This Commercial Promissory Note will be referred to in this document as the "Note."

**LENDER.** "Lender" means The Citizens National Bank of Meridian whose address is Madison Banking Center, 114 Grandview Boulevard, Madison, Mississippi 39110, its successors and assigns.

**BORROWER.** "Borrower" means each person or legal entity who signs this Note.

**PROMISE TO PAY.** For value received, receipt of which is hereby acknowledged, on or before the Maturity Date, the Borrower promises to pay the principal amount of One Million Two Hundred Seventy-six Thousand Five Hundred Thirty-eight and 97/100 Dollars ($1,276,538.97) and all interest on the outstanding principal balance and any other charges, including service charges, to the order of Lender at its office at the address noted above or at such other place as Lender may designate in writing. The Borrower will make all payments in lawful money of the United States of America.

**PAYMENT SCHEDULE.** This Note will be paid according to the following schedule: 59 consecutive payments of principal and interest in the amount of $9,382.22 beginning on September 21, 2020 and continuing on the same day of each month thereafter. One final balloon payment of $940,364.88 shall be due on the Maturity Date. All payments received by the Lender from the Borrower for application to this Note may be applied to the Borrower's obligations under this Note in such order as determined by the Lender.

**INTEREST RATE AND SCHEDULED PAYMENT CHANGES.** Interest will begin to accrue on August 21, 2020. The interest rate on this Note will be fixed at 3.850% per annum.

Nothing contained herein shall be construed as to require the Borrower to pay interest at a greater rate than the maximum allowed by law. If, however, from any circumstances, Borrower pays interest at a greater rate than the maximum allowed by law, the obligation to be fulfilled will be reduced to an amount computed at the highest rate of interest permissible under applicable law and if, for any reason whatsoever, Lender ever receives interest in an amount which would be deemed unlawful under applicable law, such interest shall be automatically applied to amounts owed, in Lender's sole discretion, or as otherwise allowed by applicable law. Interest on this Note is calculated on an Actual/360 day basis. This calculation method results in a higher effective interest rate than the numeric interest rate stated in this Note. The unpaid balance of this loan after the Maturity Date, whether by acceleration or otherwise, shall be subject to a post-maturity rate of interest equal to 5% above contract rate.

**LATE PAYMENT CHARGE.** If any required payment is more than 15 days late, then at Lender's option, Lender will assess a late payment charge of 4.000% of the amount of the regularly scheduled payment then past due, subject to a maximum charge of $50.00 and a minimum charge of $5.00.

**PREPAYMENT PENALTY.** This Note is subject to a prepayment penalty. Payment of all unpaid principal, accrued and unpaid interest and all other fees then outstanding prior to the Maturity Date will result in a penalty that shall be equal to: For loans with a term of greater than Five (5) years, Borrower will pay a 5% penalty of the outstanding principal balance if the loan is paid off within the first year from the contract date; Borrower will pay a 4% penalty of the outstanding principal balance if the loan is paid off within the second year from the contract date; Borrower will pay a 3% penalty of the outstanding principal balance if the loan is paid off within the third year from the contract date; Borrower will pay a 2% penalty of the outstanding principal balance if the loan is paid off within the fourth year from the contract date; Borrower will pay a 1% penalty of the outstanding principal balance if the loan is paid off within the fifth year from the contract date. For loans with a term of Five (5) years or less, Borrower will pay a 3% penalty of the outstanding principal balance if the loan is paid off within the first year from the contract date; Borrower will pay a 2% penalty of the outstanding principal balance if the loan is paid off within the second year from the contract date; Borrower will pay a 1% penalty of the outstanding principal balance if the loan is paid off within the third year from the contract date.

**SECURITY TO NOTE.** Security (the "Collateral") for this Note is granted pursuant to the following security document(s):

- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 118-A Fairfax Circle, Brandon MS 39047.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 4257 Old Brandon Rd, Pearl MS 39208.

