# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Rose Rental Properties, LLC, Debtor          Case No. 25-03091-KMS
                                                      CHAPTER 11

## MOTION TO APPROVE THE SALE OF CERTAIN REAL PROPERTY

COMES NOW, Debtor, by and through counsel, and moves this Court to approve the sale of certain real property, and in support thereof, would show the Court as follows:

1. Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2. That Debtor has put up for sale for Certain Real Property located at 100 Vine Lane, Brandon, MS 39046 ("Property").  This includes the house and land that is mortgaged by Citizens National Bank ("Creditor"), and more particularly described as:

    Lot 46 Turtle Creek Sub DB 352 Pg 473 0071177

3. That Victoria Prowant has been approved by the Court as a Realtor to list the debtor's properties.

4. That Debtor wishes to sell the property for $214,900.00.  That the loan with Creditor should be paid from the proceeds after all closing costs and provisions have been paid.

5. That the Debtor shall pay the following closing costs and provisions:

    a. Commission to Sellers agent in the amount of 2.5% of Gross Sales Price.

    b. Commission to Buyers agent in the amount of 3% of Gross Sales Price

    c. Kitchen refrigerator will remain with property, at no additional value or cost.

    d. All taxes, rents, utilities, and other assessments and appropriate Property Owners Fees to be prorated as of the date of closing.

    e. If Homestead is not filed for year of closing, Seller to pay difference in tax amount.

6. That the Creditor's lien shall not be subordinated to any costs or expenses other than ad valorem taxes paid at closing, the above provisions in paragraph 5, and any additional commercially reasonable costs approved by the Creditor.

7. That the expected closing date is March 31, 2026.

8. That the offer is subject to FHA loan approval. That to the extent the purchase agreement contains a financing contingency, proof of pre-approval or pre-qualification shall be

provided to Creditor within seven (7) days of entry of an Order on this Motion, and a firm loan commitment shall be provided within thirty (30) days of entry of an Order.

9. That if the contract were to fail for any reason other than the Seller's default, the $1,500.00 earnest money shall be forfeited to Creditor.
10. That a copy of the contract is atached as Exhibit" A."
11. That Debtor shall provide Creditor with the proposed settlement statement, deed, title commitment, and payoff statement no later than forty-eight (48) hours prior to closing, or as soon as reasonably practicable given the timing of final figures in residential transactions. Creditor should use reasonable efforts to respond promptly; failure to timely respond shall constitute approval.
12. That the property should be sold free and clear of all liens, claims, interests, and encumberances pursuant to 11 USC §363(f), with all such liens and interests to attach to the sales proceeds in the same priority as they attached to the Property.
13. That the Creditor shall be paid from the proceeds as a condition of closing. All net sale proceeds, after payment of prorated ad valorem taxes and court approved closing costs, shall be paid directly to Creditor through the closing agent at closing by wire transfer or cashier's check and shall not be held by the Debtor or Debtor's counsel
14. That upon entry of an order, the automatic stay under 11 USC §362(d) shall be lifted as to the sale proceeds only to allow the Creditor to apply proceeds to the loan.

WHEREFORE, Debtor prays that this motion be approved and for such additional or alternative relief as may be just and proper.

Respectfully submitted

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533