## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**     **Rose Rental Properties, LLC, Debtor**       **Case No. 25-03091-KMS**
                                                    **CHAPTER 11**

### NOTICE

Debtor has filed papers with the court to approve the sale of certain real property.
**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Motion, or if you want the court to consider your views on the Motion, then on or before 7 days, you or your attorney must:

File with the court a written request for a hearing at:

U.S. Bankruptcy Clerk
U.S. Bankruptcy Court
Thad Cochran United States Courthouse
501 E. Court St., Ste 2.300
Jackson, MS 39201

If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to the debtors' attorney:

Thomas C. Rollins, Jr.
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief, which shall sustain this Motion.

Date: March 5, 2026         Signature:    /s/ Thomas C. Rollins, Jr.
                                        Thomas C. Rollins, Jr. (MSBN 103469)
                                        Jennifer A Curry Calvillo (MSBN 104367)
                                        The Rollins Law Firm, PLLC
                                        PO Box 13767
                                        Jackson, MS 39236
                                        601-500-5533
                                        trollins@therollinsfirm.com



**SO ORDERED,**

*Katharine M. Samson*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: March 4, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    **Rose Rental Properties, LLC, Debtor**          **Case No. 25-03091-KMS**
                                                                              **CHAPTER 11**

### <u>ORDER REDUCING NOTICE TIME ON DEBTOR'S MOTION</u>

THIS CAUSE having come on this date on the Motion to Reduce Notice Time on Debtor's Motion (DK #137), the Court having reviewed and considered the facts herein, does find as follows:

IT IS THEREFORE ORDERED the Debtor's Motion to Reduce Notice Time (Dk # 137) is hereby granted. The twenty-one (21) day notice period on the Debtor' Motion to Approve the Sale of Certain Real Property (Dk # 136) is shortened to a seven (7) day wait period. All other provisions of the Federal Rules of Bankruptcy Procedure and Local Rules not inconsistent with this Order shall remain in full force and effect.

#END OF ORDER#

AGREED BY:
<u>/s/ Thomas C. Rollins, Jr.</u>
Thomas C. Rollins, Jr. (MS Bar No. 103469)
The Rollins Law Firm
P.O. Box 13767
Jackson, MS 39236
601-500-5533
ATTORNEY FOR DEBTOR

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**    **Rose Rental Properties, LLC, Debtor**          **Case No. 25-03091-KMS**
                                                                                  **CHAPTER 11**

## MOTION TO APPROVE THE SALE OF CERTAIN REAL PROPERTY

COMES NOW, Debtor, by and through counsel, and moves this Court to approve the sale of certain real property, and in support thereof, would show the Court as follows:

1. Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2. That Debtor has put up for sale for Certain Real Property located at 128 N Brighton Drive, Jackson, MS 39211 ("Property"). This includes the house and land that is mortgaged by Citizens National Bank ("Creditor"), and more particularly described as:

    Lot 61 North Brighton Pt 3

3. That Victoria Prowant has been approved by the Court as a Realtor to list the debtor's properties.

4. That Debtor wishes to sell the property for $147,900.00. That the loan with Creditor should be paid from the proceeds after all closing costs and provisions have been paid.

5. That the Debtor shall pay the following closing costs and provisions:

    a. Commission to Sellers agent in the amount of 2.5% of Gross Sales Price.

    b. Commission to Buyers agent in the amount of 2.5% of Gross Sales Price

    c. Kitchen refrigerator will remain with property, at no additional value or cost.

    d. All taxes, rents, utilities, and other assessments and appropriate Property Owners Fees to be prorated as of the date of closing.

    e. If Homestead is not filed for year of closing, Seller to pay difference in tax amount.

    f. Range, washer and dryer, dishwasher, oven and microwave are to remain with the property. These items have no value.

6. That the Creditor's lien shall not be subordinated to any costs or expenses other than ad valorem taxes paid at closing, the above provisions in paragraph 5, and any additional commercially reasonable costs approved by the Creditor.

7. That the expected closing date is March 25, 2026.

8. That the offer is subject to Conventional loan approval. That to the extent the purchase agreement contains a financing contingency, proof of pre-approval or pre-qualification shall be provided to Creditor within seven (7) days of entry of an Order on this Motion, and a firm loan commitment shall be provided within thirty (30) days of entry of an Order.

9. That if the contract were to fail for any reason other than the Seller's default, the $1,000.00 earnest money shall be forfeited to Creditor.

10. That a copy of the contract is atached as Exhibit" A."

11. That Debtor shall provide Creditor with the proposed settlement statement, deed, title commitment, and payoff statement no later than forty-eight (48) hours prior to closing, or as soon as reasonably practicable given the timing of final figures in residential transactions. Creditor should use reasonable efforts to respond promptly; failure to timely respond shall constitute approval.

12. That the property should be sold free and clear of all liens, claims, interests, and encumberances pursuant to 11 USC §363(f), with all such liens and interests to attach to the sales proceeds in the same priority as they attached to the Property.

13. That the Creditor shall be paid from the proceeds as a condition of closing. All net sale proceeds, after payment of prorated ad valorem taxes and court approved closing costs, shall be paid directly to Creditor through the closing agent at closing by wire transfer or cashier's check and shall not be held by the Debtor or Debtor's counsel

14. That upon entry of an order, the automatic stay under 11 USC §362(d) shall be lifted as to the sale proceeds only to allow the Creditor to apply proceeds to the loan.

WHEREFORE, Debtor prays that this motion be approved and for such additional or alternative relief as may be just and proper.

Respectfully submitted

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533



## CONTRACT FOR THE SALE AND PURCHASE OF
## REAL ESTATE

This form is provided as a courtesy to the parties only. It is not required to be used in this transaction and may not fit the needs, goals and purposes of the parties. The Mississippi Association of REALTORS® makes no statement or warranty as to this form, its contents or use, and the parties, by their use of this form, acknowledge said facts and agree that neither the Mississippi Association of REALTORS® nor any member thereof shall be liable to any party or person for its contents or use. If any party to this transaction does not fully understand it, or has any questions, the party should seek advice from a competent legal professional before signing.

