**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE:**    **Rose Rental Properties, LLC, Debtor**      **Case No. 25-03091-KMS**
                                                         **CHAPTER 11**

## <u>CERTIFCATE OF SERVICE</u>

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the foregoing Order, Plan and Ballot was forwarded on March 5, 2026 to:

By Electronic CM/ECF Notice:

Craig M. Geno, Chapter 11 Trustee

U.S. Trustee.

Official Form 314  (02/20)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE Southern DISTRICT OF MISSISSIPPI

**IN RE:    Rose Rental Properties, LLC, Debtor        Case No. 25-03091-KMS**

**CHAPTER 11**

# Class ___ Ballot for Accepting or Rejecting Plan of Reorganization

Rose Rental Properties, LLC filed a plan of reorganization dated March 3, 2026 (the Plan) for the Debtor in this case.

**You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class ___ under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Thomas C. Rollins, Jr. on or before April 8, 2026, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

**Acceptance or Rejection of the Plan**

The undersigned, the holder of a Class _____ claim against the Debtor in the unpaid amount of
_____Dollars ($_____)

*Check one box only*

❑  **Accepts the plan**

❑  **Rejects the plan**

Dated: _____    Print or type name: _____

Signature: _____ Title _____

Address: _____

_____

_____

**Return this ballot to:**
Thomas C. Rollins, Jr.
P.O. Box 13767
Jackson, MS 39236



SO ORDERED,

*Katharine M. Samson*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: March 4, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

**ROSE RENTAL PROPERTIES, LLC,**                    **CASE NO. 25-03091-KMS**

**DEBTOR.**                                          **CHAPTER 11**

**ORDER FIXING TIME FOR FILING ACCEPTANCES OR REJECTIONS TO THE PLAN AND FIXING TIME FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN, COMBINED WITH NOTICE THEREOF AND OF THE HEARING ON <u>CONFIRMATION OF THE PLAN</u>**

A Chapter 11 Plan of Reorganization under Subchapter V (the "Plan") (Dkt. #139) having been filed by the Debtor on March 3, 2026.

**IT IS ORDERED, AND NOTICE IS HEREBY GIVEN, THAT**:

  A.  April 8, 2026 is fixed as the last day for filing written acceptances or rejections of the Plan.

  B.  Within 5 days after the entry of this order, the Debtor's attorney shall cause to be mailed to creditors, equity security holders, other parties in interest, and the United States trustee a copy of the following:

- This order;
- The Plan filed March 3, 2026;
- A ballot form for voting on the acceptance or rejection of the Plan, **which should be returned to the Debtor's attorney and not the Court.** The Debtor's attorney shall be served as follows: Thomas Carol Rollins, Jr., The Rollins Law Firm, PLLC, PO Box 13767 Jackson, MS 29236.

  C.  After completion of the above mailing, the Debtor's attorney shall immediately file a Certificate of Service with the Court, listing the names and addresses of each party served.

  D.  April 15, 2026 at 9:30 A.M., in the Thad Cochran U.S. Courthouse, Bankruptcy Courtroom 4D, 501 East Court Street, Jackson, Mississippi, is fixed for the hearing on the confirmation of the Plan.

E. April 8, 2026 is fixed as the last day for filing and serving written objections to confirmation of the Plan.  Attorneys and Registered Users of the Electronic Case Filing (ECF) System should file any response using ECF.  Others should file any response at U.S. Bankruptcy Court, Dan M. Russell, Jr. US Courthouse, 2012 15th Street, Suite 244, Gulfport, MS 39501.  If you file a response, you or your attorney are required to attend the hearing.  The hearing will be electronically recorded by the court.

##END OF ORDER##

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE: ROSE RENTAL PROPERTIES, LLC, DEBTOR          CASE NO. 25-03091-KMS**

## DEBTOR'S SUBCHAPTER V CHAPTER 11 LIQUIDATION PLAN

Rose Rental Properties, LLC ("Debtor"), as debtor-in-possession in the above-styled Subchapter V case, proposes the following Plan of Liquidation pursuant to 11 U.S.C. §§ 1181–1195.

## ARTICLE I

## INTRODUCTION AND AUTHORITY

1.      This is a liquidating plan under Chapter 11, Subchapter V. The Debtor shall sell all real property owned by the estate pursuant to 11 U.S.C. § 363 in accordance with the procedures set forth in Article III of this Plan. The purpose of this Plan is to maximize value for creditors through structured broker marketing and, if necessary, competitive auction sales, rather than foreclosure.

2.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation is sought pursuant to 11 U.S.C. §§ 1191 and 1192.

