#### IN THE UNITED STATES BANKRUPTCY COURT
#### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    Rose Rental Properties, LLC, Debtor          Case No. 25-03091-KMS
                                                                                                CHAPTER 11

#### ORDER APPROVING THE SALE OF CERTAIN REAL PROPERTY

ON THIS DATE the Court considered the Motion to Approve the Sale of Certain Real Property (Dk # ___) and no objection to the motion was timely filed by any party. It is therefore,

**ORDERED** and **ADJUDGED** that the Motion is GRANTED and the Debtor is authorized to sell certain real property located at 118 Fairfax Circle Unit A, Brandon, MS 39047 ("Property") and more particularly described as:

> North Part of Lot 188 Northwoods Sub Pt 4

pursuant to the terms of the contract attached to the Motion and the additional terms set forth herein.

IT IS FURTHER ORDERED AND ADJUDGED that if the purchaser fails to close for any reason other than the Debtor's default, any earnest money deposit shall be forfeited and paid directly to Citizen's Bank ("Creditor"), as first lienholder, to be applied to the indebtedness.

IT IS FURTHER ORDERED AND ADJUDGED that to the extent the purchase agreement contains a financing contingency, proof of pre-approval or pre-qualification shall be provided to Creditor within seven (7) days of entry of this Order, and a firm loan commitment shall be provided within thirty (30) days of entry of this Order.

IT IS FURTHER ORDERED AND ADJUDGED that Debtor shall provide Creditor with the proposed settlement statement, deed, title commitment, and payoff statement no later than forty-eight (48) hours prior to closing, or as soon as reasonably practicable given the timing of

final figures in residential transactions. Citizens shall use reasonable efforts to respond promptly; failure to timely respond shall constitute approval.

IT IS FURTHER ORDERED AND ADJUDGED that all net sale proceeds, after payment of prorated ad valorem taxes and court approved closing costs, shall be paid directly to Creditor through the closing agent at closing by wire transfer or cashier's check and shall not be held by the Debtor or Debtor's counsel.

IT IS FURTHER ORDERED AND ADJUDGED that Creditor's lien shall not be subordinated to any costs or expenses other than prorated ad valorem taxes actually paid at closing, real estate commissions not to exceed the amount contained in the Motion, and other customary and commercially reasonable closing costs.

IT IS FURTHER ORDERED AND ADJUDGED that the Property shall be sold free and clear of all liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f), with all such liens attaching to the proceeds of sale in the same validity, extent, and priority as existed against the Property.

IT IS FURTHER ORDERED AND ADJUDGED that pursuant to 11 U.S.C. § 362(d), the automatic stay is modified solely as to the sale proceeds to permit Creditor to receive and apply such proceeds to the indebtedness without further order of this Court.

##END OF ORDER##

SUBMITTED BY:
/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr., (MSBN103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601)500-5533