_____



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: March 17, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    **Rose Rental Properties, LLC, Debtor**          **Case No. 25-03091-KMS**
                                                                                            **CHAPTER 11**

### AGREED ORDER APPROVING THE SALE OF CERTAIN REAL PROPERTY

THIS MATTER came before the Court on the Motion to Approve the Sale of Certain Real Property (Dkt. #136) and Community Bank's Response (Dk # 155) , and the Court being advised that the parties have reached an agreement and finding that the relief requested is well taken, it is therefore

ORDERED AND ADJUDGED that the Motion is GRANTED and the Debtor is authorized to sell certain real property located at 128 N Brighton Drive, Jackson, MS 39211, and more particularly described as:

Lot 61 North Brighton Pt 3

(the "Property"), pursuant to the terms of the contract attached to the Motion and the additional terms set forth herein.

IT IS FURTHER ORDERED AND ADJUDGED that if the purchaser fails to close for any reason other than the Debtor's default, any earnest money deposit shall be forfeited and paid directly to Citizen's Bank ("Creditor"), as first lienholder, to be applied to the indebtedness.

IT IS FURTHER ORDERED AND ADJUDGED that to the extent the purchase agreement contains a financing contingency, proof of pre-approval or pre-qualification shall be provided to Creditor within seven (7) days of entry of this Order, and a firm loan commitment shall be provided within thirty (30) days of entry of this Order.

IT IS FURTHER ORDERED AND ADJUDGED that Debtor shall provide Creditor with the proposed settlement statement, deed, title commitment, and payoff statement no later than forty-eight (48) hours prior to closing, or as soon as reasonably practicable given the timing of final figures in residential transactions. Citizens shall use reasonable efforts to respond promptly; failure to timely respond shall constitute approval.

IT IS FURTHER ORDERED AND ADJUDGED that all net sale proceeds, after payment of prorated ad valorem taxes and court approved closing costs, shall be paid directly to Creditor through the closing agent at closing by wire transfer or cashier's check and shall not be held by the Debtor or Debtor's counsel. If any funds are remaining after satisfaction of Citizens Bank's allowed claim, those remaining funds shall be paid directly to Community Bank, as second position lienholder, and applied to its claim.

IT IS FURTHER ORDERED AND ADJUDGED that Creditor's lien shall not be subordinated to any costs or expenses other than prorated ad valorem taxes actually paid at closing, real estate commissions not to exceed the amount contained in the Motion, and other customary and commercially reasonable closing costs.

IT IS FURTHER ORDERED AND ADJUDGED that the Property shall be sold free and clear of all liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f), with all such liens attaching to the proceeds of sale in the same validity, extent, and priority as existed against the Property.

IT IS FURTHER ORDERED AND ADJUDGED that pursuant to 11 U.S.C. § 362(d), the automatic stay is modified solely as to the sale proceeds to permit Creditor to receive and apply such proceeds to the indebtedness without further order of this Court.

##END OF ORDER##

Approved:


/s/ Thomas C. Rollins, Jr.                              /s/ Sarah Beth Wilson
Thomas C. Rollins, Jr., (MSBN103469)          Attorney for Community Bank
The Rollins Law Firm, PLLC
P.O. Box 13767                                              /s/ Jeff Rawlings
Jackson, MS 39236                                         Attorney for The Citizens
(601)500-5533                                                National Bank of Meridian