**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

|  |  |  |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **ROSE RENTAL PROPERTIES, LLC** | ) | **Case No. 25-03091** |
| | ) | |
| **Debtor** | ) | **Chapter 11** |
| | ) | |
| | ) | |

**RESPONSE AND LIMITED OBJECTION BY COMMUNITY BANK TO DEBTOR'S**
**MOTION TO APPROVE THE SALE OF CERTAIN REAL PROPERTY [161]**

Community Bank ("Community Bank"), a secured creditor and party in interest in the above-referenced Chapter 11 Subchapter V bankruptcy case filed by Debtor Rose Rental Properties, LLC (the "Debtor"), submits this response and limited objection to the *Motion to Approve the Sale of Certain Real Property* (Dkt. #161, the "Motion") filed by Debtor Rose Rental Properties, LLC (the "Debtor") on March 16, 2026, concerning the real property known as 118 Fairfax Circle Unit A, Brandon, Mississippi (the "Real Property"), and states as follows:

**BACKGROUND**

1. The Debtor sought out and borrowed from Community Trust forty (40) loans secured by perfected liens upon and security interests in real property collateral (twenty (20) separate properties each containing a structure) and all proceeds therefrom including rents, leases and other revenues, as further described in the deeds of trust and security agreements executed and delivered by the Debtor to and for the benefit of Community Bank. The Debtor also sought out and borrowed from Community Trust an additional three (3) loans secured by perfected liens upon and security interests in real

property collateral (one (1) containing a structure) first-priority, as further described in the deeds of trust and security agreements executed and delivered by the Debtor to and for the benefit of Community Bank in connection with the loans.

2.     Each of the deeds of trust contains a provision titled "Security Agreement" which also conveys to and for the benefit of Community Bank a security interest in and lien upon all rents, leases, and revenues from use, sale, or rental of any of the real property collateral.

3.     One or more events of default occurred with respect to the loans prior to the date of filing of the petition, including but not limited to failure(s) to timely remit required payments due and owed pursuant to and consistent with the terms and conditions of the loan documents. The Debtor also defaulted under the loan documents' terms by, *inter alia*, failing to timely pay and satisfy the real property tax obligations owed concerning certain of the real property collateral.

4.     All loans remain unpaid and outstanding to Community Bank.

5.     Additional interest continues to accrue and become due and owed to Community Bank as set out in the loan documents, and Community Bank has incurred and continues to incur fees, costs, and expenses (including but not limited to attorneys' fees and costs) as a result of and in connection with the uncured defaults by the Debtor under the terms of the loan documents.

6.     Community Bank holds properly perfected liens upon and security interests in, *inter alia*, the Real Property subject to the Motion and all revenues from use, sale, lease, or rent of the real property collateral (including but not limited to the Real

Property subject to the Motion), pledged by the Debtor to and for the benefit of Community Bank as security for the repayment and satisfaction of all indebtedness and obligations owed and becoming owed to Community Bank under the loans borrowed by the Debtor from Community Bank, in default at the time of the petition filing, and remaining unpaid, outstanding and due and owed in full to Community Bank.

7.      As of the petition date, Community Bank's secured claim is at least $405,680.78 plus interest, attorneys' fees, costs, and expenses, and other amounts owed and becoming owed to Community Bank pursuant to and in accordance with the terms and conditions of the loan documents and security instruments, as evidenced by and further described in the Proof of Claim and supporting documents timely filed herein by Community Bank on February 12, 2026, as Claim #6 in the Claims Register. The Community Bank Proof of Claim with all exhibits is hereby incorporated fully by reference for all purposes.

## LIMITED OBJECTION

8.      The Motion seeks entry of an order by this Court granting permission to proceed with a sale of property which is part of Community Bank's collateral securing its unpaid claim herein and which is subject to Community Bank's secured and properly perfected lien and security interest – namely, the Real Property, as defined hereinabove.

9.      Community Bank objects to the relief sought in the Motion to the extent that it fails to contemplate that all properly perfected liens on and security interests in the property subject to the Motion will attach to all sales proceeds in the same order, priority, and extent in which they exist prior to the sale under applicable non-bankruptcy law.

10. Community Bank objects to the relief sought in the Motion to the extent that it contemplates distribution of sales proceeds to any alleged lienholder in any amount and to any extent which exceeds the amount and extent of the lienholder's allowed secured claim with respect to the property subject to the Motion.

11. Community Bank objects to the relief sought in the Motion to the extent, if any, that it contemplates distribution of sales proceeds to any alleged lienholder for payment of amounts which, on information and belief, may include amounts for interest, default interest, attorneys' fees, costs, and expenses, and/or other fees and charges.

12. Community Bank objects to the sale contemplated in the Motion to the extent, if any, that it contemplates use or distribution of any sales proceeds for payment of any amounts to professionals or third-parties for services or other expenses or costs other than for payment of standard costs of closing and the Court-approved realtor commission with respect to the subject sale.

13. Community Bank reserves the right to object to all other and further proposed sales of property, rights and interests which constitute Community Bank's collateral and which are subject to Community Bank's properly perfected liens and security interests, and to proposed uses and distributions of sales proceeds therefrom.

14. Community Bank respectfully requests that any Order entered on the Motion provide for and contemplate attachment of secured liens and security interests to all sale proceeds in the same amount, extent, and priority of existing liens pursuant to applicable non-bankruptcy law, and that sales proceeds shall be remitted to lienholders with perfected liens upon and security interests in the subject property only to the extent

4

of their allowed claims exclusive of interest, default interest, attorneys' fees, costs and expenses, and that no amounts of sales proceeds will be used for payment to unsecured creditors or returned to the Debtor unless and until the full amount of the secured claim of Community Bank is paid and satisfied.

15.     Community Bank does not waive and specifically reserves all rights, claims, arguments, and additional grounds in support of this response and limited objection for all purposes, including but not limited to those concerning its rights to seek other and/or further adequate protection and other relief. Community Bank further reserves all additional and other arguments in support of this response and limited objection which may be presented by supplemental response / objection and/or at any status conference(s) and/or hearing(s) held by the Court on the Motion. Community Bank further requests general relief.

Respectfully submitted, 24th day of March, 2026.

<strong>COMMUNITY BANK OF MISSISSIPPI</strong>

BY:     */s/ Sarah Beth Wilson*
        Sarah Beth Wilson, MB #103650
        PHELPS DUNBAR LLP
        1905 Community Bank Way, Suite 200
        Flowood, MS 39232
        Telephone: 601-352-2300
        Telecopier: 601-360-9777
        Email: sarah.beth.wilson@phelps.com
        *Attorney for Community Bank of Mississippi*

5

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this date I caused the above and foregoing to be filed electronically with the Clerk of the Court using the CM / ECF system which sent notification of such filing to all counsel of record in the above-referenced action including but not limited to:

Thomas C. Rollins, Jr.
*Attorney for Debtor*

Craig M. Geno
*Subchapter V Trustee*

Dated: March 24, 2026.

/s/ *Sarah Beth Wilson*
Of Counsel

6

PD.61199442.1