**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:       **ROSE RENTAL PROPERTIES, LLC**     **CASE NO.**    **25-03091-JAW**

          **DEBTOR(S)**                       **CHAPTER**   **11**

---

**UNITED STATES TRUSTEE'S OBJECTION TO**
**DEBTOR'S SUBCHAPTER V PLAN**
**(DKT. #139)**

---

COMES NOW David W. Asbach, Acting United States Trustee for Region 5 ("UST"), by and through undersigned counsel, and files this Objection to Debtor's Subchapter V Plan (DKT. #139), and in support thereof respectfully submits the following:

1. On March 3, 2026, Debtor filed its Subchapter V Plan (DKT. #59). The confirmation hearing is set for April 15, 2026.

2. The UST objects to Article II: Administrative and Priority Claims.

   a. The Plan fails to discuss payment of the Subchapter-V Trustee's fees. If the Plan is confirmed consensually, any order entered should provide a date certain upon which the Subchapter-V Trustee's final fee application shall be filed and that said fees shall be paid in full by a date certain thereafter.

   b. If the Plan is confirmed as non-consensual, any order entered shall state the frequency of payments to the subchapter-V trustee and the amount of said payments.

3. Article III: Classification and Treatment of Secured and Unsecured Claims.

   a. The UST seeks clarification surrounding any potential deficiency of the payoff of Citizens National Bank and/or Community Bank. The Plan states that should

there be insufficient sales proceeds to satisfy Citizens Banks's or Community Bank's secured claims in full, the banks shall retain any allowed deficiency claim against any obligors, subject to further order of the court.  The plan does not indicate whether any such deficiencies will be considered a general unsecured debt. Considering same, the UST seeks clarification of the Debtor's calculation of how much general unsecured debt it owes.

b. The UST also seeks further information at the hearing on this Plan regarding how the Debtor projects that the general unsecured creditors will be paid in full.

4. Article IV:  Sale and Auction Procedures

a. Paragraph 13:  The UST seeks clarification regarding what "rehabilitation" entails.

b. The UST seeks clarification regarding whether Dr. Jerrick W. Rose intends to seek reimbursement from Debtor of any of his out-of-pocket expenses incurred in the "rehabilitation".

5. The UST objects to language in Article V: Implementation, Discharge, and Jurisdiction

a. The Plan fails to discuss treatment of the Subchapter-V Trustee following confirmation.  If the Plan is confirmed as consensual, any order confirming the Plan should state that the Subchapter-V Trustee's duties shall be terminated upon filing of a Notice of Substantial Consummation that shall be timely filed pursuant to § 1183(c)(2).

b. If the Plan is confirmed as non-consensual, any order confirming the Plan should state that the Subchapter-V Trustee shall remain in place for the life of the Plan.

c. The UST objects to language in Paragraph 31 of Article V. The Plan is a liquidating plan, and, pursuant to § 1141(d)(3)(A), the Debtor is not entitled to a discharge regardless of whether the Plan is confirmed as consensual or non-consensual.

6. Since the Plan is one of liquidation, and there is no language establishing a liquidation trust or any other such vehicle for distribution, the UST asserts that any order confirming the Plan should clearly state who is to make or otherwise oversee any distributions under the Plan.

7. Any order confirming the Plan should state that the Debtor shall timely file a Notice of Effective Date and a Notice of Substantial Consummation.

8. The UST reserves the right to provide additional grounds for denial of confirmation of the Plan at the hearing on this matter.

WHEREFORE, PREMISES CONSIDERED, the United States Trustee prays that the Court deny confirmation of the Debtor's Plan of Reorganization. The United States Trustee also prays for all general relief to which it may be entitled in these premises.

RESPECTFULLY SUBMITTED, this the 8th day of April 2026.

> DAVID W. ASBACH
> Acting United States Trustee
> Region 5, Districts of
> Louisiana and Mississippi

By: */s/Abigail M. Marbury*
ABIGAIL M. MARBURY

ABIGAIL M. MARBURY (MSB #99626)

ASSISTANT U.S. TRUSTEE
U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. TRUSTEE, REGION 5
501 EAST COURT STREET, SUITE 6-430
JACKSON, MISSISSIPPI  39201
TEL:  (601) 965-5245
EMAIL: abigail.m.marbury@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing pleading has been served on the below-named individual(s) this day via first class U.S. Mail at the address listed below or electronically served via the electronic mail address on file with the Court's CM/ECF system:

T.C. Rollins
*Attorney for Debtor*

Craig M. Geno
*Subchapter-V Trustee*

DATED, this the 8th day of April 2026.

By:   */s/Abigail M. Marbury*
ABIGAIL M. MARBURY