# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:        **ROSE RENTAL PROPERTIES, LLC**                    **CHAPTER 11**
              **Debtor**                                   **CASE NO. 25-03091-JAW**

## OBJECTION TO SUBCHAPTER V CHAPTER 11 LIQUIDATION PLAN

COMES NOW Craig M. Geno, the appointed Subchapter V Trustee in the above styled and numbered case (the "Trustee"), and files this his Objection to the *Subchapter V Chapter 11 Liquidation Plan* (the "Plan") **[DK #139]**, filed herein by Rose Rental Properties, LLC (the "Debtor") and would respectfully show as follows, to-wit:

1.     It appears that the Plan is not feasible. For example, administrative expenses are provided for in Article II which states, at first, that they "shall be paid in full in cash on the Effective Date . . .," but then it goes on to state "or as soon thereafter as sufficient unencumbered funds become available."

2.     It does not appear that there will be any "sufficient unencumbered funds" for an extended period of time from real estate sales because the Plan is one of liquidation and the properties must be liquidated over time. And, the existing secured creditors must be paid in full so there may be no surplus unencumbered funds.

3.     Those results cause the Plan to be guesswork and the uncertainty as to the payment of administrative expenses causes the Plan to lack feasibility. However, it appears that some of the personal property located inside the structures is owned by the Debtor and there may be no liens upon it. The Plan does not seem to take a position as to whether or not the personal property is encumbered - and it should do so, for that issue to be joined at confirmation.

4.     The Plan lacks an analysis of potential avoidance claims and causes of action, and it appears there may be certain claims and causes of action that should be, at a minimum, discussed

and described to allow creditors to make the decision as to whether or not they should be pursued either by the Debtor or a third party.

5. While the Trustee recognizes that the Plan is a plan of liquidation, the Bankruptcy Code requires an analysis of the projected disposable income. And, technically, the treatment of unsecured creditors does not mention that the projected disposable income will be dedicated to claims of unsecured creditors, which appears to be a Bankruptcy Code requirement that is missing. Further, there is no projected disposable income actual analysis and the creditors and the Trustee are left to guess at what the Debtor believes that analysis would reflect so as to make a better informed decision about voting to accept or reject the Plan, and/or whether to object to the Plan.

6. The Debtor should be required to come current and comply with this Court's prior order authorizing and directing the Debtor to escrow $1,000 per month toward the payment of the Trustee's fees. Until that requirement is fulfilled, confirmation should be denied.

7. Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully prays that upon a hearing hereof, this Honorable Court will deny confirmation. The Trustee prays for general relief.

THIS, the _____ day of April, 2026.

Respectfully submitted,

CRAIG M. GENO, SUBCHAPTER V TRUSTEE

By His Attorneys,

LAW OFFICES OF GENO AND STEISKAL, PLLC

By: _____
        Craig M. Geno

-2-

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Subchapter V Cases\Rose Rental Properties, LLC\Pleadings\Obj to Debtor's SubV Plan 4-8-26.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Abigail M. Marbury, Esq.
Assistant United States Trustee
abigail.m.marbury@usdoj.gov

Thomas C. Rollins, Jr., Esq.
trollins@therollinsfirm.com

Jeff Rawlings, Esq.
jeff@rawlingsmacinnis.net

Sarah Beth Wilson, Esq.
sarah.beth.wilson@phelps.com

THIS, the _____ day of April, 2026.

_____
Craig M. Geno