_____



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: April 14, 2026**

_____
**The Order of the Court is set forth below. The docket reflects the date entered.**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:   Rose Rental Properties, LLC, Debtor**          **Case No. 25-03091-KMS**
                                                          **CHAPTER 11**

## AGREED ORDER GRANTING PARTIAL RELIEF FROM AUTOMATIC STAY AND PROVIDING ADEQUATE PROTECTION TO SECURED CREDITORS

THIS MATTER having come before the Court on the Motion for Relief from Automatic Stay filed by The Citizens National Bank of Meridian ("Citizens") (Dkt. 111), Debtor's Response (Dkt. 149), Sub-chapter 5 Trustee's Answer (Dkt. 156) and Community Bank's Response (Dkt. 157) and the parties having agreed to resolve said Motion on the terms set forth herein in lieu of an evidentiary hearing, and the Court having considered the pleadings and the record in this case, and having found that the terms of this Order are fair, reasonable, and in the best interests of the estate and its creditors:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Citizens holds deeds of trust and assignments of leases and rents securing indebtedness of $1,692,271.10, which includes all principal, interest, and fees through March 2, 2026, as well as attorneys' fees through February 13, 2026, plus accruing interest thereafter, costs and fees (collectively, the "Citizens Debt").

PD.61301397.2

3. Community Bank holds deeds of trust, security interests and assignments of leases and rents on all Properties securing unpaid indebtedness of $443,381.86 (which includes all principal, interest, and fees / charges through March 31, 2026, and attorneys' fees and expenses incurred through March 17, 2026) plus (i) interest accruing from and after March 31, 2026, and (ii) attorneys' fees and costs incurred from and after March 17, 2026 (collectively, the "CB Debt").Citizens holds valid, perfected, first-priority Deeds of Trust and Assignments of Leases and Rents upon the twenty (20) rental properties identified in Exhibit C to Citizens' Motion for Relief from Automatic Stay (Dkt. 111) and in the Interim Cash Collateral Order (Dkt. 55, p. 4) (collectively, the "Properties").

4. Community Bank holds valid, perfected, second-priority Deeds of Trust, Security Agreements and Assignments of Leases and Rents upon the twenty (20) Properties, and holds a valid, perfected, first-priority Deed of Trust, Security Agreement, and Assignment of Leases and Rents upon the real property located at and commonly known as 1046 Whitworth Street, Jackson, Mississippi (the "Whitworth Property"), as set forth in the Interim Cash Collateral Order (Dkt. 55, p. 5).Pursuant to the terms of the Loan Documents, all of the Collateral pledged to Citizens secures all of the Citizens Debt.

5. The Debtor has determined that an orderly sale of the Properties is the best and most appropriate means of satisfying the Citizens Debt and the CB Debt and resolving this case.

6. The procedures governing the marketing, sale, and auction of the Properties shall be set forth in a separate Agreed Order Establishing Procedures for the Sale of Real Property (the "Procedures Order"), which is incorporated herein by reference. All sales shall be conducted in accordance with the Procedures Order. To the extent that the Procedures

PD.61301397.2

Order contemplates distribution of sales proceeds following sales of the Properties and the Whitworth Property completed in accordance with the terms of the Procedures Order for application by Citizens and Community Bank to the Citizens Debt and the CB Debt, respectively, relief from the automatic stay of Section 362 shall be and hereby is granted to the extent necessary in order to allow Citizens and Community Bank to receive and apply sales proceeds to the outstanding indebtedness owed by the Debtor to Citizens for the Citizens Debt and to Community Bank for the CB Debt, as provided by and in accordance with the terms and provisions of the Procedures Order.

7.  All rights, protections, and obligations afforded to Citizens in connection with the sale of Properties and granted by the terms of this Order shall apply equally to Community Bank.

8.  Citizens shall timely provide post-closing reporting (via email to counsel for Community Bank, the Trustee and the Debtor) with respect to each sale in accordance with the terms of the Procedures Order including timely disclosure to the Debtor and Community Bank of the sales proceeds received, how they were applied to the Citizens Debt, and an updated itemized breakdown of the Citizens Debt remaining outstanding after each application of sales proceeds by Citizens.

9.  Notwithstanding anything herein, the Debtor and Community Bank do not waive and expressly reserve all rights and claims including the rights to object to the allowance, reasonableness, and extent of any aspects constituting the Citizens Debt including Citizens' alleged interest and applied rates, attorneys' fees, costs, or other charges asserted by Citizens, and all amounts accruing after the dates for which the Citizens Debt

PD.61301397.2

amount set forth above in this Order are updated , and the rights to object concerning the manner of application of sales proceeds.

10. The Debtor shall continue to provide Citizens and Community Bank with monthly operating reports, rental reports, and other required reporting and disclosures as required by the Interim Cash Collateral Order (Dkt. 55), and shall provide Citizens and Community Bank with rental reports and the reporting required by the terms of the Procedures Order.

11. Nothing in this Order constitutes a waiver of Citizens' or Community Bank's liens, claims, or rights and remedies under the terms of their respective agreements with the Debtor including loan documents, security agreements, and related documents, Mississippi law, or the Bankruptcy Code and applicable rules, except as expressly stated herein.

12. This Order shall be effective immediately upon entry for all purposes, and the 14-day stay shall be and hereby is waived for all purposes.

13. This Order is binding upon the Debtor, all creditors, and all parties in interest.

14. This Court retains jurisdiction to enforce and interpret this Order.

###END OF ORDER###

Prepared by:

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm, PLLC
PO Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.com

Approved by:

/s/ Jeff Rawlings_____
Attorney for The Citizens National Bank of Meridian

/s/ Sarah Beth Wilson_____
Attorney for Community Bank

s/ Craig M. Geno_____
Subchapter V Trustee

PD.61301397.2