United States Bankruptcy Court

Southern District of Mississippi

In re:

Rose Rental Properties, LLC

    Debtor

Case No. 25-03091-KMS

Chapter 11

# CERTIFICATE OF NOTICE

| District/off: 0538-3 | User: mssbad | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Apr 14, 2026 | Form ID: pdf012 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 16, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| dbpos | + Rose Rental Properties, LLC, P.O. Box #826, Madison, MS 39130-0826 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 16, 2026    Signature:    /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 14, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Abigail M. Marbury | on behalf of U.S. Trustee United States Trustee abigail.m.marbury@usdoj.gov |
| Craig M. Geno | cmgeno@cmgenolaw.com  kcarter@cmgenolaw.com,cmgeno@ecf.courtdrive.com |
| Craig M. Geno | on behalf of Trustee Craig M. Geno cmgeno@cmgenolaw.com  kcarter@cmgenolaw.com,cmgeno@ecf.courtdrive.com |
| Jeff D. Rawlings | on behalf of Creditor Citizens National Bank Notices@rawlingsmacinnis.net  Judy@rawlingsmacinnis.net |
| Jeff D. Rawlings | on behalf of Creditor The Citizens National Bank of Meridian Notices@rawlingsmacinnis.net  Judy@rawlingsmacinnis.net |
| Sarah Beth Wilson | on behalf of Creditor Community Bank sarah.beth.wilson@phelps.com 1069885420@filings.docketbird.com;page.bridges@phelps.com;Danielle.Mashburn-Myrick@phelps.com,1069885420@filings.d |

District/off: 0538-3                          User: mssbad                              Page 2 of 2
Date Rcvd: Apr 14, 2026                       Form ID: pdf012                           Total Noticed: 1

ocketbird.com

Thomas Carl Rollins, Jr

on behalf of Debtor In Possession Rose Rental Properties  LLC trollins@therollinsfirm.com,
jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;brea
nne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

United States Trustee

USTPRegion05.JA.ECF@usdoj.gov

TOTAL: 8

_____

SO ORDERED,



Judge Katharine M. Samson
United States Bankruptcy Judge
Date Signed: April 14, 2026

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    Rose Rental Properties, LLC, Debtor          Case No. 25-03091-JAW- KMS
                                                              **CHAPTER 11**


## AGREED ORDER ESTABLISHING PROCEDURES FOR SALE OF REAL PROPERTY
                            (Dkt. #200)

This matter came before the Court upon the agreement of Rose Rental Properties, LLC (the "Debtor"), The Citizens National Bank of Meridian ("Citizens"), and Community Bank of Mississippi ("Community Bank") (Citizens and Community Bank are also referred to herein collectively as the "Lienholders"), for the entry of this Agreed Order Establishing Procedures for the Sale of Real Property (the "Procedures Order"). The Court, having considered the agreement of the parties, and being satisfied that the procedures set forth herein are appropriate and in the best interests of the estate and its creditors, and being otherwise duly advised in the premises, finds that this Order should be entered to allow the expedient and cost effective procedures as set forth below.

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on or about December 4, 2025, commencing Case No. 25-03091-KMS in the United States Bankruptcy Court for the Southern District of Mississippi.

2. The Debtor's estate includes approximately twenty one (21) parcels of real property as identified on Exhibit "A" attached hereto and incorporated herein (the "Properties"), all of which are encumbered by deeds of trust held by Citizens and/or Community Bank.

3. Citizens holds deeds of trust and assignments of leases and rents securing indebtedness of $1,692,271.10, which includes all principal, interest, and fees through March 2, 2026, as well as attorneys' fees through February 13, 2026, plus accruing interest thereafter, costs

PD.61301409.2

and fees. Community Bank holds deeds of trust, security interests and assignments of leases and rents on all Properties securing unpaid indebtedness of $443,381.86 (which includes all principal, interest, and fees / charges through March 31, 2026, and attorneys' fees and expenses incurred through March 17, 2026) plus (i) interest accruing from and after March 31, 2026, and (ii) attorneys' fees and costs incurred from and after March 17, 2026.

4. The Debtor has retained a Court-approved real estate professional to market and sell the Properties. The orderly sale of the Properties is the Debtor's acknowledged sole path to satisfying its obligations to secured creditors.

5. The parties agree that requiring a separate noticed motion, hearing, and order for each individual property sale would impose unnecessary delay and expense on the estate and would impede an orderly liquidation and may well cost the loss of sales due to the passage of time. The parties desire to establish streamlined, standing procedures pursuant to 11 U.S.C. § 363(b) and applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure that will permit the Debtor to consummate sales of the Properties promptly and without further court order, subject to the reservations of rights and protections set forth herein.

