**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:   **Rose Rental Properties, LLC, Debtor**          **Case No. 25-03091-KMS**
                                                                                     **CHAPTER 11**

**DEBTOR'S REPONSE AND OBJECTION TO MOTION OF CITIZENS NATIONAL BANK OF MERIDIAN TO REMOVE DEBTOR IN POSSESSION PURSUANT TO 11 U.S.C. § 1185(a) AND TO DIRECT SUBCHAPTER V TRUSTEE TO OPERATE ESTATE**

COMES NOW Rose Rental Properties, LLC, Debtor and Debtor-in-Possession herein (the "Debtor"), by and through counsel, and files this Response and Objection to the Motion of Citizens National Bank of Meridian ("Citizens") to Remove Debtor in Possession Pursuant to 11 U.S.C. § 1185(a) and to Direct Subchapter V Trustee to Operate Estate (the "Motion") (Dk# 232), and in support thereof would respectfully show unto the Court as follows:

1.  The Motion should be denied because Citizens has failed to establish "cause" under 11 U.S.C. § 1185(a), and the evidence instead demonstrates an active, ongoing, good-faith liquidation effort designed to maximize creditor recovery and preserve estate equity.

2.  This case was originally filed as a restructuring case in October 2025, not as a liquidation case. Following discussions with creditors in late January 2026, the Debtor determined that an orderly liquidation strategy would maximize value for creditors and preserve substantial equity in the property portfolio. Thereafter, the Debtor retained a realtor and actively began transitioning the portfolio toward liquidation and sale.

3.  Citizens' repeated characterization that only two properties sold "in five months" is misleading because the estate was not pursuing a full liquidation strategy during much of that time period.

4.  Since the strategic shift toward liquidation, the Debtor has:

    a)  sold two properties;

b) placed additional properties under contract;

c) actively marketed the remaining properties;

d) coordinated inspections and repairs;

e) managed tenant turnover;

f) performed substantial renovations;

g) coordinated contractors and property preparation; and

h) personally funded substantial operational and renovation expenses in order to maximize recovery for creditors.

5. The Motion attempts to characterize ordinary residential real estate transaction complications as "gross mismanagement." However, the alleged failed contracts cited by Citizens involved matters commonly encountered in residential real estate transactions, including inspection contingencies, termite findings, repair negotiations, investor conduct, and buyer withdrawals.

6. Importantly, the Debtor did not ignore inspection issues or refuse repairs. To the contrary, the Debtor undertook repair efforts, coordinated contractors, and attempted to preserve transactions wherever commercially reasonable.

7. For example, with respect to 100 Vine Drive, the Debtor immediately;

a) treated termite issues;

b) repaired wood damage;

c) repaired sheetrock damage; and

d) documented repairs for disclosure purposes after the inspection concerns were identified.

8.  Similarly, regarding 128 North Brighton, the Debtor agreed to complete requested repairs and had contractors actively performing work when the buyer prematurely withdrew prior to completion of the repairs.

9.  Likewise, with respect to 105 Northtown Drive, the Debtor did not refuse repairs or reject inspection demands. Instead, buyers withdrew following inspections before the Debtor had a meaningful opportunity to complete remediation efforts.

10. These facts do not demonstrate abandonment, dishonesty, or gross mismanagement. Rather, they demonstrate the realities of liquidating a large residential portfolio involving older properties, tenant turnover, inspections, renovations, and conventional retail buyers.

11. The Debtor has also undertaken substantial renovation efforts intended to maximize estate value and creditor recovery rather than liquidate properties through distressed investor pricing or forced auction sales.

12. The Debtor has personally contributed and invested substantial post-petition funds into the estate toward:

    a)  renovations;

    b)  landscaping;

    c)  repairs;

    d)  storage;

    e)  moving expenses;

    f)  utilities;

    g)  operational support; and

    h)  liquidation-related expenses.

13. Such conduct is fundamentally inconsistent with the allegations of abandonment, incompetence, dishonesty, or gross mismanagement asserted in the Motion.

14. Citizens' insurance allegations are also materially overstated and omit important facts.

15. The Motion alleges that insurance policies were cancelled on February 23, 2026. However, replacement and updated insurance policies were obtained and transmitted to Citizens' counsel.  The properties at no time were uninsured.

16. Additionally, Citizens alleges that it received additional cancellation notices on April 21, 2026 and May 4, 2026. However, Citizens never raised those alleged notices with Debtor's counsel, never requested clarification, and never sought correction prior to filing the present Motion.

17. If Citizens genuinely believed estate properties faced catastrophic uninsured exposure, one would reasonably expect immediate communication and requests for correction rather than silence followed by litigation.

18. Importantly, Citizens has not alleged that the estate actually suffered any uninsured casualty loss, fire loss, storm loss, liability loss, or actual diminution in value resulting from the alleged temporary insurance issues.

19. At most, the evidence demonstrates administrative coordination issues occurring during a large-scale liquidation involving approximately twenty properties, substantial renovation activity, tenant turnover, and ongoing operational cash-flow constraints.

20. The Bankruptcy Code does not prohibit a debtor from maintaining outside employment while serving as a debtor in possession. The relevant issue is whether the estate is being actively administered.

21. Here, the evidence demonstrates that the estate has been actively administered through:

    a)   ongoing sales efforts;

    b)   realtor coordination;

    c)   contractor management;

    d)   renovations efforts;

    e)   tenant turnover management;

    f)   repair coordination;

    g)   contact negotiations;

    h)   inspections responses; and

    i)   continuing efforts to maximize value for creditors.

22. Citizens' proposed remedy would likely reduce overall creditor recovery by;

    a)   interrupting active renovations;

    b)   delaying projects already underway;

    c)   disrupting contractor coordination;

    d)   impairing ongoing sales activity;

    e)   forcing distressed investor pricing or auction-style liquidation; and

    f)   increased administrative expenses.

23. The Debtor respectfully submits that the current liquidation strategy is commercially reasonable and specifically designed to maximize value for the benefit of all parties in interest rather than merely accelerate Citizens' recovery timeline.

24. Removal of a Subchapter V debtor from possession is an extraordinary remedy and is not warranted under the facts presented here.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Motion be denied and that the Court grant the Debtor such other and further relief as may be just and proper.

Respectfully submitted,

By:   /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Attorney for Debtor

Of Counsel:
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

<u>CERTIFICATE OF SERVICE</u>

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Response was forwarded on May 21, 2026, to:

By USPS First Class Mail:

Citizens National Bank
P.O. Box 911
Meridian, MS 39302

By Electronic CM/ECF Notice:

Jeff Rawlings, Attorney for Creditor

Craig M. Geno, Chapter 11 Trustee

U.S. Trustee

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

  Rose Rental Properties, LLC

CASE NO: 25-03091

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 11

On 5/21/2026, I did cause a copy of the following documents, described below,

Response

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 5/21/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

Rose Rental Properties, LLC

CASE NO: 25-03091

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 11

On 5/21/2026, a copy of the following documents, described below,

Response

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 5/21/2026

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

FIRST CLASS

CITIZENS NATIONAL BANK
P.O. BOX 911
MERDIAN MS 39302