**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

|  |  |  |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **ROSE RENTAL PROPERTIES, LLC** | ) | **Case No. 25-03091** |
| | ) | |
| **Debtor** | ) | **Chapter 11 / Subchapter V** |
| | ) | |
| | ) | |

**COMMUNITY BANK OF MISSISSIPPI'S RESPONSE AND LIMITED OBJECTION TO MOTION OF CITIZENS NATIONAL BANK OF MERIDIAN TO REMOVE DEBTOR IN POSSESSION [DKT. #232]**

Community Bank of Mississippi ("Community Bank"), a secured creditor and party in interest in the above-referenced Chapter 11 Subchapter V bankruptcy case filed by Debtor Rose Rental Properties, LLC (the "Debtor"), submits this response and limited objection to the motion of Citizens National Bank of Meridian ("Citizens") to remove the Debtor as debtor-in-possession and to appoint the Subchapter V Trustee, Craig M. Geno (the "Sub V Trustee"), to operate the Debtor's bankruptcy estate (Dkt. #232, the "Motion") and states as follows:

**BACKGROUND**

1. Community Bank holds properly perfected liens upon and security interests in all of the real property of the Debtor's bankruptcy estate, specifically a first-priority lien upon and security interest in certain real property of the Debtor and a second-priority lien upon and security interest in all remaining real property of the Debtor, all rents and lease proceeds, sales proceeds, revenues, and all other assets and interests of the Debtor, as demonstrated by Community Bank's timely filed proof of claim

1

herein and all supporting documents and materials and exhibits, as referenced and incorporated fully hereinbelow.

2.      As of the petition date, Community Bank's secured claim is at least $405,680.78 plus interest, attorneys' fees, costs, and expenses, and other amounts owed and becoming owed to Community Bank pursuant to and in accordance with the terms and conditions of the loan documents and security instruments, as evidenced by and further described in the Proof of Claim and supporting documents timely filed herein by Community Bank on February 12, 2026, as Claim #6 in the Claims Register. The Community Bank Proof of Claim with all exhibits is hereby incorporated fully by reference for all purposes.

3.      All loans remain unpaid and outstanding to Community Bank. Additional interest continues to accrue and become due and owed to Community Bank as set out in the loan documents, and Community Bank has incurred and continues to incur fees, costs, and expenses (including but not limited to attorneys' fees and costs) as a result of and in connection with the uncured defaults by the Debtor under the terms of the loan documents.

4.      Multiple sales of real property subject to liens held by Community Bank and Citizens Bank of Philadelphia have been completed as of the date of filing of this Response through the realtor employed by the estate, 100% of proceeds from each of which after expenses of sale have been remitted to Citizens Bank for application to the alleged secured claims of Citizens Bank and its attorneys' fees, costs and expenses.

5. Pursuant to the terms of the agreed Sales Procedures Order (as has been defined in prior filings herein), Citizens Bank will receive all proceeds from all sales until and unless the entire amount of Citizens Bank's alleged secured claims against the Debtor plus all attorneys' fees, costs, and expenses incurred and to be incurred by Citizens Bank in connection with the loans and this bankruptcy case (both pre- and post- petition) are paid and satisfied in full.

6. Community Bank has received $0 in payments and $0 in sales proceeds, rents, leases, or other revenues on any date since filing of the bankruptcy petition and initiation of this bankruptcy case.

### RESPONSE AND LIMITED OBJECTION

7. The Motion seeks entry of an order by this Court removing the Debtor as DIP and appointing the Sub V Trustee to administer the bankruptcy estate, specifically for the purpose of proceeding with conducting an auction sale of all assets and interests of the bankruptcy estate, including all collateral securing repayment of Community Bank's secured claims against the Debtor herein.

8. Community Bank does not oppose an orderly liquidation of estate assets where the process is structured to maximize value for all stakeholders. However, Community Bank objects to the relief sought in the Motion to the extent it requests implementation of an expedited trustee-controlled liquidation process culminating in a forced auction of all of Community Bank's collateral securing repayment of its secured claims herein, which remain unpaid and outstanding in full, at a point in time which

appears premature due to the increased frequency of properties under contract and closing at or near appraised fair market values.

9. Community Bank does not oppose or object to liquidation, and did not object upon notice initially from Citizens on amenability to supporting of a motion requesting removal of the DIP. Community Bank however presently opposes auction-liquidation by the Sub V Trustee most particularly at a time when the process in place and being implemented by the Debtor as DIP is now appearing to proceed at a higher rate of frequency and for values which approximate fair market.

10. Community Bank respectfully submits that, based on the facts as they stand, the Court should not replace the ongoing market-based liquidation efforts with a compressed liquidation protocol in the form of an auction sale, which will materially increase the risk of liquidation-value outcomes for all remaining assets of the Debtor.

11. The arms-length sales to third-parties of the real property assets secured through the real estate professionals employed by the bankruptcy estate were slow to start, and not performing on a perfect record (from contract to close, without variance), however, importantly: (A) all sales of real property assets completed to date have produced sales proceeds which are at or near appraised fair market values; and (B) the frequency of sales and/or real property assets subject to contracts pending for closings on sales have increased markedly since the date of filing of the Motion by Citizens.

