IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: ROSE RENTAL PROPERTIES, LLC, DEBTOR                    CASE NO. 25-03091-KMS

MOTION OF CITIZENS NATIONAL BANK OF MERIDIAN FOR
BANKRUPTCY RULE 2004 EXAMINATION OF DEBTOR

The Citizens National Bank of Meridian ("Citizens") brings this Motion for Bankruptcy Rule 2004 Examination of the Debtor Rose Rental Properties, LLC (the "Debtor") and its principal, Dr. Jerrick W. Rose, and for cause would show as follows:

1.      On December 4, 2025, Rose Rental Properties, LLC filed a voluntary petition for relief under Chapter 11, Subchapter V. Dr. Jerrick W. Rose is the sole member and manager of the Debtor and has served as Debtor-in-Possession throughout these proceedings. The estate consists primarily of twenty-one (21) residential rental properties located in Hinds, Rankin, and Madison Counties, Mississippi.

2.      Citizens is the primary secured creditor in this case. Citizens holds secured claims in excess of $1,400,000.00 secured by duly recorded Deeds of Trust and Assignments of Leases and Rents on twenty (20) of the Debtor's properties. Citizens is entitled to receive all net sale proceeds until its claim is satisfied in full.

3.      Citizens has received insufficient and incomplete information from the Debtor regarding the Debtor's acts, conduct, property, assets, liabilities, financial condition, and the administration of the estate. The following issues have arisen during these proceedings and remain unresolved:

(a)      Insurance Deficiencies. Citizens received cancellation notices on April 16, 2026, for five estate properties and has not received adequate proof of replacement coverage. The Debtor's Response to Citizens' Motion to Remove Debtor in Possession (Dkt. 239) asserts that replacement insurance was obtained and transmitted, but Citizens has received only worthless screenshots and not the declarations pages and evidence of paid premium it has requested.

(b)      Renovation Expenses and Documentation. The Debtor's Response (Dkt. 239) repeatedly references "substantial renovations," "substantial operational and renovation expenses," and substantial post-petition personal funds contributed by the Debtor toward renovations, landscaping, repairs, storage, moving, utilities, and operational support. Citizens has received no receipts, invoices, or supporting documentation for any of these claimed expenditures, which are material to Citizens' evaluation of contract prices being presented for estate properties.

(c)      Unaccounted Rental Income. At the Section 341 Meeting of Creditors, Citizens identified that approximately $100,000.00 in net rental income generated post-petition from the estate properties is unaccounted for and has not been remitted to Citizens as required under the cash collateral arrangements.

(d)      Financial Records and QuickBooks Data. The balance sheet filed by the Debtor on December 19, 2025 (Dkt. 53) contains significant errors and unexplained entries, including a purported asset of $271,000.00, an unexplained business gold card balance of $261,000.00 that the Debtor acknowledged does not

1

exist, and other irregularities. The QuickBooks database underlying these records has been requested but not produced.

(e)      Failure to Respond to Timely Requests. The Debtor's listing broker and Citizens' counsel have documented the Debtor's repeated failure to respond promptly to time-sensitive offers, contingencies, and repair requests, resulting in the loss of multiple contracts. The specific details, communications, and decision-making process surrounding these lost contracts require examination.

(f)      Rehabilitation Properties. The Debtor's Plan designates three properties — 144 Reynolds Street, 521 Tammy Drive, and 749 Clearmont Drive — as Rehabilitation Properties to be renovated with Dr. Rose's personal funds. The source, availability, and application of any personal funds for this purpose require examination.

4.      Citizens requests that the examination cover the Debtor's acts, conduct, property, assets, liabilities, financial condition, insurance maintenance, rental income collection and disbursement, renovation expenditures, sale and contract decisions, and any other matters affecting the administration of the estate, including all matters set forth in attached Exhibit "A."

5.      Citizens requests that the Debtor and Dr. Rose be required to produce the documents and information described in attached Exhibit "A" at least five (5) days prior to the examination.

6.      Citizens requests that the examination take place at the offices of Rawlings & MacInnis, P.A., 1296 Highway 51 North, Madison, Mississippi, on June 24, 2026 commencing at 1:00 p.m.

