# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    Rose Rental Properties, LLC, Debtor          Case No. 25-03091-KMS
                                                                CHAPTER 11

## DEBTOR'S LIMITED OBJECTION TO MOTION OF CITIZENS NATIONAL BANK OF MERIDIAN FOR BANKRUPTCY RULE 2004 EXAMINATION OF DEBTOR AND REQUEST FOR PROTECTIVE ORDER

COMES NOW Rose Rental Properties, LLC, the Debtor and Debtor-in-Possession herein, by and through undersigned counsel, and files this Limited Objection to the Motion of Citizens National Bank of Meridian for Bankruptcy Rule 2004 Examination of Debtor [Dkt. 247] and Request for Protective Order. In support, the Debtor would respectfully show the Court as follows:

1. Citizens National Bank of Meridian ("Citizens") seeks entry of an order requiring the Debtor and its principal, Dr. Jerrick W. Rose, to appear for examination pursuant to Bankruptcy Rule 2004 and to produce the documents identified in Exhibit "A" to the Motion at least five days before the examination.

2. The Debtor does not object to a properly tailored examination concerning matters relevant to the administration of this bankruptcy estate, including insurance coverage, estate property, rental income, repairs, sale activity, and financial records of the Debtor.

3. The Debtor objects, however, to entry of the requested order as drafted because the proposed examination and document production are overbroad, unduly burdensome, seek privileged and protected communications, seek personal financial information and tax records of a non-debtor principal beyond any demonstrated need, and overlap substantially with issues already raised in the pending contested matter concerning removal of the Debtor-in-Possession.

4. Bankruptcy Rule 2004 is broad, but it is not unlimited. A Rule 2004 examination must relate to the acts, conduct, property, liabilities, financial condition, or administration of the debtor's estate. The Court retains discretion to limit or condition an examination to prevent abuse, oppression, undue burden, unnecessary expense, or use of Rule 2004 as a substitute for ordinary discovery in a pending contested matter.

5. Citizens' Motion makes clear that the requested examination is directed to the same disputes already raised in connection with Citizens' request to remove the Debtor-in-

Possession, including insurance issues, renovation expenses, rental income, QuickBooks data, property sales, alleged failure to respond to offers and repair requests, and rehabilitation properties.

6. To the extent Citizens seeks discovery for use in the pending contested matter regarding removal of the Debtor-in-Possession, that discovery should proceed under Bankruptcy Rule 9014 and the applicable discovery rules incorporated by Bankruptcy Rule 7026, including the ordinary protections of relevance, proportionality, privilege, confidentiality, and orderly scheduling.

7. The proposed production is also overbroad. Exhibit "A" contains thirty-one separate categories of documents. These requests include, among other things, complete accounting records, native QuickBooks files, all bank and electronic payment records, rent rolls, tenant records, property sale files, broker communications, repair documentation, personal bank account statements of Dr. Rose, documents concerning Dr. Rose's personal financial capacity, and tax returns.

8. Several requests seek "all communications" among the Debtor, Dr. Rose, Debtor's counsel, brokers, buyers, contractors, and others. To the extent those requests seek communications with counsel, counsel's mental impressions, legal advice, litigation strategy, settlement analysis, or documents prepared in anticipation of litigation, they seek privileged attorney-client communications and protected work product. The Debtor objects to producing any privileged or protected materials.

9. The Debtor also objects to producing personal financial records of Dr. Rose except to the extent narrowly tailored to transactions involving the Debtor, estate properties, rental income, or any specific assertion that Dr. Rose committed personal funds to rehabilitation work. Citizens has not shown a basis for wholesale production of Dr. Rose's personal bank statements, personal financial records, or tax returns.

10. Tax returns and personal financial records are highly sensitive. If any such documents are required to be produced, production should be limited, redacted as appropriate, and subject to a confidentiality order restricting use of the documents to this bankruptcy case and prohibiting disclosure to third parties except as authorized by further order of the Court.

11. The Debtor further objects to producing native accounting files, tenant records, rent records, and property-management information without appropriate confidentiality and use restrictions. These records may contain private tenant information, banking information, account numbers, personally identifying information, and commercially sensitive information.

12. The requested deadline is also unreasonable. Citizens asks that all documents be produced at least five days before the examination. Given the breadth of Exhibit "A," the need to collect records from multiple sources, review the documents for privilege and confidentiality, redact sensitive information, and prepare a privilege log if necessary, the requested deadline is not reasonable.

13. The Debtor is willing to produce nonprivileged, responsive documents reasonably related to estate administration on a rolling basis and to confer with Citizens regarding a reasonable scope, schedule, and confidentiality order.

14. The Debtor requests that the Court deny entry of Citizens' proposed Rule 2004 order as drafted and instead require the parties to confer regarding a narrowed scope of production and examination.

15. Alternatively, if the Court permits a Rule 2004 examination, the Debtor requests that the Court limit the examination and production as follows:

    a. limit production to nonprivileged documents relevant to estate administration and the issues properly before the Court;

    b. exclude attorney-client communications, attorney work product, communications with Debtor's counsel, counsel's mental impressions, and litigation strategy;

    c. limit requests for Dr. Rose's personal financial information to documents showing transfers to or from the Debtor, estate properties, rental income, or documents supporting any specific assertion that Dr. Rose committed personal funds to rehabilitation work;

    d. require that any tax returns, personal financial records, native QuickBooks files, bank records, tenant records, and similar sensitive records be produced only subject to a confidentiality order;

e. allow appropriate redaction of account numbers, Social Security numbers, tenant personal information, and other sensitive personal identifying information;

f. require production on a reasonable rolling basis rather than five days before the examination;

g. provide the Debtor sufficient time to review documents for privilege and confidentiality before production;

h. require a privilege log only for documents withheld on privilege grounds after a reasonable review period; and

i. limit the scope of questioning to nonprivileged matters relevant to the Debtor's acts, conduct, property, liabilities, financial condition, and administration of the estate.

16. The Debtor further requests that, to the extent Citizens seeks discovery in connection with the pending contested matter regarding removal of the Debtor-in-Possession, such discovery proceed under Bankruptcy Rule 9014 and Bankruptcy Rule 7026 rather than through an unrestricted Rule 2004 examination.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court deny the Motion as drafted; defer entry of any order authorizing a Rule 2004 examination pending hearing; require Citizens to proceed, where applicable, under Bankruptcy Rules 9014 and 7026; enter an appropriate protective order; limit the scope of any examination and document production as set forth above; and grant the Debtor such other and further relief as is just and proper.

Respectfully submitted,

By:     /s/ Thomas C. Rollins, Jr.

Thomas C. Rollins, Jr. (MSBN 103469)
Attorney for Debtor

Of Counsel:
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Objection was forwarded on June 9, 2026 to:

By USPS First Class Mail:

Citizens National Bank
P.O. Box 911
Meridian, MS 39302

By Electronic CM/ECF Notice:

Jeff Rawlings, Attorney for Creditor

Craig M. Geno, Chapter 11 Trustee

U.S. Trustee


/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.