United States Bankruptcy Court

Southern District of Mississippi

In re: 

Rose Rental Properties, LLC

     Debtor

Case No. 25-03091-KMS

Chapter 11

# CERTIFICATE OF NOTICE

| District/off: 0538-3 | User: mssbad | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jun 29, 2026 | Form ID: pdf012 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 01, 2026:**

**Recip ID          Recipient Name and Address**
dbpos         + Rose Rental Properties, LLC, P.O. Box #826, Madison, MS 39130-0826

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 01, 2026         Signature:     /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 29, 2026 at the address(es) listed below:**

**Name          Email Address**

Abigail M. Marbury
    on behalf of U.S. Trustee United States Trustee abigail.m.marbury@usdoj.gov

Craig M. Geno
    cmgeno@cmgenolaw.com  kcarter@cmgenolaw.com,cmgeno@ecf.courtdrive.com

Craig M. Geno
    on behalf of Trustee Craig M. Geno cmgeno@cmgenolaw.com  kcarter@cmgenolaw.com,cmgeno@ecf.courtdrive.com

Jeff D. Rawlings
    on behalf of Creditor Citizens National Bank Notices@rawlingsmacinnis.net  Judy@rawlingsmacinnis.net

Jeff D. Rawlings
    on behalf of Creditor The Citizens National Bank of Meridian Notices@rawlingsmacinnis.net  Judy@rawlingsmacinnis.net

Sarah Beth Wilson
    on behalf of Creditor Community Bank sarah.beth.wilson@phelps.com
    1069885420@filings.docketbird.com;page.bridges@phelps.com;Danielle.Mashburn-Myrick@phelps.com,1069885420@filings.d

District/off: 0538-3                  User: mssbad                          Page 2 of 2
Date Rcvd: Jun 29, 2026               Form ID: pdf012                       Total Noticed: 1

ocketbird.com

Thomas Carl Rollins, Jr

on behalf of Debtor In Possession Rose Rental Properties  LLC trollins@therollinsfirm.com,
jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;brea
nne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

United States Trustee

USTPRegion05.JA.ECF@usdoj.gov

TOTAL: 8



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: June 29, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: ROSE RENTAL PROPERTIES, LLC, DEBTOR          CASE NO. 25-03091-KMS**

**AGREED ORDER RESOLVING MOTION OF CITIZENS NATIONAL BANK OF**
**MERIDIAN FOR BANKRUPTCY RULE 2004 EXAMINATION OF DEBTOR**
**(DKT. 247) AND DEBTOR'S LIMITED OBJECTION THERETO (DKT. 248)**

This matter came before the Court on the Motion for Bankruptcy Rule 2004 Examination of Debtor [Dkt. 247] (the "Motion"), filed by Citizens National Bank of Meridian ("Citizens"), and the Debtor's Limited Objection to the Motion [Dkt. 248] (the "Objection"), filed by Rose Rental Properties, LLC, Debtor and Debtor-in-Possession (the "Debtor"). The Court, having considered the Motion, the Objection, and the agreement of the parties as set forth herein, finds that the examination and document production authorized herein relate to the Debtor's acts, conduct, property, assets, liabilities, financial condition, and administration of the estate within the scope of Bankruptcy Rule 2004, and that good cause exists for granting the relief requested.

IT IS THEREFORE ORDERED AS FOLLOWS:

1.      The Motion is granted to the extent set forth herein. The Debtor's Objection is resolved as set forth herein.

2.      The Debtor, Rose Rental Properties, LLC, and its sole member, manager, and Debtor-in-Possession, Dr. Jerrick W. Rose (collectively, the "Examination Subjects"), shall appear for examination pursuant to Bankruptcy Rule 2004. The examination shall take place at the offices of Rawlings & MacInnis, P.A., 1296 Highway 51 North, Madison, Mississippi 39110,

1

on June 26, 2026, commencing at 3:00 p.m., or at such other time and date as the parties may agree.

3.    The scope of the examination shall be limited to nonprivileged matters reasonably related to the Debtor's acts, conduct, property, assets, liabilities, financial condition, insurance maintenance, rental income collection and disbursement, renovation and rehabilitation expenditures, property sale and contract decisions, and administration of the estate.

