**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: ROSE RENTAL PROPERTIES, LLC** **NO. 25-03091-KMS**

**MOTION TO COMPEL COMPLIANCE WITH RULE 2004 ORDER**

The Citizens National Bank of Meridian ("Citizens") brings this motion to compel the Debtor and its sole member, Dr. Jerrick W. Rose, to comply with this Court's Agreed Order on Citizens' Motion for Bankruptcy Rule 2004 Examination (Dkt. 254) (the "2004 Order") and for cause would show as follows:

1. On June 29, 2026, this Court entered the 2004 Order, which required the Debtor and Dr. Rose to produce the documents described in Exhibit "A" to Citizens' motion (Dkt. 247-1) by June 25, 2026, and to appear for examination at the offices of Rawlings & MacInnis, P.A. By agreement, the examination was reset to July 16, 2026. It did not go forward and has not been rescheduled.

2. The only production, made July 1, 2026, consisted of insurance records, a rent roll the Debtor concedes is unreliable, and a single Airbnb earnings report. No bank statements, QuickBooks data, payment-platform records, renovation records, accounting of rents, tax information, sale or listing files, leases, or documentation of Dr. Rose's personal funds for the Rehabilitation Properties have been produced, and no privilege log or written explanation of missing documents has been served as required by paragraphs 18 and 24 of the 2004 Order.

3. Citizens sent a deficiency notice to counsel for Debtor on September 24, 2026, a copy of which is attached as Exhibit "A," demanding production by October 1, 2026, and wrote again on October 20, 2026. Nothing further has been produced and no examination date has been offered. Citizens has conferred in good faith as required by paragraph 25 of the 2004 Order.

4. Citizens requests that this Court, under 11 U.S.C. § 105(a), Bankruptcy Rule 2004, and paragraph 27 of the 2004 Order, order the Debtor and Dr. Rose to (a) produce all documents required by the 2004 Order, including the Debtor's native QuickBooks file, together

with the privilege log and written explanation required by paragraphs 18 and 24, within fourteen (14) days; and (b) appear for examination on a date noticed by Citizens no earlier than seven (7) days after production; and should they fail to do so, that sanctions be imposed and relief under 11 U.S.C. §§ 1112(b) and 1185(a) be considered. Citizens further requests its attorney's fees and expenses incurred in bringing this motion.

WHEREFORE, PREMISES CONSIDERED, The Citizens National Bank of Meridian requests that this Court grant the requested relief and such other relief as is necessary under the circumstances.

DATED: October 23, 2026

**THE CITIZENS NATIONAL BANK OF MERIDIAN**

By: /s/ Jeff Rawlings
Its Attorney

**CERTIFICATE OF SERVICE**

I served a copy of the foregoing on October 23, 2026 via the ECF notification service upon Thomas C. Rollins, Jr., Craig M. Geno, Subchapter V Trustee, Sarah Beth Wilson and the Office of the U. S. Trustee.

/s/ Jeff Rawlings
Jeff Rawlings

Jeff Rawlings
Rawlings & MacInnis, P.A.
P.O. Box 1789
Madison, MS 39130-1789
601-898-1180
jeff@rawlingsmacinnis.net
MSB # 4642

# Exhibit A

**From:** **Jeff Rawlings** jeff@rawlingsmacinnis.net
**Subject:** Rose Rental Properties — Deficient Rule 2004 Production / Demand for Compliance (Case No. 25-03091-KMS)
**Date:** September 24, 2026 at 4:54 PM
**To:** T.C. Rollins Jr. tc@therollinsfirm.com
**Bcc:** Thomas Harvey Thomas.Harvey@yourcnb.com, Chip Hines Chip.Hines@yourcnb.com

JR

TC, I've reviewed the document production made in response to the Agreed Order Resolving Motion of Citizens National Bank of Meridian for Bankruptcy Rule 2004 Examination of Debtor (Dkt. 254). The production is materially incomplete and does not satisfy the Debtor's obligations under paragraphs 5 and 9-18 of that Order.

What was produced addresses insurance only (declarations pages, evidence-of-insurance certificates, and a single premium receipt), plus a partial and admittedly unreliable rent roll and one Airbnb earnings report covering only a fraction of the estate properties.

The following remain entirely unaddressed:

- Complete Debtor bank statements (Order paragraph 13)
- Venmo, PayPal, Zelle, and Buildium records showing estate transactions (Order paragraph 14; Exhibit A item 11)
- Any renovation, repair, or rehabilitation documentation for any property, including the three designated Rehabilitation Properties at 144 Reynolds Street, 521 Tammy Drive, and 749 Clearmont Drive (Order paragraph 9; Exhibit A items 4-9)
- A complete accounting of rental income collected and its disposition (Exhibit A item 13)
- QuickBooks reports/exports and the corrected balance sheet (Order paragraph 8; Exhibit A items 15-16)
- Debtor and Dr. Rose tax return information (Order paragraph 12)
- Dr. Rose's personal financial documentation showing funds available or committed to rehabilitation, notwithstanding paragraphs 9-11 of the Order specifically placing this within scope
- Property sale files, listing files, and broker communications for any property (Exhibit A items 19-24)
- Lease agreements and eviction records, including for 689 West Drive (Exhibit A items 26-27)
- Inspection reports and appraisals (Exhibit A item 28)

The production deadline under paragraph 6 of the Order was June 25, 2026. We are now three months past that deadline, with no written explanation under paragraph 24 for the missing categories and no privilege log under paragraph 18.

Please supplement the production in full by close of business Thursday, October 1, 2026. If we do not have a complete supplemental production by that date, Citizens will move to compel and for appropriate relief under paragraph 27 of the Order.

*Jeff Rawlings*
RAWLINGS & MACINNIS, P.A.
P.O. Box 1789, Madison, MS 39130-1789 (mail)
1296 Hwy 51 N., Madison, MS 39110 (overnight/physical deliveries)

Tel (601) 898-1180 ext. 101 I Fax (601) 605-8522
jeff@rawlingsmacinnis.net I rawlingsmacinnis.net

CONFIDENTIALITY NOTICE: This message and any attachments are sent by Rawlings & MacInnis, P.A. and may contain confidential information protected by the attorney-client privilege or the work-product doctrine. If you are not the intended recipient, any disclosure, copying, distribution, or use of this message or any attachment is strictly prohibited. If received in error, please notify the sender by reply email and permanently delete all copies. Inadvertent transmission does not waive any applicable privilege or protection. This communication may be an attempt to collect a debt, and any information obtained may be used for that purpose.