CSI

- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 749 Clearmont Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 2069 Murray Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 521 Tammy Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 47-A Northtown Circle, Jackson MS 39211.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 105 Northtown Drive, Jackson MS 39211.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 128 N Brighton St, Jackson MS 39211.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 689 West Drive, Ridgeland MS 39157.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 928 Garvin St, Jackson MS 39206.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 2361-B River Oaks Blvd, Jackson MS 39211.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 118-B Fairfax Circle, Brandon MS 39047.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 832 Sussex Place, Ridgeland MS 39157.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 111-A Fairfax Circle, Brandon MS 39047.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 100 Vine Lane, Brandon MS 39047.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 652 Rahle Circle, Ridgeland MS 39157.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 801 Planters Point, Canton MS 39046.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 344 Reynolds Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 251 Maxine Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated August 21, 2020 evidencing an assignment of leases and rents on the property located at 282 Marilyn Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 118-A Fairfax Circle, Brandon MS 39047.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 4257 Old Brandon Rd, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 749 Clearmont Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 2069 Murray Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 521 Tammy Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 47-A Northtown Circle, Jackson MS 39211.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 105 Northtown Drive, Jackson MS 39211.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 128 N Brighton St, Jackson MS 39211.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 689 West Drive, Ridgeland MS 39157.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 928 Garvin St, Jackson MS 39206.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 2361-B River Oaks Blvd, Jackson MS 39211.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 118-B Fairfax Circle, Brandon MS 39047.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 832 Sussex Place, Ridgeland MS 39157.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 111-A Fairfax Circle, Brandon MS 39047.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 100 Vine Lane, Brandon MS 39047.

CSI

- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 632 Raldo Circle, Ridgeland MS 39157.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 801 Planters Point, Canton MS 39046.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 144 Reynolds Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 251 Maxine Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $1,276,538.97, dated August 21, 2020 evidencing a lien on the property located at 282 Marilyn Drive, Pearl MS 39208.

**GUARANTY.** In support of this transaction, a Guaranty dated August 21, 2020 has been executed by JERRICK W ROSE.

**RIGHT OF SET-OFF.** To the extent permitted by law, Borrower agrees that Lender has the right to set-off any amount due and payable under this Note, whether matured or unmatured, against any amount owing by Lender to Borrower including any or all of Borrower's accounts with Lender. This shall include all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. Such right of set-off may be exercised by Lender against Borrower or against any assignee for the benefit of creditors, receiver, or execution, judgment or attachment creditor of Borrower, or against anyone else claiming through or against Borrower or such assignee for the benefit of creditors, receiver, or execution, judgment or attachment creditor, notwithstanding the fact that such right of set-off has not been exercised by Lender prior to the making, filing or issuance or service upon Lender of, or of notice of, assignment for the benefit of creditors, appointment or application for the appointment of a receiver, or issuance of execution, subpoena or order or warrant. Lender will not be liable for the dishonor of any check when the dishonor occurs because Lender set-off a debt against Borrower's account. Borrower agrees to hold Lender harmless from any claim arising as a result of Lender exercising Lender's right to set-off.

**DISHONORED ITEM FEE.** If Borrower makes a payment on the loan with a check or preauthorized charge which is later dishonored, a fee in the amount of $37.00 will be charged.

**RELATED DOCUMENTS.** The words "Related Documents" mean all promissory notes, security agreements, mortgages, deeds of trust, deeds to secure debt, business loan agreements, construction loan agreements, resolutions, guaranties, environmental agreements, subordination agreements, assignments, and any other documents or agreements executed in connection with the indebtedness evidenced hereby this Note whether now or hereafter existing, including any modifications, extensions, substitutions or renewals of any of the foregoing. The Related Documents are hereby made a part of this Note by reference thereto, with the same force and effect as if fully set forth herein.

**DEFAULT.** Upon the occurrence of any one of the following events (each, an "Event of Default" or "default" or "event of default"), Lender's obligations, if any, to make any advances will, at Lender's option, immediately terminate and Lender, at its option, may declare all indebtedness of Borrower to Lender under this Note immediately due and payable without further notice of any kind notwithstanding anything to the contrary in this Note or any other agreement: (a) Borrower's failure to make any payment on time or in the amount due; (b) any default by Borrower under the terms of this Note or any other Related Documents executed in connection with this Note; (c) any default by Borrower under the terms of any Related Documents in favor of Lender; (d) the death, dissolution, or termination of existence of Borrower or any guarantor; (e) Borrower is not paying Borrower's debts as such debts become due; (f) the commencement of any proceeding under bankruptcy or insolvency laws by or against Borrower or any guarantor or the appointment of a receiver; (g) any default under the terms of any other indebtedness of Borrower to any other creditor; (h) any writ of attachment, garnishment, execution, tax lien or similar instrument is issued against any collateral securing the loan, if any, or any of Borrower's property or any judgment is entered against Borrower or any guarantor; (i) any part of Borrower's business is sold to or merged with any other business, individual, or entity; (j) any representation or warranty made by Borrower to Lender in any of the Related Documents or any financial statement delivered to Lender proves to have been false in any material respect as of the time when made or given; (k) if any guarantor, or any other party to any Related Documents in favor of Lender entered into or delivered in connection with this Note terminates, attempts to terminate or defaults under any such Related Documents; (l) Lender has deemed itself insecure or there has been a material adverse change of condition of the financial prospects of Borrower or any collateral securing the obligations owing to Lender by Borrower. Upon the occurrence of an event of default, Lender may pursue any remedy available under any Related Document, at law or in equity; (m) Any change in ownership of twenty-five percent or more of the common stock of Borrower.