1.  **1. PARTIES.** Buyer <u>Candace Donahue</u>
2.  Seller <u>JERRICK W ROSE</u>
3.  Buyer agrees to buy and Seller agrees to sell the herein described property on the terms and conditions set forth herein.
4.  **2. PROPERTY. Description:** <u>LOT 61 NORTH BRIGHTON PT 3</u>
5.  _____
6.  <u>128 N Brighton Drive</u>_____ , <u>Jackson</u>_____ , <u>39211</u>_____ in <u>Hinds</u>_____ County, MS.
7.  (street address, if available)          (city)          (zip code)          (county)
8.  The Property is further described as tax parcel(s)/PPIN # <u>0753-0005-052</u>_____, _____, _____
9.  together with any of the following presently located therein, at no additional value: all built-in appliances, installed smart home
10. systems and peripheral devices, ceiling fans, all plumbing and heating and air conditioning equipment including any window units,
11. stationary laundry tubs, water heaters, doors, windows, storm doors and windows, window treatments (e.g., shutters, blinds, shades)
12. and associated hardware, awnings, carpet, bathroom fixtures and mirrors, lighting fixtures and their shades, gas logs, fireplace doors
13. and screens, security system components, smoke detectors, garage door openers, antennae and satellite dishes (including rotor
14. equipment but excluding proprietary components), central vacuum systems/attachments, landscaping, fences, permanently installed
15. pet fences and equipment (including collars), gates, outdoor lighting, swimming pools and equipment, mailboxes, water pump(s) and
16. pressure tanks, permanently installed playground equipment, and permanently installed cooking grills, keys to all doors with keyed
17. locks or deadbolts, and all other personal property items permanently attached in any manner unless specifically excluded herein.
18. Kitchen  Refrigerator ☒ will  ☐ will not remain with Property, at no additional value.
19. **3. PURCHASE PRICE.** Buyer agrees to pay a purchase price of $ <u>147,900</u>_____ ("Purchase Price")
20. by Federal Reserve wire transfer, Cashier's Check issued by a financial institution as defined in 12 CFR § 229.2(i), or such form as
21. is approved in writing by Seller.
22. **4. EARNEST MONEY. (SELECT ONE):**
23.   ☒ Buyer has tendered the sum of $ <u>1,000</u>_____ as Earnest Money to [CHECK <u>ONE</u>] ☐ Listing Broker ☒ Buyer's
24. Broker who shall be fully responsible for said Earnest Money at all times. Responsible Broker shall hold Earnest Money until a
25. binding Contract is entered into <u>OR</u> until such time as negotiations fail to result in a binding Contract, in which case the Earnest
26. Money shall be promptly returned to Buyer. Upon entry of the parties into a binding Contract, said Broker shall deposit the Earnest
27. Money into a federally insured trust account by the close of business of the next banking day following the Effective Date of the
28. Contract, where it shall be held until the transaction is successfully consummated (at Closing) or termination of the transaction.
29.   ☐ Buyer has not tendered Earnest Money. Buyer will tender by the end of the next banking day following the Effective Date (as
30. defined in Section 9(D)) of this Contract) a sum of $ _____ as Earnest Money to [CHECK <u>ONE</u>] ☐ Listing Broker
31. ☐ Buyer's Broker, who shall deposit it into a federally insured trust account by the close of business of the next banking day, where
32. it shall be held until the transaction is successfully consummated (at Closing) or termination of the transaction. Buyer shall hold
33. Seller and all Brokers and Salespersons harmless from all claims for damage arising out of or relating to fraudulent or negligent acts
34. of third parties involved with or handling implementation of electronic transfers of Earnest Money. Buyer's failure to tender said
35. sum by the end of the next banking day following the said Effective Date shall constitute a material breach hereof and terminate the
36. Contract unless Seller agrees <u>in writing</u> to extend the time for Buyer to tender Earnest Money and Buyer thereafter timely tenders
37. said Earnest Money. Failure of Buyer to timely tender Earnest Money by the deadline as extended shall terminate the Contract.
38.   ☐ See attached Earnest Money Escrow Agreement/Addendum.

39. Any Earnest Money delivered to a non-broker licensee shall immediately be delivered to the Broker responsible for the Earnest
40. Money deposit. In the event any Earnest Money check is dishonored by the bank on which it is drawn, Broker shall immediately
41. notify all parties involved. Should the transaction be terminated prior to Closing through no breach of Buyer, Broker shall return the
42. Earnest Money to Buyer when Buyer is rightfully entitled to it, allowing a reasonable time for clearance of any Earnest Money
43. check. Should the transaction be terminated prior to Closing by reason of Buyer's default and the Seller be entitled to the Earnest
44. Money by virtue of Section 10 hereof, Broker shall deliver the Earnest Money to Seller. In the event of uncertainty as to the proper
45. disposition of Earnest Money, Broker shall interplead the funds in the appropriate court. In the event of interpleader, Buyer and
46. Seller consent to (i) the filing of same by Broker; (ii) jurisdiction in the county where the property, or any part of it, lies; (iii) entry of
47. an order discharging Broker upon deposit of the funds into court; and (iv) deduction against or reimbursement to Broker from the
48. money interplead of all costs necessitated by the filing of the interpleader action, including reasonable attorney's fees, service of
49. process fees and court costs.