3.      The Debtor owns twenty-one (21) parcels of residential rental real estate in Mississippi. Twenty (20) properties are subject to first-priority deeds of trust in favor of The Citizens National Bank of Meridian ("Citizens"). One property located at 1046 Whitworth Street, Jackson, Mississippi, is subject to a first-priority lien in favor of Community Bank. Community Bank holds junior liens on the remaining twenty (20) properties.

4.      "Effective Date" shall mean 14 days following entry of the Confirmation Order that is not stayed, or such other date as may be fixed by the Court.

## ARTICLE II

## ADMINISTRATIVE AND PRIORITY CLAIMS

5. Administrative Expense Claims. Administrative expense claims allowed under 11 U.S.C. §§ 503(b) and 507(a)(2) shall be paid in full in cash on the Effective Date or as soon thereafter as sufficient unencumbered funds become available. Administrative expenses shall be paid from unencumbered funds or surplus proceeds remaining after payment of secured claims to the extent of their collateral. Administrative expenses shall not be paid from proceeds subject to valid perfected liens unless such lienholder consents or the Court orders otherwise. To the extent sufficient unencumbered funds are not available until completion of property sales, payment may occur upon liquidation of sufficient properties to generate surplus proceeds.

6. Priority Tax Claims. Ad valorem real property taxes attributable to each property shall be paid at closing from the sale proceeds of the applicable property. No pre-sale cure shall be required. To the extent any priority tax claim remains unpaid after liquidation of its collateral, such claim shall be paid in full from remaining available proceeds before distribution to general unsecured creditors.

## ARTICLE III

## CLASSIFICATION AND TREATMENT OF SECURED AND UNSECURED CLAIMS

**Class 1 – Citizens National Bank of Meridian.**

- Citizens holds two commercial loan obligations secured by first-priority deeds of trust and assignments of rents on twenty (20) properties and has filed proofs of claim in the amounts of $972,766.55 and $620,760.93. The Debtor expressly reserves all rights to object to the allowance, amount, validity, priority, extent, and secured status of Citizens' claims, including any claim for post-petition interest, fees, costs, expenses, default interest, or other charges.

2

- Citizens shall be paid from the proceeds of its collateral in accordance with Article IV of this Plan, up to the amount of its allowed secured claim as determined by the Court pursuant to 11 U.S.C. §§ 502 and 506. Until such allowed secured claim is paid in full, all net proceeds from sales of its collateral shall be applied to such allowed secured claim. Citizens shall retain its liens to the extent of its allowed secured claim until paid in full in accordance with this Plan.

- To the extent sale proceeds are insufficient to satisfy Citizens' allowed secured claim in full, Citizens shall retain any allowed deficiency claim against any obligors, subject to further order of the Court.

- This class is impaired.

**Class 2 – Community Bank.**

- Community Bank holds a first-priority lien on the property located at 1046 Whitworth Street, Jackson, Mississippi, and second-priority liens on the remaining twenty (20) properties owned by the Debtor. Community Bank has filed proofs of claim, and the Debtor expressly reserves all rights to object to the allowance, amount, validity, priority, extent, and secured status of Community Bank's claims, including any claim for post-petition interest, fees, costs, expenses, default interest, or other charges.

- With respect to 1046 Whitworth Street, Community Bank shall be paid from the proceeds of that property, after payment of broker commissions, customary and Court-approved closing costs, and prorated ad valorem taxes, up to the amount of its allowed secured claim as determined by the Court pursuant to 11 U.S.C. §§ 502 and 506.

- With respect to its junior liens on the remaining properties, Community Bank shall be paid from any surplus proceeds remaining after payment of Citizens National Bank of Meridian's allowed secured claim, in accordance with applicable lien priority, up to the amount of Community Bank's allowed secured claim as determined by the Court.

3

- Community Bank shall retain its liens to the extent of its allowed secured claim until paid in full in accordance with this Plan. To the extent sale proceeds are insufficient to satisfy Community Bank's allowed secured claim in full, Community Bank shall retain any allowed deficiency claim against any obligors, subject to further order of the Court.

- This class is impaired.

**Class 3 – General Unsecured Claims.** After payment in full of secured claims, administrative expenses, and priority claims, remaining proceeds shall be distributed pro rata to allowed general unsecured creditors until paid in full. No post-petition interest shall be paid.This class is impaired but projected to be paid in full.

**ARTICLE IV**

**SALE AND AUCTION PROCEDURES**

7.      All real property shall be sold pursuant to 11 U.S.C. § 363 and subject to Court approval. To the extent the Court enters a separate order establishing sale or auction procedures consistent with this Plan, such order shall be deemed incorporated herein.  All sales conducted pursuant to this Plan shall be free and clear of liens, claims, encumbrances, and interests pursuant to 11 U.S.C. § 363(f), with any valid liens attaching to the proceeds of sale in the same order of priority and to the same extent as existed prior to the sale.