6. This Order is authorized pursuant to 11 U.S.C. §§ 105(a), 363(b), 363(f), and 1107(a), and Federal Rules of Bankruptcy Procedure 2002 and 6004. Section 363(b) authorizes the Debtor, after notice and hearing, to use, sell, or lease property of the estate outside the ordinary course of business. Section 105(a) grants the Court authority to issue any order necessary to carry out the provisions of the Bankruptcy Code. Courts in Chapter 11 cases involving multiple assets routinely enter standing sale procedures orders of the type set forth herein to promote efficient administration of the estate.

7. This Order shall apply to all pending and future motions to sell property of the estate, including, without limitation, the Motion to Sell Property filed at Docket No. 161.

8. The Debtor may accept purchase offers for any Property or Properties listed herein in the Debtor's reasonable business judgment, subject to the approval and consent requirements set forth in Paragraph 9 below. Upon execution of a purchase contract, the Debtor shall promptly provide written notice of the proposed sale to counsel for Citizens and counsel for Community Bank (the "Lienholder Notice"), which shall include:

PD.61301409.2

    a) a copy of the executed purchase contract, including all addenda and exhibits;

    b) the proposed sale price and the identity of the buyer;

    c) the name and contact information for the closing attorney or title company;

    d) the anticipated closing date; and

    e) confirmation of the real estate commission and any other closing costs to be deducted from gross proceeds.

9. No sale of any Property shall be consummated without the prior written consent of both Citizens and Community Bank (to the extent each holds a lien on the subject Property). Each Lienholder's consent shall be evidenced by written approval (which may be transmitted by email from counsel of record) to the Debtor's counsel within five (5) business days of receipt of the complete Lienholder Notice described in Paragraph 8. Failure to respond within said period shall be deemed a withholding of consent and the sale shall not proceed without further order of the Court. The rights and protections afforded to Citizens and Community Bank herein shall apply equally to Citizens and Community Bank.

10. A proposed HUD-1 Settlement Statement or closing disclosure reflecting the anticipated distribution of sale proceeds, including the payoff amounts for all deeds of trust encumbering the Property, to be provided 5 days before the sale;

11. Each sale of Property under this Procedures Order shall be free and clear of all liens, claims, encumbrances, and interests pursuant to 11 U.S.C. § 363(f), with all such liens, claims, encumbrances, and interests to attach to the net proceeds of sale in the order of their priority, subject to further order of this Court.

12. At each closing on each of the Properties except with respect to the real property located at 1046 Whitworth, Jackson, MS, the closing attorney or title company is hereby directed to distribute the proceeds of sale in the following order:

    a) First, payment of all customary and reasonable closing costs, including real estate commissions not to exceed five percent (5%) of the gross sales price, title examination fees, title insurance premiums, survey costs, transfer taxes, recording fees, and prorations of real property taxes;

PD.61301409.2

    b)   Second, payment of all sales proceeds, net of reasonable and customary closing costs, directly to Citizens National Bank as first lienholder until its claim is paid in full as set forth herein;

    c)   Third, after payment in full of the debt of Citizens National Bank as set forth herein, payment in full of all proceeds directly to Community Bank of Mississippi until its claim is paid in full as set forth herein;

    d)   Fourth, payment of any other valid and allowed liens or encumbrances on the subject Property in order of their priority; and

    e)   Fifth, the remaining net proceeds, if any, after payment in full of Citizens National Bank and Community Bank of Mississippi, shall be paid to the Subchapter V Trustee ~~Debtor-in-Possession~~ to be held subject to further order of this Court.

13. At the closing on the real property located at 1046 Whitworth Street, Jackson, MS, the closing attorney or title company is hereby directed to distribute the proceeds of sale in the following order:

    f)   First, payment of all customary and reasonable closing costs, including real estate commissions not to exceed five percent (5%) of the gross sales price, title examination fees, title insurance premiums, survey costs, transfer taxes, recording fees, and prorations of real property taxes;

    g)   Second, payment of all sales proceeds, net of reasonable and customary closing costs, directly to Community Bank of Mississippi as first lienholder until its claim is paid in full as set forth herein;

    h)   Third, payment of any other valid and allowed liens or encumbrances on the subject Property in order of their priority; and

    i)   Fourth, the remaining net proceeds, if any, after payment in full of the debt of Community Bank of Mississippi as set forth herein, shall be paid to the Subchapter V Trustee ~~Debtor-in-Possession~~ to be held subject to further order of this Court.

14. The closing attorney or title company shall not disburse any sale proceeds until: (i) written evidence of each Lienholder's consent to the sale has been received by the closing attorney; and (ii) all conditions of the purchase contract have been satisfied or waived.