12. A compressed sale/auction timeline together with the terms of the Sales Procedures Order providing for Citizens' first-dollar entitlement to proceeds illustrate that the result of any grant of the Motion as filed by Citizens will accelerate a Citizens'

payoff but at the expense of Community Bank and other junior stakeholders and interested parties.

13. A court-mandated "speed liquidation" that shifts the economic downside of discounted pricing away from Citizens and onto Community Bank, the estate and junior lienholders is not justified based on the facts now present in the case before this Court. The auction process proposed by Citizens in its Motion prioritizes certainty and speed of payment to Citizens of its claims, however almost assuredly will guarantee that Community Bank's secured claims will remain unpaid and satisfied, without collateral remaining to secure their repayment.

14. The significantly revised landscape of facts before the Court at present, as opposed to the time of filing of the Motion by Citizens, in and of itself supports a determination by this Court that grant of any relief sought by Citizens at this juncture is premature and without cause at this time.

15. The Debtor's and the Debtor's professionals efforts as of late demonstrate ongoing efforts aimed at value maximization—continuing marketing, repairs, renovations, and addressing inspection issues to preserve deals, and the results are sales proceeds which may have a chance at ultimately providing for repayment of some, if not all, of both secured creditors' claims secured by the subject collateral.

16. Community Bank will suffer prejudice in the event that the relief sought in the Motion is granted at this time, most particularly where the Debtor's DIP efforts have recently evidenced increased frequency and resulted in arm's length sales of the assets for at or around fair market value. A forced auction and compressed timeline materially

increases the risk of liquidation-value outcomes, which predictably impairs junior recoveries first.

## RELIEF REQUESTED

17.     For the foregoing reasons, Community Bank respectfully requests that the Court deny the Motion without prejudice, allowing for a request by the parties of the subject relief after allowing for sufficient time for the Debtor to continue to demonstrate success in the arm's length market sales proceed, or, in the alternative, continue and reset the hearing on the Motion on a date which will allow the Debtor more time as DIP to continue to demonstrate success in completing and closing sales of the real property assets in an orderly, arm's length fashion, for amounts at or approximately the assets' appraised fair market values.

18.     Alternatively, Community Bank requests that the Court adopt a phased, value-preserving approach rather than immediate auction authorization which: (a) requires continued market exposure through the existing listing process for a defined marketing period, with enhanced oversight and reporting (including confirmation of insurance coverage status for each property, a deadline to have every one of the real property assets on the market, and live information and reporting concerning each property's and listing / contract / closing status; (b) requiring a prompt status conference or report-back mechanism before any auction authority is triggered, to permit the Court to evaluate actual progress and whether market sales are producing results consistent with value maximization; and (c) authorizing auction or other distressed-sale mechanisms only as a last resort, as to specific properties that remain unmarketable and

6

/ or unsold despite reasonable market exposure and only after the Court has had the benefit of a record demonstrating that an auction is likely to improve net outcomes rather than simply accelerate senior payoff.

19.     Community Bank further requests that any order entered preserve all lien rights, priorities, and objections with respect to proceeds, costs, and fees. Community Bank reserves all rights with respect to the validity, priority, and extent of its liens and security interests, and with respect to the allocation of proceeds and assessment of fees, costs, and charges.

20.     Community Bank further reserves all additional and other arguments in support of this response and limited objection which may be presented by supplemental response, objection, and/or at any status conference(s) and/or hearing(s) held by the Court on the Motion.

**WHEREFORE, PREMISES CONSIDERED**, Community Bank respectfully requests that the Court deny the Motion without prejudice; alternatively, reset and continue, stay, or hold in abeyance, the hearing on the Motion, allowing the DIP additional time to continue its efforts to sell the properties at arm's length on the market at or around appraised fair market values so to allow the Court to determine what, if any, relief is proper under the facts present before this Court; or, alternatively, grant only such limited, phased, value-preserving relief as determined proper by this Court as set forth above. Community Bank further requests general relief.

Dated: May 22, 2026. Respectfully submitted,

COMMUNITY BANK OF MISSISSIPPI

BY:        */s/ Sarah Beth Wilson*
Sarah Beth Wilson, MB #103650
PHELPS DUNBAR LLP
1905 Community Bank Way, Suite 200
Flowood, MS 39232
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: sarah.beth.wilson@phelps.com
*Attorney for Community Bank of Mississippi*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this date I caused the above and foregoing to be filed electronically with the Clerk of the Court using the CM / ECF system which sent notification of such filing to all counsel of record in the above-referenced action including but not limited to:

Jeff A. Rawlings
*Counsel for Citizens Bank*

Thomas C. Rollins, Jr.
*Attorney for Debtor*

Craig M. Geno
*Subchapter V Trustee*

Dated: May 22, 2026.

/s/ *Sarah Beth Wilson*
Of Counsel

8

PD.61953207.1