WHEREFORE, PREMISES CONSIDERED, Citizens National Bank of Meridian respectfully requests that this Court enter an order granting this Motion in its entirety; directing the Debtor, Rose Rental Properties, LLC, and its principal, Dr. Jerrick W. Rose, to appear for examination pursuant to Bankruptcy Rule 2004 at a time, date, and location to be set by this Court; requiring the Debtor and Dr. Rose to produce all documents and information described in Exhibit "A" attached hereto at least five (5) days prior to the examination; and granting Citizens such other and further relief as this Court deems just and proper under the circumstances.

DATED: June 8, 2026

**THE CITIZENS NATIONAL
BANK OF MERIDIAN**

By: /s/ Jeff Rawlings
Its Attorney

**CERTIFICATE OF SERVICE**

I served a copy of the foregoing on June 8, 2026 via the ECF notification service upon Thomas Carl Rollins, Jr., Craig M. Geno, and the Office of the U.S. Trustee.

/s/ Jeff Rawlings
Jeff Rawlings

P.O. Box 1789
Madison, MS 39130-1789
601-898-1180
jeff@rawlingsmacinnis.net
MSB # 4642

**EXHIBIT "A"**
**DOCUMENT PRODUCTION FOR BANKRUPTCY RULE 2004 EXAMINATION**
In re Rose Rental Properties, LLC, Case No. 25-03091-KMS

## I. INSURANCE DOCUMENTATION

1. All insurance policies currently in force on any estate property, including declarations pages, evidence of paid premiums, and certificates of insurance naming Citizens National Bank of Meridian as loss payee/mortgagee.
2. All communications between the Debtor, his insurer(s), and/or insurance agents regarding cancellation, reinstatement, or replacement of insurance on any estate property since October 31, 2025.
3. All invoices, receipts, and bank or credit card records evidencing payment of insurance premiums on estate properties since October 31, 2025.

## II. RENOVATION AND REPAIR DOCUMENTATION

4. All receipts, invoices, contracts, and supporting documentation for each of the "substantial renovations," "substantial operational and renovation expenses," and personal funds contributed by the Debtor or Dr. Rose post-petition toward renovations, landscaping, repairs, storage, moving, utilities, and operational support, as referenced in the Debtor's Response and Objection to Citizens' Motion to Remove Debtor in Possession (Dkt. 239).
5. With respect to the property located at 100 Vine Drive:
   (a) Proof of termite treatment, including the treatment provider's documentation, invoice, and any warranty or bond;
   (b) Itemized documentation and receipts for all wood damage and sheetrock repairs performed; and
   (c) Any disclosure documents prepared in connection with the referenced inspection concerns.
6. With respect to the property located at 128 N. Brighton Drive: all receipts, invoices, and contractor communications regarding the repairs agreed to and performed before the buyer's withdrawal.
7. With respect to the property located at 105 Northtown Drive: all receipts, invoices, and contractor communications regarding any remediation work performed following buyer inspections.
8. A complete accounting of all renovation and repair expenditures for each estate property since the petition date, including the property address, date of work, description of work, contractor name, and amount paid.
9. For each Rehabilitation Property (144 Reynolds Street, 521 Tammy Drive, and 749 Clearmont Drive):
   (d) A detailed rehabilitation budget and work plan;
   (e) All contracts with contractors retained for rehabilitation work;
   (f) Documentation of the personal funds of Dr. Rose available and committed to fund the rehabilitation; and
   (g) All receipts and invoices for any rehabilitation work completed to date.