4.    Nothing in this Order shall require production of attorney-client privileged communications, attorney work product, communications reflecting legal advice, communications reflecting litigation strategy or settlement analysis, or counsel's mental impressions, conclusions, opinions, or legal theories. However, communications in which counsel acted in a business or transactional capacity, or communications that would not otherwise qualify for attorney-client protection, are not excluded from production solely because counsel was copied on the communication.

5.    The Examination Subjects shall produce nonprivileged documents responsive to Exhibit "A" to the Motion [Dkt. 247-1], but only to the extent such documents are reasonably related to estate property, estate administration, insurance, rental income, repairs, renovations, rehabilitation work, sale or contract activity, secured creditor collateral, or transactions involving the Debtor or estate properties. The Examination Subjects are not required to produce documents responsive to Exhibit "A" that are unrelated to the Debtor, estate property, estate administration, rental income, rehabilitation work, or transactions involving the Debtor or estate properties.

6.    The deadline for completion of production shall be June 25, 2026, unless otherwise agreed by the parties in writing or extended by further order of the Court.

7.    Communications shall be produced after a reasonable search of accounts, devices, and platforms reasonably likely to contain responsive communications.

8.    The parties shall confer in good faith regarding any request for native-format electronic files. The Debtor shall initially produce QuickBooks reports or exports sufficient to show income, expenses, balance sheet information, rent receipts, disbursements, accounts, ledgers, and transactions for the relevant period. Citizens reserves the right to request native QuickBooks data if the reports or exports are insufficient. If native QuickBooks data is produced, such production shall be subject to the confidentiality and use restrictions set forth in this Order.

9.      The Debtor's Plan of Reorganization expressly designates three properties — 144 Reynolds Street, 521 Tammy Drive, and 749 Clearmont Drive — as Rehabilitation Properties to be renovated using Dr. Rose's personal funds, and Dr. Rose has committed personal funds to estate operations in sworn representations made to this Court and to Citizens throughout these proceedings. Accordingly, Dr. Rose's personal financial information is within the proper scope of this examination.

10.     With respect to Dr. Rose's personal financial information, production shall be limited to documents sufficient to show:

(a)      transfers of funds from Dr. Rose to the Debtor or to any third party for the benefit of the

Debtor or estate properties;

(b)      transfers of funds from the Debtor or estate properties to Dr. Rose;

(c)      rental income or estate property income deposited into any personal account of Dr. Rose;

(d)      funds actually used or committed by Dr. Rose for repairs, renovations, rehabilitation work, insurance, taxes, mortgage payments, utilities, or other expenses of estate properties; and

(e)      documents sufficient to show the source and availability of any personal funds Dr. Rose contends are committed to rehabilitation of 144 Reynolds Street, 521 Tammy Drive, and 749 Clearmont Drive.

11.     Dr. Rose shall not be required to produce complete personal bank statements, investment account statements, savings account statements, or tax returns except to the extent necessary to show the information described in paragraph 10. Counsel for Dr. Rose may redact transactions, balances, account numbers, account holdings, income sources, expenses, and other personal financial information that do not relate to the Debtor, estate properties, rental income, or funds actually used or committed for estate property expenses or rehabilitation work.

12.     To the extent personal tax return information is responsive, Dr. Rose shall produce only those schedules, forms, or excerpts that reflect income, expenses, deductions, transactions, or other entries relating to the Debtor, estate properties, rental income, or funds used or committed for estate property expenses or rehabilitation work. Counsel for Dr. Rose may redact personal tax return information unrelated to the Debtor or estate operations. Complete

3

personal tax returns shall not be required absent further agreement of the parties or further order of the Court.

13.     Bank statements for Debtor accounts shall be produced for the relevant period, but account numbers and other sensitive identifying information may be redacted. Amounts, dates, payees, deposits, withdrawals, and transaction descriptions shall not be redacted to the extent they relate to Debtor accounts or estate property transactions.

14.     Venmo, PayPal, Zelle, Airbnb, Buildium, and other payment platform records shall be produced only to the extent they show deposits, withdrawals, transfers, charges, or payments related to the Debtor, estate properties, rental income, tenants, repairs, renovations, rehabilitation work, or estate property expenses. Personal transactions unrelated to the Debtor or estate properties may be redacted.

15.     Rent rolls, rent registers, tenant ledgers, lease information, and rental income records shall be produced to the extent they relate to estate properties. Tenant Social Security numbers, driver's license numbers, bank account numbers, dates of birth, and other sensitive personally identifying information may be redacted. Tenant names, rent amounts, payment dates, payment methods, lease terms, payment history, and occupancy status shall not be redacted except by further agreement of the parties or further order of the Court.