**GENERAL WAIVERS.** To the extent permitted by law, the Borrower severally waives any required notice of presentment, demand, acceleration, intent to accelerate, protest and any other notice and defense due to extensions of time or other indulgence by Lender or to any substitution or release of collateral. No failure or delay on the part of Lender, and no course of dealing between Borrower and Lender, shall operate as a waiver of such power or right, nor shall any single or partial exercise of any power or right preclude other or further exercise thereof or the exercise of any other power or right. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them.

**JOINT AND SEVERAL LIABILITY.** If permitted by law, each Borrower executing this Note is jointly and severally bound.

**SEVERABILITY.** If a court of competent jurisdiction determines any term or provision of this Note is invalid or prohibited by applicable law, that term or provision will be ineffective to the extent required. Any term or provision that has been determined to be invalid or prohibited will be severed from the rest of this Note without invalidating the remainder of either the affected provision or this Note.

**SURVIVAL.** The rights and privileges of the Lender hereunder shall inure to the benefits of its successors and assigns, and this Note shall be binding on all heirs, executors, administrators, assigns, and successors of Borrower.

**ASSIGNABILITY.** Lender may assign, pledge or otherwise transfer this Note or any of its rights and powers under this Note without notice, with all or any of the obligations owing to Lender by Borrower, and in such event the assignee shall have the same rights as if originally named herein in place of Lender. Borrower may not assign this Note or any benefit accruing to it hereunder without the express written consent of the Lender.

**DUTY TO NOTIFY.** Borrower agrees to notify Lender if there is any change in the beneficial ownership information provided to Lender. Additionally, Borrower agrees to provide Lender with updated beneficial ownership information in the event there is any change in the beneficial ownership information provided to Lender.

**ORAL AGREEMENTS DISCLAIMER.** This Note represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

**GOVERNING LAW.** This Note is governed by the laws of the state of Mississippi except to the extent that federal law controls.

**HEADING AND GENDER.** The headings preceding text in this Note are for general convenience in identifying subject matter, but have no limiting impact on the text which follows any particular heading. All words used in this Note shall be construed to be of such gender or number as the circumstances require.

**ATTORNEYS' FEES AND OTHER COSTS.** Borrower agrees to pay all of Lender's costs and expenses in connection with the enforcement of this Note including, without limitation, reasonable attorneys' fees, to the extent permitted by law.

By signing this Note, Borrower acknowledges reading, understanding, and agreeing to all its provisions and receipt hereof.

ROSE RENTAL PROPERTIES LLC

By: JERRICK W ROSE  8-21-2020
Its: Member  Date




COMMERCIAL LINE OF CREDIT
AGREEMENT AND NOTE
Open End
Officer: Melody Rosenbaum

Citizens National Bank
*The Power of Local*

# Exhibit B

Madison Banking Center 114 Grandview Boulevard
Phone number: (601) 607-7171

| [redacted] | | | | | |
|---|---|---|---|---|---|
| [redacted]7063 | March 22, 2023 | $597,000.00 | March 22, 2026 | FRE | Melody Rosenbaum |
| LOAN PURPOSE: Revolving Line of Credit - Working Capital Purposes | | | | | |

BORROWER INFORMATION
ROSE RENTAL PROPERTIES LLC
1920 BELLWOOD RD
JACKSON, MS 39211

JERRICK W ROSE
1920 BELLEWOOD RD
JACKSON, MS 39211

**LINE OF CREDIT AGREEMENT AND NOTE.** This Commercial Line of Credit Agreement and Note will be referred to in this document as the "Agreement."

**LENDER.** "Lender" means The Citizens National Bank of Meridian whose address is Madison Banking Center, 114 Grandview Boulevard, Madison, Mississippi 39110, its successors and assigns.