**Copyright ©2024 by Mississippi Association of REALTORS®**
**F1 - Contract for the Sale and Purchase of Real Estate**                                      **Rev. Date 10/2024**

50. **5. CONTINGENCIES.**
51. **(A) Loan.** ☒ **Applicable** ☐ **Not Applicable (Check One):**
52. ☒ **New Loan** (check appropriate boxes): ☐ **FHA** ☐ **VA** ☒ **CONV** ☐ **USDA Direct** ☐ **USDA Guaranteed**
53. ☐ **Other:** _____
54. ☐ **To Be Determined**
55. If applicable, this Contract is contingent upon Buyer(s) being approved for a new loan of the type indicated above sufficient to close,
56. provided that Buyer(s) make(s) application in proper form within five (5) business days after the Effective Date of the Contract,
57. diligently and timely pursues the same in good faith, executes all documents and furnishes all information required by the lender
58. processing the application, and makes timely payment of all costs of obtaining loan approval. Seller may request, and Buyer agrees
59. to provide, written documentation from the lender confirming timely application. Failure of the Buyer(s) to make timely application
60. for the type of loan specified or to provide written documentation when requested shall entitle Seller(s), at Seller's(s') option, to (a)
61. excuse the failure in writing and proceed with the transaction, in which case this contingency remains in force; OR (b) give written
62. Notice of intent to terminate contract if Buyer(s) does/do not make timely application within five (5) business days from the date of
63. Notice, in which case Seller(s) may terminate Contract and receive any Earnest Money if Buyer(s) fail(s) to make timely application
64. by close of business on the fifth (5th) business day; OR (c) terminate the Contract and receive any Earnest Money and seek any other
65. remedies available under Section 10 hereof. Should Buyer(s) not receive approval of a loan of the type indicated above, not elect to
66. terminate (and receive refund of Earnest Money) and elect to seek financing of a different type, Seller(s), at Seller's(s') option, may
67. (a) consent in writing to the new loan type and proceed with the transaction, in which case this contingency remains in force; OR (b)
68. consent in writing to the new loan type on the condition that Buyer(s) agree(s) to waive this loan contingency and any Earnest
69. Money deposit becomes non-refundable; OR (c) terminate the Contract and receive any Earnest Money.
70. **(B) No Waste.** This Contract is conditioned upon delivery of the Property and any and all improvements in their present condition,
71. reasonable wear and tear excepted. Seller shall preserve the Property in its present general condition, normal wear and tear excepted,
72. and shall not permit the Property to suffer waste avoidable by the reasonable exercise of due care. Any material change to the
73. Property shall be disclosed in accordance with the Real Estate Brokers License Law of 1954, as amended, allowing for termination
74. of the offer as prescribed by law (see Miss. Code Ann., Sec. 89-1-503).
75. **(C) Appraisal.** ☒ **Applicable** ☐ **Not Applicable (Check One):**
76. If applicable, Property must appraise at or above Purchase Price or Buyer shall not be obligated to complete the purchase of the
77. Property and all Earnest Money shall be refunded to Buyer, except when Buyer has failed to secure a timely appraisal in good faith.
78. Failure of Buyer to make good faith efforts to secure a timely appraisal shall constitute a Breach of this Contract.
79. **(D) Warranty And Inspections. (Select One):**
80. ☐ **Sale Without Warranty; No Home Inspection.** Buyer has inspected the Property and finds same to be in satisfactory condition
81. and DOES NOT wish to secure inspections. Buyer accepts the Property in its condition as of the Effective Date of this Contract, and
82. acknowledges that neither Seller nor Listing Broker nor Buyer's Broker or salespersons associated with this transaction have made
83. any warranty, express, implied, or otherwise, as to the Property, except such express warranties as the parties agree to in writing,
84. which shall survive Closing.

85. ☒ **Inspections.** Contract is contingent upon satisfactory inspections conducted by Buyer, at Buyer's expense, for the purpose of
86. evaluating structural and non-cosmetic elements (roof, plumbing, heating, air conditioning, electrical, appliances, pools, spas,
87. treatment systems, irrigation systems or other systems) to determine that they are in proper working order, subject to the provisions
88. of this section. Buyer shall have ten (10) business days from the Effective Date of this Contract (or, in cases of new construction, the
89. date Seller notifies Buyer in writing that a certificate of occupancy has been issued and all metered utilities are turned on) to conduct
90. inspections using Mississippi licensed home inspectors and/or bona fide, qualified contractors **and** make their election as to how to
91. proceed as set forth in this paragraph. Buyer's inspector(s) shall have the right to enter the Property at reasonable hours with
92. twenty-four (24) hours prior notice. On designated inspection date(s), Seller shall provide unlimited access to the Property, and shall
93. see that all metered utilities are on. Should Seller fail to have metered utilities on, Seller shall be responsible to Buyer for foreseeable
94. loss or expense resulting from failed inspections. Within said ten (10) business days, Buyer, at Buyer's option, may:

95. (a) *terminate* this Contract and receive a refund of Buyer's earnest money on the basis of an unsatisfactory inspection as to an
96. identified material structural or material non-cosmetic defect not previously disclosed in a Property Condition Disclosure Statement
97. or other pre-inspection written disclosure; OR

98. (b) *waive* this inspection contingency and proceed to Closing; OR

99. (c) *submit a list of repairs* to Seller accompanied by relevant portions of any inspection report(s) from Mississippi licensed home
100. inspectors and/or bona fide, qualified contractors. Buyer and Seller shall then have 4_____ business days to negotiate and agree

**Page 2 of 8**

Copyright ©2024 by Mississippi Association of REALTORS®
F1 - Contract for the Sale and Purchase of Real Estate                    Rev. Date 10/2024