8.      For purposes of this Plan, the "Rehabilitation Properties" shall mean the real property located at 144 Reynolds Street, 521 Tammy Drive, and 749 Clearmont Drive. All other real property shall be considered "Non-Rehabilitation Properties."

9.      The "Sale Deadline" shall mean one hundred eighty (180) days after the Effective Date. The "Auction Deadline" shall mean two hundred seventy (270) days after the Effective Date. The "Auction Period" shall mean the ninety (90) day period immediately following the Sale Deadline.  The deadlines set forth herein may be extended by further order of the Court upon a showing of good faith efforts to market and sell the properties.

**Non-Rehabilitation Properties**

10.      Within seven (7) days after the Effective Date, all Non-Rehabilitation Properties shall be listed for sale with licensed Mississippi real estate brokers and placed on the Multiple Listing Service to the extent not already listed.

11.      The Debtor shall have until the Sale Deadline to obtain approval and close sales of Non-Rehabilitation Properties through broker marketing.

12.      Any Non-Rehabilitation Property not sold and closed by the Sale Deadline shall be sold at public auction pursuant to 11 U.S.C. § 363. The Debtor shall file a motion seeking approval of auction procedures within fifteen (15) days after the Sale Deadline. All auction sales of Non-Rehabilitation Properties shall close on or before the Auction Deadline.

**Rehabilitation Properties**

13.      The Rehabilitation Properties shall be rehabilitated solely with personal funds contributed by Dr. Jerrick W. Rose and not from estate funds or cash collateral. Dr. Rose shall have up to one hundred fifty (150) days after the Effective Date to complete rehabilitation.

14.      Each Rehabilitation Property shall be listed for sale promptly upon completion of rehabilitation and in no event later than one hundred fifty (150) days after the Effective Date.

15.      Each Rehabilitation Property shall have a marketing period of ninety (90) days following its listing during which the Debtor may obtain approval and close a sale.

16.      If a Rehabilitation Property is not sold and closed during its marketing period, it shall be sold at public auction during a rehabilitation auction period of ninety (90) days following expiration of its marketing period.

17.      Notwithstanding the foregoing, the outside deadline for completion of any sale or auction closing of a Rehabilitation Property shall be no later than three hundred thirty (330) days after the Effective Date unless extended by further order of the Court.

**Auction Terms and Credit Bidding**

18.      Auction terms shall provide that properties are sold "as is, where is," that bidders must provide verified proof of funds prior to bidding, that the successful bidder shall deposit non-refundable earnest money equal to ten percent (10%) of the purchase price, and that closing shall occur within thirty (30) days of auction.

19.      Citizens shall retain the right to credit bid pursuant to 11 U.S.C. § 363(k). The Court retains authority to review any credit bid for good faith and commercial reasonableness and to condition or limit such bid upon a showing of cause.

**Personal Property.**

20.      In addition to the real property described herein, the Debtor owns certain furnishings and personal property located within the rental properties (the "Personal Property"). The Personal Property may be sold in connection with the sale of the applicable real property or separately, in the Debtor's discretion, subject to Court approval if required. To the extent any lienholder holds a valid and perfected security interest in such Personal Property, the net proceeds of sale shall be applied in accordance with lien priority and the distribution provisions of this Plan. To the extent the Personal Property is not subject to a valid lien, the net proceeds shall constitute unencumbered estate funds and shall be distributed in accordance with the priority and distribution provisions of this Plan.

**Residual Estate Funds.**

21.      Any cash remaining in the Debtor's bank accounts or otherwise held by the estate after liquidation of all property and payment of all allowed secured, administrative, and priority claims shall be distributed to allowed general unsecured creditors until paid in full. Any surplus remaining thereafter shall be returned to the Debtor.

**Application of Sale Proceeds**

22.      From the gross proceeds of each sale or auction, disbursements shall be made at closing in the following order: first, broker or auctioneer commissions and customary closing

6

costs; second, prorated ad valorem taxes attributable to the property; third, payment to the first lienholder up to the amount of its allowed secured claim as determined by the Court; fourth, payment to other secured creditors in accordance with lien priority. Any surplus remaining after payment of all allowed claims shall be returned to the Debtor.