15. As soon as possible after each closing but no later than ten (10) business days after each closing, Citizens shall provide emailed notice to the Debtor and Community Bank setting forth:

   a) the gross sale proceeds received;

   b) a detailed itemization of all amounts applied, including amount(s) applied to principal, interest, attorneys' fees, costs, and other charges; and

   c) an updated running itemized balance of the alleged outstanding Citizens debt after application of said proceeds, including updated unpaid amounts of principal, interest, attorneys' fees, costs, and other charges.

16. Within three (3) business days after the closing of each sale, the Debtor shall file with the Court a Notice of Property Sale setting forth: (a) the address and legal description of the Property sold; (b) the gross sales price; (c) a summary of all closing costs and disbursements; and (d) the net proceeds distributed to each Lienholder and to the Debtor-in-Possession. A copy of the final executed HUD-1 or closing disclosure shall be attached to said Notice.

17. The Debtor is hereby authorized to execute and deliver a general warranty deed or special warranty deed, as applicable, conveying the subject Property to the buyer at closing without further order of this Court, provided all conditions of this Procedures Order have been satisfied.

18. Nothing in this Order constitutes a finding by the Court as to the adequacy of any sale price or the fairness of the terms of any transaction. Such determinations are the responsibility of the Debtor and the Lienholders pursuant to their review and consent as provided herein.

19. In the event any Lienholder withholds consent to a proposed sale and the Debtor believes such withholding is unreasonable, after notice to and attempt to confer with counsel for the Lienholder(s) withholding consent, the Debtor may seek expedited relief from this Court upon not less than three (3) days' notice to all parties.

20. Nothing in this Order shall constitute a determination of the reasonableness or allowability of any attorneys' fees, costs, or other charges or other amounts asserted to be owed as part of the claim(s) of Citizens or Community Bank. The Debtor and Community Bank expressly reserve all rights to object to such amounts and to

application(s) of sales proceeds as to the same, including but not limited to those amounts incurred and/or accruing from and after the dates reflected in current payoff or claim figures set forth hereinabove.

21. This Order may be modified upon motion of any party in interest and after notice and hearing, or by written agreement of the Debtor and both Lienholders submitted to the Court for approval.

22. This Court retains exclusive jurisdiction to enforce the terms of this Order, to resolve any disputes arising hereunder, and to approve any modification hereof.

23. In addition to the Lienholder Notice described herein, the Debtor shall provide notice to the Office of the United States Trustee of each proposed sale, including copies of the executed purchase agreement and any related contracts, consistent with the notice provided to Citizens National Bank and Community Bank of Mississippi; provided, however, that the consent or approval of the United States Trustee shall not be required for the Debtor to proceed with any sale under these procedures. Upon satisfaction in full of the liens held by Citizens National Bank and Community Bank of Mississippi, any remaining proceeds from the sale of the Properties shall be deposited into the Debtor-in-Possession account, to be held subject to further order of the Court.

24. Properties Subject to the Order.

  a) 105 Northtown Drive, Jackson, MS 39211

  b) 128 N. Brighton Street, Jackson, MS 39211

  c) 2361-B River Oaks Blvd., Jackson, MS 39211

  d) 47-A Northtown Circle, Jackson, MS 39211

  e) 928 Garvin Street, Jackson, MS 39206

  f) 632 Ralde Circle, Ridgeland, MS 39157

  g) 689 West Drive, Ridgeland, MS 39157

  h) 801 Planters Point, Canton, MS 39046

  i) 832 Sussex Place, Ridgeland, MS 39157

  j) 100 Vine Lane, Brandon, MS 39047

  k) 111-A Fairfax Circle, Brandon, MS 39047

  l) 118-A Fairfax Circle, Brandon, MS 39047

  m) 118-B Fairfax Circle, Brandon, MS 39047

PD.61301409.2

n)  144 Reynolds Street, Pearl, MS 39208

o)  2069 Murray Drive, Pearl, MS 39208

p)  251 Maxine Drive, Pearl, MS 39208

q)  282 Marilyn Drive, Pearl, MS 39208

r)  4257 Old Brandon Road, Pearl, MS 39208

s)  521 Tammy Drive, Pearl, MS 39208

t)  749 Clearmont Drive, Pearl, MS 39208

u)  1046 Whitworth Street, Jackson, MS 39202

#END OF ORDER#

Prepared by:

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm, PLLC
PO Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.com

Approved by:

/s/ Jeff Rawlings_____
Attorney for The Citizens National Bank of
Meridian

/s/ Sarah Beth Wilson_____
Attorney for Community Bank


s/ Craig M. Geno_____
Subchapter V Trustee


/s/ Abigail M. Marbury_____
Assistant United States Trustee

PD.61301409.2