## III. FINANCIAL RECORDS AND RENTAL INCOME

10. Complete bank statements for all bank accounts of the Debtor (including but not limited to the Regions Bank DIP account and any former Community Bank account) from October 31, 2025 to present.
11. Complete Venmo, PayPal, Zelle, Airbnb, or other payment platform records showing all deposits, withdrawals, and transfers related to estate properties from October 31, 2025 to present.
12. All rent rolls, rent registers, and rental income records for each estate property from October 31, 2025 to present, showing the tenant name, monthly rent amount, date of payment, and method of payment.
13. A complete accounting of all rental income collected from estate properties from October 31, 2025 to present and the disposition of all such funds.
14. All monthly operating reports filed or to be filed in this case, including all supporting bank statements and financial records.
15. The complete QuickBooks database, including all company files, in native format, for the Debtor's books and records maintained from January 1, 2024 to present.
16. The corrected and complete balance sheet for the Debtor as of the petition date and as of the most recent month-end, prepared by or reviewed by a qualified accountant.
17. All federal and state income tax returns, including all schedules and attachments, filed by the Debtor and/or Dr. Rose related to the Debtor's operations for tax years 2023, 2024 and 2025.
18. All records of personal funds loaned or contributed by Dr. Rose to the Debtor, including the amount, date, source of funds, and documentation of each contribution.

## IV. PROPERTY SALES AND LOST CONTRACTS

19. For each property that has been listed for sale since the petition date, a complete listing file including the listing agreement, listing price, all offers received, all accepted contracts, all rejected or expired contracts, and all correspondence with the listing broker regarding each property.

20. With respect to 128 N. Brighton Drive, Jackson — contract terminated approximately April 1-2, 2026: all offers, contracts, communications with the buyer, and communications between the Debtor and counsel or broker regarding this contract.

21. With respect to 100 Vine Drive — contract lost March 25, 2026, due to termite infestation: all offers, contracts, inspection reports, and all communications with the buyer and broker regarding this contract.

22. With respect to 105 Northtown Drive — contract failed after inspection; second buyer walked May 6, 2026: all offers, contracts, inspection reports, and all communications with both buyers and the broker.

23. With respect to 118A Fairfax Circle: all offers, contracts, and communications with the buyer and broker, and documentation of the current closing status.

24. All communications between the Debtor, Dr. Rose, Debtor's counsel, and listing broker Victoria Prowant from October 31, 2025 to present regarding the marketing, offers, contracts, and sale of any estate property.

## V. PROPERTY STATUS AND MANAGEMENT

25. A current status report for each of the twenty-one (21) estate properties, identifying: (a) current occupancy status (occupied/vacant); (b) current tenant name and lease term, if occupied; (c) current monthly rent and rent payment status; (d) current listing status and list price; (e) current contract status, if under contract; and (f) current insurance status.

26. All lease agreements, rental agreements, and related addenda for any tenant currently occupying an estate property.

27. All eviction records, notice to vacate letters, and records related to the eviction of any tenant from an estate property since October 31, 2025, including the property at 689 West Drive, Ridgeland, Mississippi.

28. All inspection reports, property condition reports, and appraisals obtained for any estate property since October 31, 2025.

## VI. PERSONAL FINANCES OF DR. JERRICK W. ROSE

29. Personal bank account statements for Dr. Jerrick W. Rose from October 31, 2025 to present, for all accounts showing deposits from or transfers related to estate properties or rental income.

30. Documentation of Dr. Rose's personal financial capacity to fund the rehabilitation of the three Rehabilitation Properties (144 Reynolds Street, 521 Tammy Drive, and 749 Clearmont Drive), including current bank, investment, and savings account statements.

31. All personal tax returns of Dr. Rose for tax years 2023, 2024, and 2025 to the extent they reflect income, expenses, or transactions related to the Debtor or the estate properties.

## DEFINITIONS AND INSTRUCTIONS

"All records" includes originals and copies of all documents, whether in hard copy or electronic format, including emails, text messages, computer files, and social media or platform communications (including Airbnb, Buildium, Venmo, and similar platforms).

"Debtor" refers to Rose Rental Properties, LLC, and its principal, Dr. Jerrick W. Rose, individually and in his capacity as sole member, manager, and Debtor-in-Possession.

Documents must be organized and labeled to correspond with the numbered requests above.

If any requested documents have been destroyed, lost, or are otherwise unavailable, provide a detailed written explanation of the circumstances, including when and why such documents became unavailable.

Electronic documents should be produced in native format when possible, with metadata preserved.

Privilege claims must be supported by a detailed privilege log identifying each document withheld and the basis for the privilege claim.