16.     Property sale files and broker communications shall be produced to the extent they concern listing agreements, listing prices, offers, counteroffers, contracts, rejected contracts, expired contracts, inspections, appraisals, repair requests, closing issues, termination of contracts, and sale decisions concerning estate properties. Attorney-client privileged communications and attorney work product are excluded from production.

17.     The production of any document pursuant to this Order shall not constitute a waiver of attorney-client privilege, work product protection, or any other applicable privilege or protection. If privileged or protected material is inadvertently produced, the producing party may notify the receiving party, and the receiving party shall promptly return, sequester, or destroy the material and shall not use or disclose the material pending resolution of the privilege claim.

18.     If the Examination Subjects withhold responsive documents on the basis of attorney-client privilege or work product protection, they shall provide a privilege log identifying the withheld documents by date, author, recipients, general subject matter sufficient to assess the claim of privilege, and the basis for withholding. The privilege log shall be served

4

simultaneously with the production deadline set forth in paragraph 7, unless otherwise agreed by the parties in writing.

19.     Confidential documents produced pursuant to this Order, including personal financial records, native accounting files, tenant records, bank records, tax information, payment platform records, and other nonpublic financial information, shall be used solely in connection with this bankruptcy case, including contested matters and adversary proceedings in this bankruptcy case, and shall not be used for any other purpose or disclosed to third parties except as provided herein or by further order of this Court.

20.     Confidential documents may be disclosed only to Citizens, Citizens' counsel, Citizens' counsel's staff, retained experts or consultants, the Court, the United States Trustee, the Subchapter V Trustee, and any other person agreed to in writing by the Debtor or authorized by further order of this Court. Any expert or consultant receiving confidential documents shall be informed of the restrictions in this Order and shall use such documents only for purposes of this bankruptcy case.

21.     Nothing in this Order shall prevent Citizens from filing or using produced documents in this bankruptcy case, provided that any document containing confidential personal financial information, tenant personally identifying information, bank account information, tax information, or other sensitive nonpublic information shall be filed under seal, redacted, or otherwise protected as required by applicable law, the Federal Rules of Bankruptcy Procedure, or further order of this Court.

22.     This Order resolves the Motion and the Objection only as to the limited Rule 2004 examination and document production authorized herein. To the extent Citizens seeks additional discovery for use in connection with the pending contested matter regarding removal of the Debtor-in-Possession, such discovery shall proceed under Bankruptcy Rule 9014 and the applicable discovery rules incorporated therein, including Bankruptcy Rule 7026. Discovery in any contested matter shall be subject to the ordinary rules governing relevance, proportionality, privilege, confidentiality, burden, and duplication.

23.     Citizens shall not use this Rule 2004 examination or the document production authorized herein to obtain duplicative discovery that should properly proceed under Bankruptcy Rules 9014 and 7026 in any pending contested matter. Nothing herein waives the Debtor's right

5

to object to duplicate, disproportionate, privileged, confidential, or otherwise improper discovery requests in any contested matter.

24.     If any responsive document is no longer available, the Examination Subjects shall provide a written explanation identifying the category of document, the reason the document is unavailable, and whether the document may be available from another source to the extent known. This explanation shall be provided no later than the production deadline set forth in paragraph 7. This paragraph does not require a forensic investigation or creation of a document inventory beyond a reasonable search.

25.     The parties shall confer in good faith regarding any disputes concerning scope, privilege, redactions, confidentiality, format of production, timing, or compliance before seeking relief from the Court.

26.     Nothing in this Order constitutes an admission by the Debtor or Dr. Rose concerning the relevance, admissibility, accuracy, or completeness of any document, testimony, statement, or information produced pursuant to this Order.

27.     The Court retains jurisdiction to enforce, interpret, modify, or supplement this Order.


                            ##END OF ORDER##

Approved:

/s/ Jeff Rawlings
Attorney for The Citizens
National Bank of Meridian

/s/ Thomas C. Rollins, Jr.
Attorney for Debtor

Submitted by:
Jeff Rawlings
Rawlings & MacInnis, P.A.
P.O. Box 1789
Madison, MS 39130-1789
601-898-1180
jeff@rawlingsmacinnis.net
MSB # 4642

6