**BORROWER.** "Borrower" means each person or legal entity who signs this Agreement.

**PROMISE TO PAY.** For value received, receipt of which is hereby acknowledged, on or before March 22, 2026 (the "Maturity Date"), the Borrower promises to pay the principal amount of Five Hundred Ninety-seven Thousand and 00/100 Dollars ($597,000.00) (the "Line of Credit Limit") or such lesser amount as shall have been advanced by Lender, from time to time, to or on behalf of Borrower under the terms of this Agreement, and all interest on the outstanding principal balance and any other charges, including service charges, to the order of Lender at its office at the address noted above or at such other place as Lender may designate in writing. The Borrower will make all payments in lawful money of the United States of America.

**PAYMENT SCHEDULE.** This Agreement will be paid according to the following required payment schedule: Beginning on April 22, 2023, monthly payments of accrued and unpaid interest. The unpaid principal balance of this Agreement, together with all accrued interest and charges owing in connection therewith, shall be due and payable on the Maturity Date.

**APPLICATION OF PAYMENTS.** All payments received by the Lender from the Borrower for application to this Agreement may be applied to the Borrower's obligations under this Agreement in such order as determined by the Lender.

**INTEREST.**

**Interest Rate and Scheduled Payment Changes.** Interest will begin to accrue on March 22, 2023 . The interest rate on this Agreement will be fixed at 7.750 % per annum.

**Compliance with Law.** Nothing contained herein shall be construed as to require the Borrower to pay interest at a greater rate than the maximum allowed by law. If, however, from any circumstances, Borrower pays interest at a greater rate than the maximum allowed by law, the obligation to be fulfilled will be reduced to an amount computed at the highest rate of interest permissible under applicable law and if, for any reason whatsoever, Lender ever receives interest in an amount which would be deemed unlawful under applicable law, such interest shall be automatically applied to amounts owed, in Lender's sole discretion, or as otherwise allowed by applicable law.

**Accrual Method.** Interest on this Agreement is calculated on an Actual/360 day basis. This calculation method results in a higher effective interest rate than the numeric interest rate stated in this Agreement.

**Default Rate.** The unpaid balance of this loan after the Maturity Date, whether by acceleration or otherwise, shall be subject to a post-maturity rate of interest equal to 5% above contract rate.

**LATE PAYMENT CHARGE.** If any required payment is more than 15 days late, then at Lender's option, Lender will assess a late payment charge of 4.000% of the amount of the regularly scheduled payment then past due, subject to a maximum charge of $50.00 and a minimum charge of $5.00.

**LINE OF CREDIT TERMS.**

**General.** The advances under this Agreement are discretionary. The Borrower acknowledges and agrees that although the Borrower may from time to time request an advance under this Agreement up to a maximum amount equal to the Line of Credit Limit, the Lender in no way is obligated to make such advance, Lender may at any time, with or without cause, refuse to extend credit, and all advances will be made by Lender in its sole and absolute discretion and subject to the terms and conditions of this Agreement.

**Advances.**

*Requests.* Advances under this Agreement may be requested orally or in writing by the Borrower or by an authorized person on behalf of the Borrower.

[redacted]

*Limits on Advances.* The total of any pending advances requested and the unpaid principal amount, at any given time, cannot exceed the Line of Credit Limit.

*Account.* All advances made will be charged to a loan account in Borrower's name on Lender's books, and the Lender shall debit such account the amount of each advance made to, and credit to such account the amount of each repayment made by Borrower.

**Suspension and Termination.** Subject to Lender's right to make any advances under this Agreement in its sole and absolute discretion, advances under this Agreement will be available until the earliest of any date or event described below occurs: (a) the Maturity Date, (b) the date the Line of Credit is canceled by Borrower, or (c) the date the Line of Credit is canceled by the Lender due to an occurrence of an Event of Default.