101. in writing how listed items shall be handled (to become an amendment to this Contract) or this Contract shall terminate and Buyer's
102. earnest money shall be returned; failure to timely comply in all respects with the requirements set forth herein shall constitute a
103. waiver of Buyer's right to proceed under this subsection (c) and the parties shall proceed to Closing. Should Buyer proceed under
104. this option (c), the underlying Contract is in full force and effect for the number of business days set forth in L. 100. Seller's
105. rejection of any repairs requested by Buyer does not terminate the Contract; Buyer and Seller shall have until the expiration of the
106. time period in L. 100 to negotiate repairs. Buyer(s) reserve(s) the right to exercise options (a) or (b) at any time during the time period
107. set forth in L. 100 if activated by Buyer's(s) proper compliance with subsection (c).
108. **(E) Final Walk-Through Inspection.** Irrespective of the election made above, Buyer retains the right to perform a Final Walk-
109. Through Inspection of the Property prior to Closing to verify the terms of the Contract have been fulfilled and to confirm that any
110. Seller repairs or Seller's removal of personal property is complete and has not damaged the Property. **Seller shall provide unlimited**
111. **access to the Property, and shall see that all utilities are on for Final Walk-Through Inspection and continuing through the**
112. **time of Closing,** except as otherwise agreed in writing. As of the date of the Final Walk-Through Inspection, all electrical, plumbing
113. and HVAC systems shall be in good working order.
114. **(F) Wood Destroying Insect Report; Release. (Check One):** ☐ Not applicable ☐ Buyer(s)☒ Seller(s) shall, at their expense,
115. furnish to the other party an approved FHA/VA Wood Destroying Insect Inspection Report and/or a Mississippi Official Wood
116. Destroying Insect Report (collectively "WDIR") from a licensed, bonded termite company indicating that Property shows no
117. evidence of termite or other wood-destroying insect infestation. The WDIR shall be dated within thirty (30) calendar days of Closing
118. and shall be delivered to the other party not less than ten (10) calendar days prior to Closing. If infestation or damage is discovered,
119. Seller(s) shall amend the Property Condition Disclosure Statement ("PCDS") as appropriate, and, per 89-1-503 of the Mississippi
120. Code of 1972, Buyer(s) shall have three (3) calendar days after delivery in person or five (5) calendar days after delivery by deposit
121. in the mail of any material amendment of the PCDS to terminate this Contract by delivery of a written notice of termination to the
122. Seller(s) or Seller's(s') agent (Listing Broker or Agent), and have their Earnest Money refunded. Buyer(s) and Seller(s) acknowledge
123. that Listing and Buyer's(s') Brokerages and agents make no representations concerning wood destroying insects or the condition of
124. the Property, and any damage found, either before or after Closing or after termination of this Contract shall not be the responsibility
125. of said Brokerages. **By signing this Contract, Buyer(s) and Seller(s) agree to hold the Brokerages and their agents harmless**
126. **from all claims for damages arising out of or relating to wood destroying insects or the WDIR.** FHA and VA require treatment
127. and may require additional inspections when any active infestation of subterranean termites is found and/or treatment in a previously
128. treated structure showing evidence of subterranean termites but no activity if there is no documentation of a liquid treatment by a
129. licensed pest control company within the previous five years unless the structure is presently under warranty or covered by a service
130. agreement with a licensed pest control company. In the case of a VA loan, the WDIR is deemed a non-allowable expense under VA
131. regulations and may not be paid by Buyer(s); Seller(s) agrees to pay at Closing the cost of such report on behalf of a VA Buyer(s). If
132. a HUD New Construction Subterranean Termite Service Record, or similar form, is required, Seller(s) agree(s) to complete and
133. submit same.
134. **(G) Pre-Closing Loss.** In the event of damage to the Property or improvements before Closing by virtue of causes beyond the
135. parties' control, such as fire, flood, war, acts of God or other causes, Seller(s) shall, within three (3) calendar days of a loss or as soon
136. thereafter as reasonably possible, notify Buyer(s) in writing of said damage, at which time Buyer(s) may, at Buyer's option:
137. **(1)** cancel this contract and be entitled to the return of earnest money deposits; OR
138. **(2)** waive any objection and proceed to Closing on the terms set forth in this Contract; OR
139. **(3)** seek to reach suitable agreement with Seller(s) as to repair(s), extension of the Closing date and/or other adjustments to the
140. Contract as may be agreed upon by the parties. Failure of the parties to reach a suitable agreement within five (5) calendar days after
141. election by Buyer(s) to proceed under this option (3) shall automatically and without further notice cancel this Contract and entitle
142. Buyer(s) to the return of earnest money deposits.
143. **6. CLOSING.**
144. **(A) Deadline to Close.** Closing (evidenced by delivery of deed and payment of Purchase Price) shall take place no later than 11:59
145. p.m. (CST) on the ___25th___ day of ___March_____ , ___2026___ (the "Closing Date") or on such earlier date as agreed to by the
146. parties in writing.
147. **(B) Title And Conveyance.** At Closing, Seller shall execute a(n): ☒ **General Warranty Deed** ☐ **Special Warranty Deed**
148. ☐ **Assignment of Lease** ☐ **Quitclaim Deed** vesting title to the Property in (write names clearly):
149. ___Candace Donahue_____ ;
150. Seller, at Seller's expense, shall, prior to or at Closing, satisfy and pay all loans and/or liens affecting the Property and all costs
151. associated therewith and delinquent and unpaid assessments of any homeowner or condominium association (if applicable) for prior
152. years. Title shall be good, marketable and insurable, subject only to the following items recorded in the Chancery Clerk's Office(s)

**Copyright ©2024 by Mississippi Association of REALTORS®**
**F1 - Contract for the Sale and Purchase of Real Estate**

Rev. Date 10/2024

153. wherein Property is located: easements without encroachments, applicable zoning ordinances, protective covenants and prior mineral
154. reservations; otherwise Buyer(s), at their option, may (A) if defects cannot be cured by designated Closing Date, terminate this
155. Contract and receive a refund of their Earnest Money; (B) seek suitable amendment of this Contract whereby Seller(s) may cure such
156. defects at Seller's(s') expense and, if no agreement is reached, terminate this Contract and receive a refund of their Earnest Money;
157. or (C) accept title as is and proceed to Closing. Should Buyer(s) incur any expense confirming title which is revealed to be deficient
158. and incurable prior to Closing, Seller(s) shall reimburse Buyer(s) for the cost of any title examination and/or title commitment and
159. any other relief under Section 10 of this Contract.

160. **(C) Proration.** All taxes, rents, utility and other assessments and appropriate condominium or Property Owner's Association fees
161. are to be prorated as of the Closing Date for the year of the sale. ☐ [CHECK IF APPLICABLE] Any unused propane shall be
162. determined as of Closing, the cost thereof paid current, and prorated between Buyer and Seller as of the Closing Date.