23.     A material default shall occur only if the Debtor fails to comply in any material respect with the sale or auction deadlines set forth in this Plan and such failure continues for fifteen (15) days after written notice of default is provided by the affected secured creditor to Debtor's counsel. The Debtor shall have the opportunity to cure such default within such fifteen (15) day period or to seek an extension for good cause shown. Minor or technical delays that do not materially impair the value of collateral or prejudice a secured creditor shall not constitute a material default. Any secured creditor seeking relief based upon an alleged material default shall do so by motion, and the Court shall determine whether a material uncured default exists and whether relief is appropriate under the circumstances.

**Feasibility and Best Interests.**

24.     The liquidation structure established under this Plan provides a reasonable and achievable timeline for sale of all estate properties through broker marketing and auction procedures. Structured sales maximize value compared to foreclosure and preserve competitive bidding opportunities. Creditors will receive at least as much under this Plan as they would in a Chapter 7 liquidation, as secured creditors retain their liens and credit bid rights, and junior creditors receive distributions only after satisfaction of senior liens. The Debtor believes the Plan is feasible and satisfies the requirements of 11 U.S.C. §§ 1129(a) and 1191.

## ARTICLE V

## IMPLEMENTATION, DISCHARGE, AND JURISDICTION

25.     The Debtor reserves the right to object to the allowance, amount, validity, priority, extent, and secured status of any claim at any time prior to final distribution under this Plan. No distribution made pursuant to this Plan shall constitute an admission as to the validity or amount of any claim.

26.     This Plan may be confirmed under either 11 U.S.C. § 1191(a) or § 1191(b). If all impaired classes of claims accept the Plan, confirmation shall be sought under § 1191(a). If one or more impaired classes do not accept the Plan, the Debtor shall seek confirmation under § 1191(b).

27.     The Debtor submits that the Plan does not discriminate unfairly and is fair and equitable with respect to each impaired, non-accepting class within the meaning of § 1191(b) and (c). Secured creditors retain their liens and credit bid rights and are paid from their collateral in accordance with lien priority. Administrative and priority claims are paid in full. General unsecured creditors receive distributions only after satisfaction of senior claims.

28.     To the extent required under § 1191(c)(2), the Debtor commits that all projected disposable income, if any, received during the period necessary to complete liquidation shall be applied in accordance with the terms of this Plan.

29.     The Debtor shall remain in possession and shall continue to administer and implement this Plan until all property of the estate has been liquidated, all allowed claims have been paid or otherwise resolved in accordance with this Plan, final distributions have been made, and a final decree has been entered by the Court closing the case.. Substantial consummation shall have the meaning set forth in 11 U.S.C. § 1101(2).

30.     The Debtor is authorized to execute deeds, settlement statements, auction agreements, and all documents necessary to implement this Plan.

31.     Upon confirmation under § 1191(a), discharge shall be governed by 11 U.S.C. § 1141(d). If confirmed under § 1191(b), the Debtor shall receive a discharge pursuant to 11 U.S.C. § 1192 upon completion of all payments required under this Plan.

32.     The Court shall retain jurisdiction to enforce this Plan, resolve claim objections, approve sales and auctions, adjudicate disputes, and enter such further orders as necessary to implement this Plan.

33.     Upon entry of the Confirmation Order, the provisions of this Plan shall be binding upon the Debtor and all creditors, equity holders, and parties in interest pursuant to 11 U.S.C. § 1141(a), as incorporated by 11 U.S.C. § 1181.

Respectfully submitted,

By:     /s/ Thomas C. Rollins, Jr.
        Thomas C. Rollins, Jr.
        Attorney for Rose Rental Properties, LLC

Of Counsel:
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm
P.O. Box 13767
Jackson, MS 39236
601.500.5333
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

ROSE RENTAL PROPERTIES, LLC

CASE NO: 25-03091

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 11

On 3/5/2026, I did cause a copy of the following documents, described below,

Order and Plan

Ballot

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 3/5/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

ROSE RENTAL PROPERTIES, LLC

CASE NO: 25-03091

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 11

On 3/5/2026, a copy of the following documents, described below,

Order and Plan

Ballot

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 3/5/2026

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CASE INFO

LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 25-03091
SOUTHERN DISTRICT OF MISSISSIPPI
THU MAR 5 11-9-38 PST 2026