**SECURITY TO NOTE.** Security for this Agreement is granted pursuant to the following security document(s):

- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 118-A Fairfax Circle, Brandon MS 39047.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 4257 Old Brandon Rd, Pearl MS 39208.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 749 Clearmont Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 2069 Murray Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 521 Tammy Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 47-A Northtown Circle, Jackson MS 39211.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 105 Northtown Drive, Jackson MS 39211.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 128 N Brighton Dr, Jackson MS 39211.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 689 West Drive, Ridgeland MS 39157.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 928 Garvin Street, Jackson MS 39206.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 2361-B River Oaks Blvd, Jackson MS 39211.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 118-B Fairfax Circle, Brandon MS 39047.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 832A Sussex Place, Ridgeland MS 39157.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 111-A Fairfax Circle, Brandon MS 39047.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 100 Vine Lane, Brandon MS 39047.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 632 Ralda Circle, Brandon MS 39157.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 801 Planters Point, Canton MS 39046.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 144 Reynolds Street, Pearl MS 39208.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 251 Maxine Drive, Pearl MS 39208.
- Assignment of Leases and Rents dated March 22, 2023 evidencing an assignment of leases and rents on the property located at 282 Marilyn Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 118-A Fairfax Circle, Brandon MS 39047.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 4257 Old Brandon Rd, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 749 Clearmont Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 2069 Murray Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 521 Tammy Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 47-A Northtown Circle, Jackson MS 39211.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 105 Northtown Drive, Jackson MS 39211.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 128 N Brighton Dr, Jackson MS 39211.

[redacted]

- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 689 West Drive, Ridgeland MS 39157.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 928 Garvin Street, Jackson MS 39206.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 2361-B River Oaks Blvd, Jackson MS 39211.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 118-B Fairfax Circle, Brandon MS 39047.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 832A Sussex Place, Ridgeland MS 39157.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 111-A Fairfax Circle, Brandon MS 39047.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 100 Vine Lane, Brandon MS 39047.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 632 Ralde Circle, Brandon MS 39157.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 801 Planters Point, Canton MS 39046.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 144 Reynolds Street, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 251 Maxine Drive, Pearl MS 39208.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $597,000.00, dated March 22, 2023 evidencing a lien on the property located at 282 Marilyn Drive, Pearl MS 39208.
- Security Agreement dated March 22, 2023 evidencing security interest in All Furniture, Fixtures and Equipment; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds).

**RIGHT OF SET-OFF.** To the extent permitted by law, Borrower agrees that Lender has the right to set-off any amount due and payable under this Agreement, whether matured or unmatured, against any amount owing by Lender to Borrower including any or all of Borrower's accounts with Lender. This shall include all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. Such right of set-off may be exercised by Lender against Borrower or against any assignee for the benefit of creditors, receiver, or execution, judgment or attachment creditor of Borrower, or against anyone else claiming through or against Borrower or such assignee for the benefit of creditors, receiver, or execution, judgment or attachment creditor, notwithstanding the fact that such right of set-off has not been exercised by Lender prior to the making, filing or issuance or service upon Lender of, or of notice of, assignment for the benefit of creditors, appointment or application for the appointment of a receiver, or issuance of execution, subpoena or order or warrant. Lender will not be liable for the dishonor of any check when the dishonor occurs because Lender set-off a debt against Borrower's account. Borrower agrees to hold Lender harmless from any claim arising as a result of Lender exercising Lender's right to set-off.

**DISHONORED ITEM FEE.** If Borrower makes a payment on the loan with a check or preauthorized charge which is later dishonored, a fee in the amount of $37.00 will be charged.

**RELATED DOCUMENTS.** The words "Related Documents" mean all promissory notes, security agreements, mortgages, deeds of trust, deeds to secure debt, business loan agreements, construction loan agreements, resolutions, guaranties, environmental agreements, subordination agreements, assignments, and any other documents or agreements executed in connection with the indebtedness evidenced hereby this Agreement whether now or hereafter existing, including any modifications, extensions, substitutions or renewals of any of the foregoing. The Related Documents are hereby made a part of this Agreement by reference thereto, with the same force and effect as if fully set forth herein.