163. **(D)** ☒ [CHECK IF APPLICABLE] **Seller Contribution at Closing.** At Closing, Seller will pay up to $ 5000
164. to offset total Closing expenses. Seller's contribution does not include any prorated items, charges or fees payable by Seller under
165. any other provision of this agreement or under any separate agreement.

166. **(E) Possession.** Possession shall be delivered to Buyer **(Check One):**
167.      ☒ Upon completion of Closing and full funding
168.      ☐ By separate **Pre- or Post-Closing Possession Addendum/Amendment** attached and made a part of this Contract

169. **7. DISCLOSURES.**

170. **(A) Multiple Listing Service ("MLS").** The parties authorize disclosure of sales data to the MLS United
171. Multiple Listing Service.

172. **(B) Property Condition Disclosure.**
173. **(Select One):**
174. ☐ Buyer acknowledges receipt of a Property Condition Disclosure Statement.
175. *OR*
176. ☒ Buyer has not received a Property Condition Disclosure Statement ("PCDS"). Buyer has requested and Seller shall deliver a
177. properly completed PCDS within three (3) business days of the Effective Date of this Contract. Seller's failure to deliver a properly
178. completed PCDS within said time shall entitle Buyer, at Buyer's option, to (a) terminate this Contract and receive a refund of
179. Buyer's earnest money; OR (b) waive receipt of a PCDS and proceed to Closing. Per Section 89-1-503 of the Mississippi Code of
180. 1972, Buyer shall have three (3) days after delivery of the PCDS or any material amendment to the PCDS in person or five (5) days
181. after delivery by deposit in the mail to terminate his or her offer by delivery of a written notice of termination to the transferor
182. (seller) or the transferor's agent (Listing Broker or salesperson) and have their earnest money refunded.

183. **(C) Equal Housing Opportunity.** In accordance with the Fair Housing Act, this Property has been marketed and is being sold
184. without reference to race, color, national origin, religion, sex (including gender identity and sexual orientation), familial status or
185. disability.

186. **(D) Lead-Based Paint Disclosure.** Every Buyer of any interest in residential property on which a residential dwelling was **built**
187. prior to 1978 is notified that such subject property may present exposure to lead from lead-based paint that may place young children
188. at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including
189. learning disabilities, reduced intelligence quotient, behavioral problems, and impaired memory. Lead poisoning also poses a
190. particular risk to pregnant women. The Seller of any interest in residential real property is required to provide the Buyer with any
191. information on lead-based paint hazards from risk assessments or inspections in the Seller's possession and notify the Buyer of any
192. unknown lead-based paint hazards. A risk assessment or inspection for possible lead-based paint hazards is recommended prior to
193. purchase.

194. **(E) Wire Fraud Warning; Release.** Buyers and Sellers of real property are targets in scams regarding electronic transfers of
195. money (i.e., wire transfers, direct deposits, electronic checks, etc.). NEVER transfer funds associated with this transaction based
196. upon electronic communications (such as email) that have not been **verbally confirmed** by you to be valid (from a person you know
197. and trust) and accurate. Email scammers can disguise emails, text messages and social media messages to appear to be from your
198. real estate agent, title companies, attorneys, your bank or other parties. Do not trust any communication you receive concerning
199. transfer of funds without taking steps to verify that these funds are, in fact, going to the proper recipient. Do not use telephone
200. numbers or email addresses in electronic communications you receive; they may be fraudulent and part of a scam. VERIFY
201. telephone numbers, contact people and wiring instructions BEFORE you respond. Fraudulent communications or acts should be
202. reported immediately to the FBI and law enforcement authorities, and should be done so <u>immediately</u> if funds are lost. **By signing**
203. **this Contract, Buyer and Seller acknowledge receipt of this notice and agree to hold the brokerages and their agents harmless**
204. **from all claims for damages arising out of or relating to inaccurate transfer instructions, fraudulent taking of such funds, and**
205. **any and all other damages relating to conduct of third parties influencing or handling implementation of wire transfers.**

**Copyright ©2024 by Mississippi Association of REALTORS®**
**F1 - Contract for the Sale and Purchase of Real Estate**                                    **Rev. Date 10/2024**

dotloop signature verificati
Docusign Envelope ID: 43B6250C-1DA3-4295-8BC7-5763D699ED52