(P)CITIZENS NATIONAL BANK
P O BOX 911
MERIDIAN MS 39302-0911

COMMUNITY BANK
PO BOX 59
FOREST  MS 39074-0059

DEBTOR

ROSE RENTAL PROPERTIES  LLC
1143 ROBINSON SPRINGS RD
MADISON  MS 39110

EXCLUDE

(U)THE CITIZENS NATIONAL BANK OF MERIDIAN

EXCLUDE

US BANKRUPTCY COURT
THAD COCHRAN US COURTHOUSE
501 E COURT STREET
SUITE 2300
JACKSON  MS 39201-5036

ADRIANNE NEWSOME
251 MAXINE DR
PEARL  MS 39208-4912

ASIA BASS
832 SUSSEX PLACE
RIDGELAND  MS 39157-1232

AMERICAN EXPRESS
PO BOX 981537
EL PASO  TX 79998-1537

AMERICAN EXPRESS NATIONAL BANK
CO BECKET AND LEE LLP
PO BOX 3001
MALVERN  PA 19355-0701

CHANNING JONES
689 WEST DR
RIDGELAND  MS 39157-4612

CHRISTY MUNRO
632 RALDE CIR
RIDGELAND  MS 39157-3921

EXCLUDE

(D)(P)CITIZENS NATIONAL BANK
P O BOX 911
MERIDIAN MS 39302-0911

EXCLUDE

(D)COMMUNITY BANK
PO BOX 59
FOREST  MS 39074-0059

EXCLUDE

(U)COMMUNITY BANK OF MISSISSIPPI

EXCLUDE

EMILY HARDEN
801 PLANTERS POINT
CANTON  MS 39046-9467

HINDS CO TAX COLLECTOR
PO BOX 1727
JACKSON  MS 39215-1727

(D)HINDS CO TAX COLLECTOR
PO BOX 1727
JACKSON  MS 39215-1727

HINDS COUNTY TAX COLLECTOR
316 SOUTH PRESIDENT STREET
JACKSON MS 39201-4801

INTERNAL REVENUE SERVI
CENTRALIZED INSOLVENCY
PO BOX 7346
PHILADELPHIA  PA 19101-7346

INTERNAL REVENUE SERVI
CO US ATTORNEY
501 EAST COURT ST
STE 4430
JACKSON  MS 39201-5025

(P)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

JEFF D RAWLINGS  ESQ
RAWLINGS MACINNIS  PA
COUNSEL FOR THE CITIZENS NATIONAL BANK
PO BOX 1789
MADISON  MS 39130-1789

JERRICK W ROSE
1920 BELLEWOOD DR
JACKSON  MS 39211-5705

KRISTIE RANCE
928 GARVIN ST
JACKSON  MS 39206-5090

KING  SPENCER
FOR COMMUNITY BANK
1855 CRANE RIDGE DR
STE D
JACKSON  MS 39216-4944

MADISON CO TAX COLL
PO BOX 113
CANTON  MS 39046-0113

MS DEPT OF REVENUE
BANKRUPTCY SECTION
PO BOX 22808
JACKSON  MS 39225-2808

(P)MISSISSIPPI STATE TAX COMMISSION
P O BOX 22808
JACKSON MS 39225-2808

PEDIATRIC DENTAL STUDIO
201 RIVERWIND DR
PEARL  MS 39208-5653

RANKIN CO TAX COLLE
211 E GOVERNMENT ST
BRANDON  MS 39042-3269

RAWLINGS  MACINNIS
FOR CITIZENS NATIONAL
PO BOX 1789
MADISON  MS 39130-1789

SARAH BETH WILSON  ESQ
PHELPS DUNBAR  LLP
COUNSEL FOR COMMUNITY BANK
1905 COMMUNITY BANK WAY  SUITE 200
FLOWOOD  MS 39232-1249

US ATTORNEY SD MISSISSIPPI
CO INTERNAL REVENUE SERVICE
501 E COURT STREET  STE 4430
JACKSON  MS 39201-5025

US ATTORNEY SD MISSISSIPPI
CO US SECURITIES AND EXCHANGE COMMISS
501 E COURT STREET  STE 4430
JACKSON  MS 39201-5025

US SECURITIES AND EXCHANGE COMMISSION
OFFICE OF REORGANIZATION
950 EAST PACES FERRY ROAD  SUITE 900
ATLANTA  GA 30326-1382

US ATTORNEY GENERAL
US DEPT OF JUSTICE
950 PENNSYLVANIA AVENW
WASHINGTON  DC 20530-0001

EXCLUDE
UNITED STATES TRUSTEE
501 EAST COURT STREET
SUITE 6-430
JACKSON  MS 39201-5022

EXCLUDE
CRAIG M GENO
LAW OFFICES OF CRAIG M GENO  PLLC
601 RENAISSANCE WAY
SUITE A
RIDGELAND  MS 39157-6038

EXCLUDE
THOMAS CARL ROLLINS JR
THE ROLLINS LAW FIRM  PLLC
PO BOX 13767
JACKSON  MS 39236-3767

VICTORIA PROWANT
115 LAUREL PARK CV STE 210
FLOWOOD  MS 39232-8054