**DEFAULT.** Upon the occurrence of any one of the following events (each, an "Event of Default" or "default" or "event of default"), Lender's obligations, if any, to make any advances will, at Lender's option, immediately terminate and Lender, at its option, may declare all indebtedness of Borrower to Lender under this Note immediately due and payable without further notice of any kind notwithstanding anything to the contrary in this Note or any other agreement: (a) Borrower's failure to make any payment on time or in the amount due; (b) any default by Borrower under the terms of this Note or any other Related Documents executed in connection with this Note; (c) any default by Borrower under the terms of any Related Documents in favor of Lender; (d) the death, dissolution, or termination of existence of Borrower or any guarantor; (e) Borrower is not paying Borrower's debts as such debts become due; (f) the commencement of any proceeding under bankruptcy or insolvency laws by or against Borrower or any guarantor or the appointment of a receiver; (g) any default under the terms of any other indebtedness of Borrower to any other creditor; (h) any writ of attachment, garnishment, execution, tax lien or similar instrument is issued against any collateral securing the loan, if any, or any of Borrower's property or any judgment is entered against Borrower or any guarantor; (i) any part of Borrower's business is sold to or merged with any other business, individual, or entity; (j) any representation or warranty made by Borrower to Lender in any of the Related Documents or any financial statement delivered to Lender proves to have been false in any material respect as of the time when made or given; (k) if any guarantor, or any other party to any Related Documents in favor of Lender entered into or delivered in connection with this Note terminates, attempts to terminate or defaults under any such Related Documents; (l) Lender has deemed itself insecure or there has been a material adverse change of condition of the financial prospects of Borrower or any collateral securing the obligations owing to Lender by Borrower. Upon the occurrence of an event of default, Lender may pursue any remedy available under any Related Document, at law or in equity; (m) Any change in ownership of twenty-five percent or more of the common stock of Borrower.

**GENERAL WAIVERS.** To the extent permitted by law, the Borrower severally waives any required notice of presentment, demand, acceleration, intent to accelerate, protest and any other notice and defense due to extensions of time or other indulgence by Lender or to any

substitution or release of collateral. No failure or delay on the part of Lender, and no course of dealing between Borrower and Lender, shall operate as a waiver of such power or right, nor shall any single or partial exercise of any power or right preclude other or further exercise thereof or the exercise of any other power or right. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them.

**JOINT AND SEVERAL LIABILITY.** The liability of all parties obligated in any manner under this Agreement shall be joint and several, to the extent of their respective obligations.

**SEVERABILITY.** If a court of competent jurisdiction determines any term or provision of this Agreement is invalid or prohibited by applicable law, that term or provision will be ineffective to the extent required. Any term or provision that has been determined to be invalid or prohibited will be severed from the rest of this Agreement without invalidating the remainder of either the affected provision or this Agreement.

**SURVIVAL.** The rights and privileges of the Lender hereunder shall inure to the benefits of its successors and assigns, and this Agreement shall be binding on all heirs, executors, administrators, assigns, and successors of Borrower.

**ASSIGNABILITY.** Lender may assign, pledge or otherwise transfer this Agreement or any of its rights and powers under this Agreement without notice, with all or any of the obligations owing to Lender by Borrower, and in such event the assignee shall have the same rights as if originally named herein in place of Lender. Borrower may not assign this Agreement or any benefit accruing to it hereunder without the express written consent of the Lender.

**DUTY TO NOTIFY.** Borrower agrees to notify Lender if there is any change in the beneficial ownership information provided to Lender. Additionally, Borrower agrees to provide Lender with updated beneficial ownership information in the event there is any change to the beneficial ownership information provided to Lender.

**ORAL AGREEMENTS DISCLAIMER.** This Agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

**GOVERNING LAW.** This Agreement is governed by the laws of the state of Mississippi except to the extent that federal law controls.

**HEADING AND GENDER.** The headings preceding text in this Agreement are for general convenience in identifying subject matter, but have no limiting impact on the text which follows any particular heading. All words used in this Agreement shall be construed to be of such gender or number as the circumstances require.

**ATTORNEY'S FEES, COSTS, AND EXPENSES.** Borrower agrees to pay all of Lender's costs, fees, and expenses arising out of or related to the enforcement of this Agreement or the relationship between the parties. Included in the fees that Lender may recover from Borrower are the reasonable attorney's fees that Lender incurs, including all fees incurred in the course of representing Lender before, during, or after any lawsuit, arbitration, or other proceeding and those incurred in appeals, whether the issues arise out of contract, tort, bankruptcy, or any other area of law. Included in the costs and expenses which Lender may recover are all court, alternative dispute resolution or other collection costs, and all expenses incidental to perfecting Lender's security interests and liens, preserving the collateral (including payment of taxes and insurance), records searches, and expenses related to audits, inspection, and copying. All costs and expenses Lender is entitled to recover shall accrue interest at the highest rate set forth hereunder or in any of the Related Documents.

By signing this Agreement, Borrower acknowledges reading, understanding, and agreeing to all its provisions and receipt hereof.

[signature] 3-22-23
JERRICK W ROSE, Individually — Date

ROSE RENTAL PROPERTIES LLC

[signature] 3-22-23
By: JERRICK W ROSE, Its: Member — Date