206. **(F) Audio & Video; Photography.** Owners, Sellers, Invitees and Buyers of real property using audio and/or video surveillance or
206. remote monitoring devices or devices capable of photography, videography or videotelephony are solely responsible for compliance
207. with applicable state, local and federal laws concerning use of such devices including, but not limited to, cameras, phones, security
208. systems, monitors or other devices capable of making or transmitting audio and/or video recordings and/or photographs. Audio or
209. video recordings or photographs may be illegal under state, local and/or federal laws, depending on the circumstances. Sellers and
210. Buyers are urged to consult legal counsel concerning applicable laws and take steps to protect against practices violative of rights of
211. persons owning, inhabiting, utilizing, viewing or visiting the property. **By signing this contract, Buyer and Seller acknowledge**
212. **receipt of this notice and agree to hold the brokerages and their agents harmless from all claims (excepting only claims under**
213. **the exclusive jurisdiction of the Mississippi Real Estate Commission under license law or claims under the National**
214. **Association of REALTORS® Code of Ethics and Arbitration Manual) or damages arising out of use of video and audio**
215. **surveillance systems or photography, videography or videotelephony.**
216. **8. BROKERS AND SALESPERSONS.**
217. **(A)** The Brokers and Salespersons involved in the transaction associated with this Contract are as follows:
218. Buyer's Brokerage Firm: Keller Williams        Buyer's Agent: Joye Norwood
219. Buyer's Brokerage Firm Address: 112 Monument Place      Vicksburg      MS 39180
220. Buyer's Brokerage Firm License No.: 22178      Buyer's Agent License No.: B-24235
221. Buyer's Brokerage Firm Phone: 601-529-4215      Buyer's Agent Phone: 682.209.5885
222. Buyer's Agent Email: sellhouseswithJoye@gmail.com
223.
224. Listing Brokerage Firm: Southern Homes Real Estatev      Listing Agent: Victoria Prowant
225. Listing Brokerage Firm Address: 115 Laurel Park Cove Suite 210v    Flowood      MS 39232
226. Listing Brokerage Firm License No.: 22816      Listing Agent License No.: B21679v
227. Listing Brokerage Firm Phone: 601-438-4663v      Listing Agent Phone: 601-750-7151
228. Listing Agent Email: victoriaprowant@yahoo.com
229. **(B) Agency Relationship. (Check One):**
230. ☐ The Listing Brokerage and its salespersons represent the Seller(s) as their Client(s). The Buyer(s) is/are unrepresented and is/are
231. the customer(s).
232. ☒ The Listing Brokerage and its salespersons represent the Seller(s). The Buyer's Brokerage and its salespersons represent the
233. Buyer(s).
234. ☐ The Listing Brokerage and its salespersons represent both Seller(s) and Buyer(s) as dual agents by mutual agreement and all
235. parties have signed and understand the Dual Agency Confirmation form provided to them by the Listing Brokerage.
236. ☐ The Buyer's Brokerage and its salespersons represent the Buyer(s). The Seller(s) is/are unrepresented and is/are the customer(s).
237. **(C) Compensation.**
238. **(a) Seller(s) and Buyer(s) acknowledge that fees paid to Brokerages are not set by law, are fully negotiable, and offers of**
239. **compensation, if made, are not blanket, unconditional or unilateral.** The parties authorize delivery of a copy of this
240. Agreement to Closing agent. The parties authorize and instruct Closing agent to disburse any payments due to Brokerages
241. directly out of sale proceeds.
242. **(b) Buyer's Brokerage Compensation. (CHECK <u>ONE</u>):**
243. ☐ There is no Buyer's Brokerage Compensation.
244. ☐ Buyer(s) shall pay all Buyer's Brokerage Compensation by separate agreement.
245. ☒ Seller and/or Listing Brokerage shall offset Buyer's obligation to pay Buyer's Brokerage under separate agreement by
246. paying the following **(CHOOSE <u>ALL</u> THAT APPLY)**:

247.      **Paid upon Closing by Seller(s):**
248.      ☒ 2.5 _____ % of Gross Sales Price
249.      ☐ $ _____

250.      **Paid upon Closing by the Listing Brokerage from compensation received from Seller(s) under separate**
251.      **agreement:**
252.      ☐ _____ % of Gross Sales Price
253.      ☐ $ _____

**Copyright ©2024 by Mississippi Association of REALTORS®**
**F1 - Contract for the Sale and Purchase of Real Estate**

Rev. Date 10/2024

254. **Buyer(s) warrant(s) that the total Compensation paid to Buyer's Brokerage from all sources does not exceed**
255. **that authorized by Buyer's(s') agreement with Buyer's Brokerage.**

256. **(D) No Reliance; Release.** Seller and Buyer acknowledge that neither them, nor their agents, have relied upon any statement,
257. representation or omission made or documentation provided by the Brokers, salesperson(s), or their representatives, relating to any
258. aspect of this transaction, the Property or otherwise including, but not limited to, terms or conditions of sale, tax or legal
259. considerations, liability, size, square footage or condition of the Property, presence or lack thereof of urea formaldehyde foam
260. insulation (UFFI), presence or lack thereof of exterior insulation finish systems (EIFS), previous or present flooding, flood zones,
261. flood insurance, history of title or use, effect of or location within Mississippi State Tidelands or Federal wetlands, presence or
262. absence of mold or other toxic substances, presence or lack of expansive soils, presence or absence or enforceability of acceleration
263. clauses or tax or balloon notes, names or recommendations concerning vendors of any sort whatsoever or validity or accuracy of any
264. reports rendered thereby. **By signing this Contract, Buyer and Seller acknowledge receipt of this disclosure and agree to hold**
265. **the brokerages and their agents harmless from all claims for damages arising out of or relating to any representations in this**
266. **section.**
267. **(E) Liability.** Broker's liability to Buyer and Seller in this transaction shall not exceed the amount it has received as compensation.
268. **9.  GENERAL.**
269. **(A) Agreement Complete.** This Contract incorporates all prior agreements between the parties, contains the entire and final
270. agreement of the parties and cannot be changed except by their written mutual consent. Neither party shall be bound by any terms,
271. conditions, oral statements, warranties or representations not herein contained.
272. **(B) Read And Understood.** Each party acknowledges and hereby affirms that it has read and understands this Contract.
273. **(C) Assignment.** This Contract shall not be assignable by either party without consent of the other party.
274. **(D) Effective Date.** For purposes of this Contract the Effective Date is the date the last necessary party signs and delivers a copy
275. thereof to the other party or their agent.
276. **(E) Survival Of Contract.** All express representations, warranties and covenants shall survive termination of the Contract or
277. Closing unless specified to the contrary. All other contractual obligations shall terminate at Closing.
278. **(F) Time Is of the Essence; Business Day Defined.** Time is of the essence as to all time periods and deadlines stated in this
279. Contract, and delay in performance is not excused unless expressly excused in writing signed by all parties. The foregoing or any
280. other provision in this Contract notwithstanding, any unavoidable delay necessitated by applicable law or regulations shall extend
281. any affected deadline by no more than the actual number of days of delay necessitated by such law or regulation. For purposes of
282. this Contract, "business day" means any day that is not a Saturday, Sunday or legal holiday, commencing at 12:01 a.m. and ending
283. at 11:59 p.m.
284. **(G) NOTICES.** Any notices required to be delivered under this Contract shall be hand-delivered to the recipient or recipient's
285. agent or, at sender's option, emailed to an email address below. Emailed notices shall be deemed delivered as of the date transmitted.

286. Seller's(s') email: _____
287. Listing Agent email: victoriaprowant@yahoo.com _____
288. Buyer's(s') email: _____
289. Buyer's(s') Agent email: sellhouseswithjoye@gmail.com _____

290. **10.  BREACH; ATTORNEY FEES & COSTS.** In the event of a default by either party under this Contract, the non-breaching
291. party shall have the right to receive from Broker the Earnest Money paid under Section 4 of this Contract, to be a credit against any
292. other damages, in addition to such other remedies as it may have under applicable law including, but not limited to, specific
293. performance. If it becomes necessary for any party to initiate litigation relating to this Contract, then the non-prevailing party agrees
294. to pay reasonable attorney fees and court costs in connection therewith to the prevailing party.

**Copyright ©2024 by Mississippi Association of REALTORS®**
**F1 - Contract for the Sale and Purchase of Real Estate**                                        **Rev. Date 10/2024**

295. **11. SPECIAL PROVISIONS. (If None, Write "NONE" Below):**

296. *If homestead exemption is not in place upon closing, seller to pay the difference

297. between homestead and non-homestead property taxes

298. _____

299. *Range, washer and dryer, dishwasher, refrigerator, oven and microwave are to

300. remain with the property.  These items have no value

301. *Seller to have the lawn mowed, edged, and trimmed within 3 days prior to closing.

302. _____

303. *Seller to provide all keys to the buyer at closing.

304. _____

305. *James Renfroe to be the closing attorney at Renfroe & Perilloux

306. _____

307. *Seller to leave the home broom swept clean after removing all belongings.

308. _____

309. *Buyer will provide the  1-year Basic home warranty with first class upgrade from First American

310. at her expense. Home warranty to be paid at closing.

311. *Subject to Bankruptcy Court Approval

312. _____

314. _____

315. _____

316. _____

317. _____

318. _____

319. _____

320. _____

321. _____

322. **12. EXPIRATION OF OFFER.** This offer expires at __5_____ o'clock ☐ **AM** ☒ **PM,** Central Standard Time (CST) on

323. 2/27/2026_____ [date] if not accepted, countered or rejected by Seller, with a copy delivered to Buyer or their

324. agent, by that time.

325. **13. ATTACHMENTS. (Check All That Apply):**

326. ____ Dual Agency Confirmation                              ____ Lead-Based Paint Disclosure

327. ____ Pre-Closing Repair/Improvement Amendment             ____ Option Agreement

328. ____ First Right of Refusal Addendum                      ____ Back-Up Contract Addendum

329. ____ Pre-Closing Possession Addendum/Amendment            ____ VA/FHA Disclosures (as required)

330. ____ Post-Closing Possession Addendum/Amendment           ____ FHA/VA/HUD Addendum

331. ____ Other

332. **14. HEADINGS; SINGULAR AND PLURAL SAME:** Headings are inserted for the convenience of the Parties only and are not

333. to be considered when interpreting this document. Words in the singular mean and include the plural and vice versa. Words in the

334. masculine gender include the feminine gender and vice versa. Words in the neutral gender include the masculine gender and the

335. feminine gender and vice versa.

**Copyright ©2024 by Mississippi Association of REALTORS®**
**F1 - Contract for the Sale and Purchase of Real Estate**                    **Rev. Date 10/2024**

dotloop signature verification
Docusign Envelope ID: 43B6250C-1DA3-4295-8BC7-5763D699ED52

336. **15. SIGNATURE BLOCKS.**

337. Signed this the _____ day of 2/25/2026 | 18:42 CST , _____ , at _____ ☐ a.m. ☐ p.m., and a **copy** hereof received:

338. BUYER _____     BUYER _____

339. Phone:_____     Phone:_____

340. The foregoing offer is **accepted** this the _____ day of _____ , _____ , at _____ ☐ a.m. ☐ p.m.,

341. and a **copy** hereof received:

342. SELLER _Jerrick Rose_ [dotloop verified 02/27/26 4:25 PM CST 3APP-GDFV-QCYI-QWB4]    SELLER _____

343. Phone:_____     Phone:_____

344. The Seller has **countered** this offer subject to the terms of the attached Counter Offer No. _____ this the _____

345. day of _____ , _____ , at _____ ☐ a.m. ☐ p.m., and a **copy** hereof received:

346. SELLER _____     SELLER _____

347. The Seller has received a copy of this offer and **rejected** same and make no counter offer this the _____ day of

348. _____ , _____ , at _____ ☐ a.m. ☐ p.m., and a **copy** of this rejection has been delivered

349. to Buyer.

350. SELLER _____     SELLER _____

351. The foregoing offer is **accepted** as a **Back-Up Contract** per the terms of the attached **Back-Up Contract Addendum**, and a copy

352. hereof (with addendum) received this _____ day of _____ , _____ , at _____ ☐ a.m. ☐ p.m.

353. SELLER _____     SELLER _____

_**NOTE:**_ Buyer(s) must sign Back-Up Contract Addendum within twenty-four (24) hours of date above or Seller's acceptance of offer is null and void and is deemed rejected.

**Copyright ©2024 by Mississippi Association of REALTORS®**
**F1 - Contract for the Sale and Purchase of Real Estate**                    Rev. Date 10/2024

## CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Notice and Motion were forwarded on March 5, 2026, to:

By USPS First Class Mail: All creditors on the attached matrix

By Electronic CM/ECF Notice:

Craig M. Geno
cmgeno@cmgenolaw.com, kcarter@cmgenolaw.com,cmgeno@ecf.courtdrive.com

Craig M. Geno on behalf of Trustee Craig M. Geno
cmgeno@cmgenolaw.com, kcarter@cmgenolaw.com,cmgeno@ecf.courtdrive.com

Abigail M. Marbury on behalf of U.S. Trustee United States Trustee
abigail.m.marbury@usdoj.gov

Jeff D. Rawlings on behalf of Creditor The Citizens National Bank of Meridian
Notices@rawlingsmacinnis.net, Judy@rawlingsmacinnis.net

Thomas Carl Rollins, Jr on behalf of Debtor In Possession Rose Rental Properties, LLC
trollins@therollinsfirm.com, jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

United States Trustee
USTPRegion05.JA.ECF@usdoj.gov

Sarah Beth Wilson on behalf of Creditor Community Bank
sarah.beth.wilson@phelps.com, 1069885420@filings.docketbird.com;robin.goodman@phelps.com;Danielle.Mashburn-Myrick@phelps.com,1069885420@filings.docketbird.com

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

ROSE RENTAL PROPERTIES, LLC

CASE NO: 25-03091

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 11

On 3/5/2026, I did cause a copy of the following documents, described below,

Notice, Motion, and Order Reducing Time

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 3/5/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

ROSE RENTAL PROPERTIES, LLC

CASE NO: 25-03091

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 11

On 3/5/2026, a copy of the following documents, described below,

Notice, Motion, and Order Reducing Time

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 3/5/2026

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CASE INFO

 LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 25-03091
SOUTHERN DISTRICT OF MISSISSIPPI
THU MAR 5 8-1-3 PST 2026

(P)CITIZENS NATIONAL BANK
P O BOX 911
MERIDIAN MS 39302-0911

COMMUNITY BANK
PO BOX 59
FOREST  MS 39074-0059

DEBTOR

ROSE RENTAL PROPERTIES  LLC
1143 ROBINSON SPRINGS RD
MADISON  MS 39110

~~EXCLUDE~~

~~(U)THE CITIZENS NATIONAL BANK OF MERIDIAN~~

~~EXCLUDE~~

~~US BANKRUPTCY COURT~~
~~THAD COCHRAN US COURTHOUSE~~
~~501 E COURT STREET~~
~~SUITE 2300~~
~~JACKSON  MS 39201-5036~~

ADRIANNE NEWSOME
251 MAXINE DR
PEARL  MS 39208-4912

ASIA BASS
832 SUSSEX PLACE
RIDGELAND  MS 39157-1232

AMERICAN EXPRESS
PO BOX 981537
EL PASO  TX 79998-1537

AMERICAN EXPRESS NATIONAL BANK
CO BECKET AND LEE LLP
PO BOX 3001
MALVERN  PA 19355-0701

CHANNING JONES
689 WEST DR
RIDGELAND  MS 39157-4612

CHRISTY MUNRO
632 RALDE CIR
RIDGELAND  MS 39157-3921

~~EXCLUDE~~

~~(D)(P)CITIZENS NATIONAL BANK~~
~~P O BOX 911~~
~~MERIDIAN MS 39302-0911~~

~~EXCLUDE~~

~~(D)COMMUNITY BANK~~
~~PO BOX 59~~
~~FOREST  MS 39074-0059~~

~~EXCLUDE~~

~~(U)COMMUNITY BANK OF MISSISSIPPI~~

~~EXCLUDE~~

EMILY HARDEN
801 PLANTERS POINT
CANTON  MS 39046-9467

HINDS CO TAX COLLECTOR
PO BOX 1727
JACKSON  MS 39215-1727

~~(D)HINDS CO TAX COLLECTOR~~
~~PO BOX 1727~~
~~JACKSON  MS 39215-1727~~

HINDS COUNTY TAX COLLECTOR
316 SOUTH PRESIDENT STREET
JACKSON MS 39201-4801

INTERNAL REVENUE SERVI
CENTRALIZED INSOLVENCY
PO BOX 7346
PHILADELPHIA  PA 19101-7346

INTERNAL REVENUE SERVI
CO US ATTORNEY
501 EAST COURT ST
STE 4430
JACKSON  MS 39201-5025

(P)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

JEFF D RAWLINGS  ESQ
RAWLINGS MACINNIS  PA
COUNSEL FOR THE CITIZENS NATIONAL BANK
PO BOX 1789
MADISON  MS 39130-1789

JERRICK W ROSE
1920 BELLEWOOD DR
JACKSON  MS 39211-5705

KRISTIE RANCE
928 GARVIN ST
JACKSON  MS 39206-5090

KING  SPENCER
FOR COMMUNITY BANK
1855 CRANE RIDGE DR
STE D
JACKSON  MS 39216-4944

MADISON CO TAX COLL
PO BOX 113
CANTON  MS 39046-0113

MS DEPT OF REVENUE
BANKRUPTCY SECTION
PO BOX 22808
JACKSON  MS 39225-2808

(P)MISSISSIPPI STATE TAX COMMISSION
P O BOX 22808
JACKSON MS 39225-2808

PEDIATRIC DENTAL STUDIO
201 RIVERWIND DR
PEARL  MS 39208-5653

RANKIN CO TAX COLLE
211 E GOVERNMENT ST
BRANDON  MS 39042-3269

RAWLINGS  MACINNIS
FOR CITIZENS NATIONAL
PO BOX 1789
MADISON  MS 39130-1789

SARAH BETH WILSON  ESQ
PHELPS DUNBAR  LLP
COUNSEL FOR COMMUNITY BANK
1905 COMMUNITY BANK WAY  SUITE 200
FLOWOOD  MS 39232-1249

US ATTORNEY SD MISSISSIPPI
CO INTERNAL REVENUE SERVICE
501 E COURT STREET  STE 4430
JACKSON  MS 39201-5025

US ATTORNEY SD MISSISSIPPI
CO US SECURITIES AND EXCHANGE COMMISS
501 E COURT STREET  STE 4430
JACKSON  MS 39201-5025

US SECURITIES AND EXCHANGE COMMISSION
OFFICE OF REORGANIZATION
950 EAST PACES FERRY ROAD  SUITE 900
ATLANTA  GA 30326-1382

US ATTORNEY GENERAL
US DEPT OF JUSTICE
950 PENNSYLVANIA AVENW
WASHINGTON  DC 20530-0001

EXCLUDE
UNITED STATES TRUSTEE
501 EAST COURT STREET
SUITE 6-430
JACKSON  MS 39201-5022

EXCLUDE
CRAIG M GENO
LAW OFFICES OF CRAIG M GENO  PLLC
601 RENAISSANCE WAY
SUITE A
RIDGELAND  MS 39157-6038

EXCLUDE
THOMAS CARL ROLLINS JR
THE ROLLINS LAW FIRM  PLLC
PO BOX 13767
JACKSON  MS 39236-3767

VICTORIA PROWANT
115 LAUREL PARK CV STE 210
FLOWOOD  MS 39232-8054